Hon. Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GAVEN PICCIANO,

                Plaintiffs,

vs.

CLARK COUNTY, et al..,

                Defendants.

NO. 3:20-cv-06106-RAJ

**STIPULATED PROTECTIVE ORDER**

## I.    PURPOSES AND LIMITATIONS

The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order regarding certain produced records. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II.    "CONFIDENTIAL" MATERIAL

"Confidential" material may include the following documents and tangible things produced or otherwise exchanged:

1) Medical and/or health records;

**STIPULATED PROTECTIVE ORDER – 1**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

2) Records of incarceration;

3) Criminal records.

### III.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### IV.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**1.   Basic Principles.**

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions descried in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**2.   Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   The receiving party's counsel of record in this action, as well as employees of counsel and independent contractors to whom it is reasonably necessary to disclose the information for this litigation;

**STIPULATED PROTECTIVE ORDER – 2**

Cause No.:  3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

(b) Experts and consultants to whom disclosure is reasonably necessary for this litigation;

(c) The court, court personnel, and court reporters and their staff;

(d) Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e) During their depositions, witnesses in the action to whom disclosure is reasonably necessary unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**3. Filing Confidential Material.**

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**V.    DESIGNATING PROTECTED MATERIAL**

**STIPULATED PROTECTIVE ORDER – 3**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1. **Exercise of Restraint and Care in Designating Material for Protection.**

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under this Stipulated Protective Order and relevant legal standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

2. **Manner and Timing of Designations.**

Except as otherwise provided in this agreement (*see e.g.* second paragraph of section V.2.A below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

   A.   *Information in Documentary Form.*

**STIPULATED PROTECTIVE ORDER – 4**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material, including, but not limited to, paper and electronic documents and deposition exhibits (but excluding transcripts of depositions or other pretrial or trial proceedings). If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

B.  *Testimony Given in Deposition or in Other Pretrial or Trial Proceedings.*

Confidential information shall be redacted in any court filings unless advance permission is sought to file an unredacted version.

C.  *Other Tangible Items.*

The producing party must affix a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**3.  Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

**1.  Timing of Challenges.**

**STIPULATED PROTECTIVE ORDER – 5**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**2.     Meet and Confer.**

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**3.     Judicial Intervention.**

If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain in question as confidential for two weeks following the applicable meet and confer, or if the designating party files a motion within two weeks of the meet and confer, then until the court rules on the challenge.

**STIPULATED PROTECTIVE ORDER – 6**

Cause No.:  3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

## VII. INADVERTENT DISCLOSURE OF PROTECTED INFORMATION

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately:

(a) Notify in writing the designating party of the unauthorized disclosures;

(b) Use its best efforts to retrieve all unauthorized copies of the protected material; and

(c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. Proc. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## X. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof or destroy them. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents exchanged in discovery, filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert

**STIPULATED PROTECTIVE ORDER – 7**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

The confidentiality or non-confidentiality of a document has no impact whatsoever on any asserted privilege, relevance or admissibility of the document.

IT IS SO STIPULATED THIS 16TH DAY OF MARCH, 2021.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC

By:   s/ *Ketia B. Wick*
    Ketia B. Wick, WSBA No. 27219
    Attorneys for Defendants
    NaphCare Inc.

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.


By:   s/ *John E. Justice*
    John E. Justice, WSBA #23042
    Attorney for Defendant Clark County


STEIN AND VARGAS, LLP


By:  s/ *Mary C. Vargas*
    Mary C. Vargas, *pro hac vice*
    Attorney for Plaintiff

By:  s/ *Conrad Reynoldson*
    Conrad Reynoldson, WSBA # 48187
    Attorneys for Plaintiff

**STIPULATED PROTECTIVE ORDER – 8**

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

# ORDER

Pursuant to the above stipulation of the parties, the Court finds good cause to enter a PROTECTIVE ORDER consistent with the terms stipulated and agreed to above.

IT IS SO ORDERED.

DATED: _____

_____
Hon. Richard A. Jones
United States District Judge

*Presented by*:

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.

By: *s/ John E. Justice*
    John E. Justice, WSBA #23042
    Attorney for Defendant Clark County

STIPULATED PROTECTIVE ORDER – 9

Cause No.: 3:20-cv-06106-RAJ

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511