IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT WASHINGTON
AT SEATTLE

GAVEN PICCIANO,

Plaintiff,

vs.

CLARK COUNTY, CLARK COUNTY
JAIL,WELLPATH, LLC, and NAPHCARE,
INC.

Defendants.

NO. 3:20-cv-06106-RAJ

**FIRSTAMENDED
COMPLAINT FOR
DECLARATORY RELIEF
AND DAMAGES**

**JURY DEMAND**

INTRODUCTION

In the winter of 2020, Plaintiff Gaven Picciano was in a long-term relationship that

suddenly ended. He was devastated by the breakup. The woman he had been dating called police

when he exhibited suicidal ideation on January 30, 2020. Police in turn arrested Mr. Picciano and

as a result, he was held in Clark County Jail. This Complaint does not relate to Mr. Picciano's

arrest. This Complaint relates to the shocking conditions of Mr. Picciano's detention at Clark

County Jail from January 30, 2020, until February 20, 2020. Mr. Picciano has Celiac Disease and

requires strictly gluten-free food. Mr. Picciano was held by Defendants for 22 days without food

that he could safely eat. This discriminatory treatment and failure to provide a reasonable dietary

accommodation resulted in illness, loss of consciousness, hospitalization, the loss of a significant

percentage of his body weight, and short and long- term damage and injury.  Clark County, Clark

County Jail, Wellpath, and NaphCare, Inc. (collectively "Defendants") discriminated against Mr.

Picciano on the basis of disability in violation of Title II of the Americans with Disabilities Act

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 1 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

("ADA"), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and the Washington Law Against Discrimination ("WLAD)", RCW § 49.60.010 *et seq.*  The cruel conditions in which Mr. Picciano was held also violated the Fourteenth Amendment and Mr. Picciano asserts a claim pursuant to 42 U.S.C. § 1983. Mr. Picciano also alleges state law claims based on tort and breach of warranty with respect to the food he was promised was safe for him but was not.  Mr. Picciano seeks declaratory relief, damages, and attorneys' fees and costs.

PARTIES

1.   Plaintiff Gaven Picciano now resides in Michigan. However, at the time of the relevant events, Mr. Picciano was living in Vancouver, Washington.

2.   Defendant Clark County is a political subdivision of the State of Washington and runs the Clark County Jail. Upon information and belief, Clark County is a recipient of federal financial assistance including but not limited to approximately $26,857,500 from the United States Department of the Treasury.

3.   Defendant Clark County Jail is an intake facility that houses pre-trial and locally sentenced individuals arrested in Clark County. Upon information and belief, Clark County Jail is a recipient of federal financial assistance because, *inter alia*, a portion of the $26,857,500 of federal funds allocated to Clark County are being or have been directed to Clark County Jail.

4.   Defendant Wellpath is a company headquartered in Tennessee that provides medical care in correctional facilities throughout the United States. Upon information and belief, Wellpath was under contract to provide medical services at the Clark County Jail through the end of January 31, 2020. Upon information and belief Wellpath is a recipient of substantial federal financial assistance.

5.   Defendant NaphCare, Inc. is a company headquartered in Birmingham, Alabama, that

Complaint for Declaratory and Injunctive Relief and Damages

**Page 2 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

provides medical care in correctional facilities throughout the United States, including at Clark County Jail. Defendant NaphCare, Inc. prides itself on providing "cost-effective" services to the prison industry. NaphCare, Inc. has been repeatedly sued for discrimination and injuries. One of the most appalling of these lawsuits was in the Eastern District of Virginia. Chief Judge Rebecca Beach Smith described the death of a young man who was denied medical care for his disability by NaphCare, Inc. and died among his own feces and urine.  Chief Judge Beach Smith described the case as "heartbreaking and shocking, ""needless," lacking in "human decency," and among "the most appalling and inhumane" conditions the Chief Judge had heard in her 30 years on the bench.  *Adams v. NaphCare, Inc.*, Civil A. No. 2:16-cv-229, 2019 U.S. Dist. LEXIS 45534 (E.D. Va. Mar. 19, 2019) (man arrested for stealing $5.05 worth of food from a 7-Eleven wasted away from 180 pounds to 140 pounds over a period of four months while his deteriorating mental and physical condition was "basically ignored" until he "died amid his own feces and bodily fluids . . . from 'wasting syndrome'"). Upon information and belief, NaphCare, Inc. contracts with Clark County and Clark County Jail to provide medical services in Clark County Jail.  NaphCare, Inc. has received at least $155.1 million dollars in federal financial assistance.

6.  Defendants were responsible for Mr. Picciano's well-being while he was detained from January 30, 2020 through February 20, 2020.

## II. JURISDICTION AND VENUE

7.  This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

8.  This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

Complaint for Declaratory and Injunctive Relief and Damages

**Page 3 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

courts jurisdiction over actions to secure civil rights under Acts of Congress.

9.   This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

10.   Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the incidents that gave rise to Plaintiff's Complaint occurred in this district and Defendants reside within this district.

### III. FACTUAL ALLEGATIONS

11.   Gaven Picciano is a 26-year-old Native American male who lives on a reservation in Michigan.

12. Mr. Picciano has Celiac Disease. As a result, he must eat a strictly gluten-free diet, or he becomes extremely ill with both short- and long-term health consequences.

13. Celiac Disease is an auto-immune disease that affects approximately 1% of the population. Celiac Disease has no cure. The only treatment is strict avoidance of gluten.

14. Gluten is the name of a protein contained in wheat, barley, rye, and triticale.

15. When a person with Celiac Disease ingests food containing even trace amounts of gluten, they can experience not only short-term symptoms such as vomiting, nausea, diarrhea, neuropathic pain, and stomach pain, but also long-lasting bodily damage, significantly increasing their risk of developing cancer and other life-threatening diseases.

16. When Mr. Picciano ingests gluten, he experiences vomiting, diarrhea, stomach pain, and other substantially limiting symptoms.

17. On January 30, 2020, Mr. Picciano was arrested and transported to Clark County Jail. This is the only time Mr. Picciano has ever been arrested.

18. At the time he was booked into Clark County Jail on January 30, 2020 and repeatedly

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 4 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

thereafter, Mr. Picciano notified Defendants that he has Celiac Disease and requires a strictly gluten free diet.

19. Initially, Mr. Picciano was told he was not going to be held long enough to request or receive a gluten-free diet.

20.   Within 24 hours, it became clear this was not true and Mr. Picciano renewed his request for a gluten-free diet. He promptly signed a records release for Defendants to obtain his medical records to confirm his diagnosis with Celiac Disease.

21. Over the next 22 days, Defendants failed to provide Mr. Picciano with adequate food that was safe for him to eat.

22. For the first nine days of his detention, Mr. Picciano had virtually no access to food at all.

23. For days at a time, he had virtually nothing to eat while Defendants refused his repeated requests for help. Again and again, he requested food that was safe for him to eat and again and again, his requests were ignored, discarded, or brushed off.

24. Mr. Picciano filed grievances with "medical" seeking a medical diet of gluten-free food. "Medical" directed him to "food services". He filed grievances with "food services" and they in turn redirected him back to "medical".

25. Mr. Picciano asked guards for food and was told to trade with other detainees if he wanted to eat.

26. Between his booking and his release on February 20, 2020, Mr. Picciano, his family, and his counsel all begged Defendants through a series of filed grievances, written correspondence, court proceedings, and even a plea to the Washington Attorney General to provide him with safe food options.

**Page 5 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

27. For example, on or about February 2, 2020, Mr. Picciano filed a grievance seeking a gluten-free diet.

28. No later than February 3, 2020, Mr. Picciano had signed a release to allow Defendants access to his medical records.

29. On or about February 4, 2020, Mr. Picciano filed a medical kite/grievance seeking a gluten-free diet.

30. On or about February 5, 2020, Defendants responded to Mr. Picciano's February 2, 2020 grievance by instructing him to contact "Medical". No action was taken to help Mr. Picciano in response to the February 2, 2020 grievance.

31. On or about February 5, 2020, Mr. Picciano again filed a grievance stating that he had had no food and needed a gluten-free diet due to Celiac Disease.

32. By February 6, 2020, Defendants had received Mr. Picciano's medical records but still they did not provide a gluten-free diet.

33. On or about February 6, 2020, Mr. Picciano escalated his February 2, 2020, grievance to a "level 2 grievance" stating that he had been to "Medical" multiple times seeking safe food and had not received assistance.

34. On or about February 7, 2020, Mr. Picciano went to sick call saying he had not received any food safe for his Celiac Disease.

35. On or about February 10, 2020, Defendants responded to Mr. Picciano's February 6, 2020 Level Two Grievance saying simple "n/a."

36. On or about February 10, 2020, Defendants responded to Mr. Picciano's February 5, 2020 grievance saying "diet ordered."

37. Having not had meals for approximately 10 days, Mr. Picciano went "code blue."

Complaint for Declaratory and Injunctive Relief and Damages

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Defendants administered NARCAN even though Mr. Picciano had not taken drugs or overdosed. He had collapsed from not having food.

38. Emergency personnel responded and Mr. Picciano was documented as not responsive to painful stimuli and was transported to the hospital.

39. By the time Mr. Picciano reached the hospital, he had not eaten a safe meal in ten days. He was diagnosed with orthostatic hypotension, dehydration, electrolyte imbalance and arrhythmia. He was released back into the custody of the County with instructions from the hospital to provide him a gluten free diet. Still, the County failed to do so.

40. On or about February 11, 2020, Mr. Picciano still had not received gluten-free meals. He filed another grievance and went to sick call having become sick from eating cross-contaminated food.

41. On or about February 14, 2020, Mr. Picciano filed another grievance requesting gluten free food.

42. On or about February 14, 2020, Defendants responded to Mr. Picciano's February 11, 2020 grievance stating "your diet was revised to GF" but Mr. Picciano was still not receiving gluten free meals.

43. On or about February 15, 2020, Mr. Picciano filed another grievance stating that he was not receiving gluten-free meals. Defendants did not bother to respond to this grievance until after Mr. Picciano was released.

44. On or about February 17, 2020, Defendants responded to Mr. Picciano's February 14, 2020 grievance stating that they had no medical records documenting his Celiac Disease. This was unequivocally false.

45. On or about February 18, 2020, Mr. Picciano filed a response to Defendants'

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 7 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

February 17, 2020 claim that they did not have medical records. Mr. Picciano informed Defendants that he had already signed a medical release.

46. On or about February 18, 2020, Defendants finally admitted they had medical records and falsely claimed they had ordered a gluten-free diet the week prior

47. On or about February 18, 2020, Mr. Picciano filed a grievance alerting Defendants that the food he had been given as gluten-free was in fact not gluten-free.

48.   Mr. Picciano suffered extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.

49. In fact, it is Defendants' policy that individuals with food allergies and Celiac Disease are not to receive medically necessary diets until medical records are received. This policy is on its face life threatening, dangerous, and discriminatory to individuals with disabilities that require medically necessary food all the time – not just when the Defendants feel like providing such medically necessary food.

50. Defendants eventually approved Mr. Picciano for gluten-free food. Although the meals were labeled as gluten-free, they were *exactly* the same meals provided to other individuals who were detained. As a result of the Defendants' false statements and assurances, Mr. Picciano ate the food and became even sicker. He experienced vomiting and severe abdominal pain.

51. When, in the last several days of his incarceration, Mr. Picciano was finally given a special, uncontaminated diet, it was nutritionally insufficient and inedible and not remotely equivalent nutritionally to the food served to nondisabled individuals.

52.   As just one example of the Defendants' stunning indifference to Mr. Picciano's suffering, in response to a February 14, 2020 complaint that he did not have food, the Defendants

Complaint for Declaratory and Injunctive Relief and Damages

**Page 8 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

responded three days later, on February 17, 2020, instructing him to "please continue to avoid foods that cause discomfort until allergies are verified, diets cannot be changed. Medical does not have any control of what type of food you receive." By this point, Mr. Picciano had been virtually without food for 19 days.

53. Mr. Picciano's family contacted the County and the State Attorney General in an attempt to seek intervention for Mr. Picciano's health. No one working at the Jail or County or for NaphCare, Inc. acted, despite the fact that Defendants were on explicit notice that Mr. Picciano was ill and starving under their derelict care and control.

54. Even worse, Defendants took punitive action against Mr. Picciano in response to his pleas for food, including making retaliatory and intimidating comments to him.

55. Despite Mr. Picciano's eventual release, his injuries continued to manifest. Mr. Picciano lost more than ten percent of his body weight while detained. In the wake of his release, Mr. Picciano suffered, and continues to suffer, esophagitis and gastritis as result of Defendants' actions as well as abdominal pain, vomiting, and liver involvement along with an increase to his risk of cancers and other serious diseases as the result of the Defendants' actions.

56. Jail is not a positive experience for anyone, but Defendants inflicted deliberate pain, suffering and humiliation on Mr. Picciano and acted with malice and deliberate indifference to Mr. Picciano's obvious suffering and pleas for help.

57. Mr. Picciano suffered damages and continues to suffer damages as the result of Defendants' conduct.

58. Mr. Picciano timely filed a Tort Claims Notice with Clark County and Clark County Jail on or about September 4, 2020. They did not respond other than to acknowledge receipt.

Complaint for Declaratory and Injunctive Relief and Damages

**Page 9 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## FIRST CAUSE OF ACTION

## Title II of the Americans with Disabilities Act of 1990

## 42 U.S.C. § 12131 *et seq.*

## (Against Defendants Clark County and Clark County Jail)

59. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

60. The ADA was enacted on July 26, 1990, more than 30 years ago, in order to protect individuals with disabilities against discrimination.

61. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

62. Due to his Celiac Disease, Mr. Picciano is substantially limited in the major life activity of eating and the major bodily functions of the immune, digestive, bowel, reproductive, and neurological systems.

63. He is therefore an individual with a disability within the meaning of the ADA. 42 U.S.C. § 12131.

64. Mr. Picciano is a qualified individual with a disability under the meaning of Title II of the ADA, 42 U.S.C. § 12131(2), because he meets the essential eligibility requirements for the receipt of incarceration services by Defendants.

65. Defendants are public entities under the meaning of Title II of the ADA as it is an "instrumentality of a State . . . or local government. 42 U.S.C. § 12131(1)(b).

66. Defendants illegally and intentionally discriminated against Mr. Picciano, on the

Complaint for Declaratory and Injunctive Relief and Damages

**Page 10 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

basis of his disability and in violation of Title II of the ADA, by denying him the basic services of incarceration with accommodation for his disability.

67. A public entity must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

68. As public entities, Defendants are required under the ADA to make modifications to their food service policies in order to accommodate Mr. Picciano's disability.

69. By refusing to do so, Defendants discriminated against Mr. Picciano on the basis of his disability by denying him the food services that the jail provides to similarly situated individuals without his disability. 28 C.F.R. § 35.130(b)(1)(ii).

70. Defendants intentionally and deliberately discriminated against Mr. Picciano, on the basis of his disability, in violation of Title II of the ADA and its implementing regulations.

71. Mr. Picciano experienced harm as the result of discrimination including but not limited to humiliation and fear.

72. Mr. Picciano is therefore entitled to monetary damages and an award of attorneys' fees, costs, and disbursements purusant to the ADA, 42 U.S.C. § 12133.

## SECOND CAUSE OF ACTION

### Section 504 of the Rehabilitation Act of 1973

### 29 U.S.C. § 794

### (Against All Defendants)

73. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

Complaint for Declaratory and Injunctive Relief and Damages

**Page 11 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

74. The Rehabilitation Act of 1973 was enacted in part to further a policy of promoting "respect for the privacy, rights, and equal access (including the use of accessible formats), of the individuals [with disabilities]." 29 U.S.C. § 701(c)(2).

75. Mr. Picciano is limited in the major activity of eating and the major bodily functions of the immune, digestive, bowel, and neurological systems due to his Celiac Disease.

76. At all times relevant to this action, Defendants were recipients of federal financial assistance.

77. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

78. Food service is provided to other incarcerated individuals. Because of his disability, Mr. Picciano cannot eat a standard diet, and requires a strictly gluten-free diet. By denying Mr. Picciano this necessary and reasonable accommodation for his Celiac Disease, Defendants denied Mr. Picciano the benefits of a program or activity receiving federal financial assistance, and discriminated against him in violation of § 504.

79. The criteria Defendants used to deny Mr. Picciano access and use of gluten-free meals had the effect of subjecting him to discrimination solely based on his disability.

80. The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

81. Defendants were informed in writing on multiple occasions that Mr. Picciano desperately needed a specialized gluten-free diet.

82. Defendants' knowledge came not not only from Mr. Picciano's requests, grievances,

Complaint for Declaratory and Injunctive Relief and Damages

**Page 12 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

and medical records, but also from communciations with Mr. Picciano's family members.

83. Defendants' knowledge also came from multiple court hearings in which they were advised that Mr. Picciano was not being fed.

84. In spite of this knowledge, Defendants intentionally denied Mr. Picciano's reasonable accommodation request, intentionally failing to act to protect his rights.

85. Defendants intentionally discriminated against Mr. Picciano, on the basis of his disability, in violation of the Rehabilitation Act and its implementing regulations.

86. Mr. Picciano suffered harm and humiliation as the result of Defendants' actions and inactions.

87. Mr. Picciano is therefore entitled to damages and attorneys' fees and costs for the injuries and loss sustained as a result of the Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983

## (Against All Defendants)

88. Mr. Picciano incorporates by reference the allegations in the paragraphs above. The Fourteenth Amendment to the United States Constitution guarantees equal protection under the law.

89. Incarcerated individuals have a constitutional right to receive and have access to adequate basic essentials including medically appropriate food and health care.

90. Congress enacted 42 U.S.C. § 1983 to provide a remedy for constitutional violations.

91. The failure of Defendants to provide adequate gluten-free meals caused the

Complaint for Declaratory and Injunctive Relief and Damages

**Page 13 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

deprivation of Mr. Picciano's rights, and was the ultimate cause of Mr. Picciano's injuries.

92. Defendants' acts and omissions resulted in the wanton and unnecessary infliction of pain on Mr. Picciano.

93. Defendants were acting under the color of state law when they violated Mr. Picciano's constitutional rights.

94. Defendants acted with deliberate indifference because they knew or should have known that Mr. Picciano required gluten-free meals and that the failure to provide him with such meals would result in significant emotional and physical injuries to Mr. Picciano, yet they failed to provide him with such meals.

95.   Defendants have a custom or practice of not providing medically necessary meals in timely manner to individuals with disabilities, including a custom or practice of not providing gluten-free meals for individuals with Celiac Disease.

96. Defendants' custom or practice of not timely providing individuals with Celiac Disease such as Mr. Picciano with gluten-free meals caused Mr. Picciano's injuries.

97. Defendants acted with reckless or callous indifference to Mr. Picciano's federally protected right to receive medically necessary meals and health care while held in jail. Specifically, Defendants failed to provide Mr. Picciano with medically necessary gluten-free meals despite repeatedly being made aware of Mr. Picciano's Celiac Disease and need for gluten-free meals.  Defendants' failure to provide these gluten-free meals despite repeated notice was malicious, wanton, and oppressive, causing severe emotional and physical harm to Mr. Picciano as he literally wasted away behind bars.

98.   Mr. Picciano suffered compensatory damages as a result of Defendants' conduct.

99. Mr. Picciano is additionally entitled to punitive damages from NaphCare, Inc. as a

Complaint for Declaratory and Injunctive Relief and Damages

**Page 14 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

result of its actions under color of law in providing food services and medical care for Mr. Picciano while he was detained.

## FOURTH CAUSE OF ACTION

### The Washington Law Against Discrimination

### R.C.W. §§ 49.60.010 *et seq.*

### *(Against All Defendants)*

100. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

101. The Washington Law Against Discrimination ("WLAD") declares: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or7 amusement" R.C.W. § 49.60.030(1).

102. Mr. Picciano is an individual with a disability within the meaning of the WLAD. R.C.W. § 49.60.040(7)(a).

103. Clark County Jail is a place "where medical service or care is made available" and is thus a place of public accommodation within the meaning of the WLAD. R.C.W. § 49.60.040(2). Clark County is subject because it operates the Clark County Jail which is in turn subject to the WLAD.

104. Wellpath is a place of public accommodation within the meaning of the WLAD because it made its medical services available at the Clark County Jail.

105. Naphcare, Inc. is a place of public accommodation within the meaning of the

Complaint for Declaratory and Injunctive Relief and Damages

**Page 15 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

WLAD because it makes its medical services available at the Clark County Jail.

106. Defendants discriminated against Mr. Picciano by not affording him full and equal access to proper nutrition because of his disability.

107. Defendants provide effective food services and medical care to other individuals who are incarcerated without disabilities and therefore discriminated against Mr. Picciano by failing to provide these effective services or treatment to Mr. Picciano because of his disability.

108. Defendants intentionally discriminated against Mr. Picciano by refusing to provide proper gluten-free meals to Mr. Picciano during his incarceration, despite Mr. Picciano's clear and repeated requests and explanations of the need for meals that will not exacerbate his Celiac disease.

109. As a direct and proximate cause of Defendants' discriminatory conduct as alleged in this Complaint, Mr. Picciano suffered extreme hunger, malnourishment, gastrointestinal distress, weight loss, loss of consciousness and humiliation.

110. As a direct and proximate cause of Defendants' discriminatory conduct as alleged in the Complaint, Mr. Picciano suffered real out-of-pocket monetary damages and mental and emotional distress.

## FIFTH CAUSE OF ACTION
### Negligence
### (Against All Defendants)

111. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

112. On or about January 30, 2020, Mr. Picciano was incarcerated at Clark County Jail, which was operated by Defendants.

113. Between January 30, 2020 and February 20, 2020, Defendants negligently failed to provide Mr. Picciano with a safe, gluten free diet, so as to cause extreme hunger, significant

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 16 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness, and to directly and legally cause the injuries and damages described below.

114. As a direct and legal result of the negligence of Defendants, Mr. Picciano was injured in his health, strength, and activity, all of which injuries have caused, and continue to cause, Mr. Piciano great mental, physical, and emotional pain and suffering. As a result of these injuries, Mr. Picciano has suffered general damages.

115. As a further direct and legal result of the negligence of Defendants, Mr. Picciano has incurred and will continue to incur medical and related expenses.

## SIXTH CAUSE OF ACTION
### Outrage
### *(Against All Defendants)*

116. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

117. Between January 30 and February 20, 2020, at the Clark County Jail, Defendants refused to provide Mr. Picciano with a safe, gluten-free diet even though he has Celiac Disease.

118. Defendants were aware that Mr. Picciano had Celiac Disease, and, were repeatedly reminded of this fact. As a result of his Celiac Disease, Mr. Picciano is particularly susceptible to physical and emotional distress.

119. Even after Mr. Picciano became so ill that he lost consciousness and had to be transported to the hospital, Defendants did not provide him with an edible diet.

120. Throughout his detention, Defendants refused to provide Mr. Picciano with an edible gluten-free diet in accordance with this Celiac Disease requirements. Mr. Picciano experienced extreme hunger and malnourishment. Defendants eventually approved an edible diet. Even so, Defendants continued to serve Mr. Picciano with gluten-contaminated food further contributing to his deterioriation in health.

Complaint for Declaratory and Injunctive Relief and Damages

**Page 17 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

121. In doing so, Defendants intended to cause, or recklessly caused, emotional distress. Defendants' conduct was intentional and malicious and done for the purpose of causing Mr. Picciano to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with knowledge that Mr. Picciano's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Mr. Picciano.

122. As a proximate cause of the acts alleged above, Mr. Picciano suffered humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body. Mr. Picciano suffered extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.

123. As a further proximate cause of the acts alleged above, Mr. Picciano was required to and did employ physicians to examinate, treat, and care for Mr. Picciano, and incurred additional medical expenses for hospital bills. Mr. Picciano alleges, upon information and belief, that he will incur some additional medical expenses as the damage done to his body continues to cause medical problems.  Mr. Picciano also suffered severe emotional distress.

124. The acts of Defendants as alleged above were willful, wanton, malicious, and oppressive.

## SEVENTH CAUSE OF ACTION
### Battery
### *(Against All Defendants)*

125. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

126. Between January 30, 2020 and February 20, 2020, at the Clark County Jail,

127.    Defendants intentionally provided Mr. Picciano with meals containing gluten without his knowledge, which triggered symptoms of his Celiac disease.

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 18 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

128. As a result of Defendants' unlawful contact in providing a not gluten-free meal, Mr. Picciano suffered significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.

129. In doing the acts as alleged above, Defendants acted with the intent to make contact with Mr. Picciano's person and to injure his health, strength, and activity, all of which injuries have caused, and continue to cause, Mr. Piciano great mental, physical, and emotional pain and suffering.

130. At no time did Mr. Picciano consent to any of the acts of the Defendants alleged above. In fact, Mr. Picciano contested the meals he was provided and repeatedly requested a gluten-free diet.

131. Mr. Picciano sustained damages as a result of Defendants' conduct.

## EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation
### (Against All Defendants)

132. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

133. Only days before his release, Mr. Picciano was finally granted his requested and medically required gluten-free diet. Mr. Picciano consumed the food given to him as it was labeled "gluten-free." In doing so, Mr. Picciano justifiably relied on the representations of the Defendants that the food was in fact gluten-free and safe for him to eat. In reality, the special-diet food given to Mr. Picciano was the same gluten-contaminated food given to all other inmates.

134.     After relying on the representations made by Defendants, Mr. Picciano ate the contaminated food and became even sicker. Mr. Picciano experienced vomiting and abdominal pain.

Complaint for Declaratory and Injunctive Relief and Damages

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

135.    By giving Mr. Picciano "gluten-free" food that was still gluten-contaminated, Defendants negligently misrepresented a material fact to Mr. Picciano, which he relied on to his detriment.

136.  Defendants knew or should have known that Mr. Picciano would rely on their representations that the food was gluten-free because Mr. Picciano asked for food that was gluten-free and the food he received was labeled as such.

137.  Defendants were negligent in communicating to Mr. Picciano the false information that the meal was gluten-free, when it was in fact not gluten-free.

138.    Defendants communicated false information to Mr. Picciano as to the contents of his food. Defendants knew or should have known that the food was contaminated because this was the exact same food supplied to all other inmates that Mr. Picciano previously became sick from.  Defendant was negligent in failing to communicate that the food contained gluten. Mr. Picciano's reliance on Defendants' representations was justified, as he had finally been approved for a special diet and he had gone his entire stay in the jail up to that point with barely anything to eat. Finally, Defendant's negligent misrepresentation of the content of the food caused Mr. Picciano to become severely ill.

139.  Mr. Picciano is entitled to economic damages and compensatory damages for his emotional distress and pain and suffering caused by Defendants' negligent misrepresentations.

### NINTH CAUSE OF ACTION
### Fraud and Intentional Misrepresentation
### *(Against All Defendants)*

140.  Mr. Picciano incorporates by reference the allegations in the paragraphs above.

141.  Defendants are liable for fraud and intentional misrepresentation because Defendants made false and material representations about the nature of a meal, with the intent

Complaint for Declaratory and Injunctive Relief and Damages

**Page 20 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

that Mr. Picciano rely on its representations and eat the meals.

142. Defendants provided Mr. Picciano with meals that they intentionally misrepresented as "gluten-free." The meal was in fact not gluten-free, but was the same gluten-contaminated meal served to the other incarcerated individuals.

143. Defendants had actual knowledge of the falsity and materiality of the representations, and intended for Mr. Picciano to rely on its false representations.

144. Mr. Picciano had no knoweldge of the falsity of the gluten-free representations, and reasonably relied upon Defendants' false representations in believing that the food did not contain gluten and would not make him sick due to his Celiac disease.

145. Mr. Picciano suffered substantial damages as a result of the Defendants' false and intentional misrepresentations.

146. As a result of relying on the Defendants' misrepresentation, Mr. Picciano ate the meals, and was injured as he experienced vomiting and abdominal pain.

147. As such, Mr. Picciano is entitled to economic damages and compensatory damages for his emotional distress and pain and suffering caused by Defendants' fraud and intentional misrepresentations.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### *(Against All Defendants)*

148. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

149. Defendants had a clear duty to provide Mr. Picciano with food he could safely eat.

150. The risk of harm to Mr. Picciano was clearly foreseeable to Defendants and adamantly expressed by Mr. Picciano and his family members.

Complaint for Declaratory and Injunctive Relief and Damages

**Page 21 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

151. Defendants breached their duty to Mr. Picciano by refusing to reasonably accommodate his disability, knowing that the breach would cause him suffering because Defendant was witness to the suffering caused by Mr. Picciano's improper diet yet continued to fail to accommodate his diet.

152. Mr. Picciano experienced especially horrendous events inflicted upon him during the court of his time in Clark County Jail where he was constantly sick and unable to eat. His sickness caused great shock to his body and mind.

153. Mr. Picciano's fear and anxiety are objective symptoms of his emotional distress.

154. As a result of Defendants' negligence in failing to feed Mr. Picciano while he was in custody, and relying solely upon their services for survival, Mr. Picciano suffered great emotional distress and physical injuries.

155. Due to Defendants' negligence, Mr. Picciano is entitled to monetary compensation and general damages for his emotional distress caused by Defendants' actions.

## ELEVENTH CAUSE OF ACTION

### Breach of Express Warranty

### RCW § 7.72.030

*(Against All Defendants)*

156.    Mr. Picciano incorporates by reference the allegations in the paragraphs above.

157.    Under the Washington Products Liability Act (WPLA), a product manufacturer is strictly liable for any injury of the claimant that was proximately caused when a "product does not conform to the express warranty of the manufacturer if it is made part of the basis of the bargain and relates to a material fact or facts concerning the product and the express warranty proved to be untrue." RCW § 7.72.030(2)(b).

Complaint for Declaratory and Injunctive Relief and Damages

**Page 22 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

158. Under WPLA, a product seller is also liable for breach of express warranty that proximately cause the claimant's harm.  RCW § 7.72.040(1)(b).

159. Defendants, as the product manufacturers or sellers, are liable for making express warranties concerning the contents of their "gluten-free" food that proved to be untrue.

160. Defendants expressly told Mr. Picciano that the food was gluten-free.

161. The food in fact did contain gluten or gluten-contaminents. Therefore, Defendants breached their express warranty when they gave Mr. Picciano the food and told him it was gluten-free.

162. Mr. Picciano's illnesses were proximately caused by the food supplied by Defendants.

163. Mr. Picciano suffered damages as a result.


**TWELFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability**

**RCW § 62A.2-314**

**(Against All Defendants)**

164.    Mr. Picciano incorporates by reference the allegations in the paragraphs above.

165.    Under R.C.W. § 62A.2-314(2)(e), (f), for a good to be merchantable, it must be "adequately contained, packaged, and labeled as the agreement may require" and "conform to the promises or affirmations of fact made on the container or label if any."

166.    Defendants have breached the implied warranty of merchantability by not adequately packaging or labeling their special diet meals and by not conforming their packaged

Complaint for Declaratory and Injunctive Relief and Damages

**Page 23 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

food to the promises made on the label. Defendants have done this by packaging meals that contained trace amounts of gluten and then promising Mr. Picciano that his meals were gluten-free via the incorrect "gluten-free" label.

167. The injuries sustained by Mr. Picciano were the reasonably foreseeable consequences of a breach of the implied warranty of merchantability.

168. Mr. Picciano has suffered damages as a result.

## THIRTEENTH CAUSE OF ACTION

### Breach of Implied Warranty: Fitness for a Particular Purpose

### R.C.W. § 62A.2-315

#### *(Against All Defendants)*

169.    Mr. Picciano incorporates by reference the allegations in the paragraphs above.

170.    Under R.C.W. 62A.2-315, a seller is liable for a breach of implied fitness for a particular purpose if at the time of contracting the seller has reason to know of any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgement for supply him or her with suitable goods.

171.    Mr. Picciano reasonably relied on Defendants for their judgment that his meals were fit for the particular purpose of supplying him with food that a person with Celiac disease could safely consume.

172.    Defendants knew that Mr. Picciano was relying on them for their experience, skill, and judgment. Defendants were also aware that Mr. Picciano requested the gluten-free meals for the particular purpose of obtaining food that a person with Celiac Disease could safely consume. The meals were defective and unfit for the particular purpose of providing of Mr.

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 24 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Picciano with food that a person with Celiac disease could safely consume.

173.    The injuries sustained by Mr. Picciano were the reasonably foreseeable consequences of a breach of the implied warranty of fitness for a particular purpose. Defendants were aware that Mr. Picciano relied on them to supply him with food that a person with Celiac disease could safely consume. Mr. Picciano made numerous complaints to Defendants and had been approved by Defendants to recieve gluten-free food.

174. As such, Defendants breached the implied warranty of fitness for a particular purpose under R.C.W. 62A.2-315, and Mr. Picciano has suffered damages as a result.

## PRAYER FOR RELIEF

175. WHEREFORE, Mr. Picciano respectfully requests that this Court:

176. Assume jurisdiction over this action;

177. Award Mr. Picciano compensatory damages, including economic and noneconomic damages, damages for pain, suffering, humiliation, terror, and in an amount to be proven at trial;

178. Award Mr. Picciano his reasonable attorneys' fees and costs pursuant to the Americans with Disabilities Act, the Rehabilitation Act of 1973, section 1983, and the Washington Law Against Discrimination and to the extent available under the law;

179. Award punitive damages against the non-municipal defendants to the extent authorized by law in an amount to be proven at trial;

180. Declare the defendants jointly and severally liable;

181. Award any and all applicable interest on the judgment; and

182. Award such other and further relief as the Court deems just and equitable.

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 25 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**JURY DEMAND**

Trial by jury demanded.


DATED THIS 8th day of April, 2021.

By:

WASHINGTON CIVIL & DISABILITY ADVOCATE
*Attorneys for Plaintiff*

/s/ *Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

Mary C. Vargas, *Pro Hac Vice*
STEIN & VARGAS, LLP
10 G STREET NE, SUITE 600
WASHINGTON, DC 20002
Mary.Vargas@steinvargas.com
Telephone:240-793-3185
Facsimile: 888-778-4620
*Attorneys for Plaintiff Gaven
Picciano*

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing was served via the Court's ECF system on April 8, 2021, on the following:

John E. Justice, WSBA #23042
LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.
2674 R.W. Johnson Road
Tumwater, WA 98512
P.O. Box 11880
Olympia, WA 98508
Tel: 360. 754. 3480
jjustice@lldkb.com
**Attorney for Defendants Clark County Jail and Clark County**

Amy Craft
Alisha Chand

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 26 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Ketia Wick
FAVROS
701 Fifth Ave., Suite 4750
Seattle, Washington 98104
Tel: 206-515-2151
amy@favros.com
**Attorneys for Defendant NaphCare, Inc.**

s/ Rachel Pollard
 Washington Civil & Disability Advocate

Complaint for Declaratory and Injunctive Relief
and Damages

**Page 27 of 27**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172