UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GAVEN PICCIANO,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC.,<br><br>Defendants. | Civil Action No. 3:20-cv-06106-RAJ<br><br>**DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>ORAL ARGUMENT REQUESTED<br><br>DEMAND FOR JURY TRIAL<br><br>NOTE ON MOTION CALENDAR: June 4, 2021 |

I.   **RELIEF REQUESTED**

Plaintiff received discovery responses from Clark County on February 10, 2021. Plaintiff had discovery responses for two months prior to filing the motion to amend (April 8, 2021). Plaintiff already had received discovery responses on February 10, 2021. Plaintiff knew that Wellpath only provided services at the Clark County Jail for two days. Dkt. 25 at 2. Plaintiff entered the jail at some time on January 30, 2020, but he declined to state when he entered the jail that day. First Amended Complaint (FAC) ¶¶ 17-18. Plaintiff knew that Wellpath only had responsibility for jail health care through the end of January 31, 2020. Dkt. 25 at 2. Plaintiff did not tell the Court in his motion to amend, and did not notify Wellpath in the First Amended Complaint (FAC), the limited number of hours between his arrival in the Clark County Jail and when Wellpath's legal responsibilities ended. Instead, plaintiff asserted formulaic allegations

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1  that were devoid of factual specifics as to what Wellpath may have done wrong.

2  Plaintiff alleged that Wellpath committed fraud, but he did not even try to comply with
3  Fed. R. Civ. P. 9 and plead fraud with particularity. The fraud claim must be dismissed.
4  Plaintiff also failed to plead the non-fraud claims properly, relying on conclusory boilerplate
5  statements and not facts mandated under Rule 8. Plaintiff's allegations did not distinguish the
6  conduct of the Clark County Jail, Wellpath, or NaphCare, Inc. ("NaphCare"). Plaintiff simply
7  lumped all defendants together as having committed every cause of action. FAC at 1
8  ("collectively 'Defendants'" were "Clark County, Clark County Jail, Wellpath and NaphCare,
9  Inc"); ¶¶ 50, 52-53, 68, 83-84, 97, 118, 127, 159, 161, 166, 170. When there are multiple
10 parties, a complaint must separate the factual allegations that apply to each defendant. The non-
11 fraud causes of action must be dismissed for failure to properly plead facts pertaining to just
12 Wellpath between January 30 and 31, 2020, and how those facts pertain to the multitude of
13 causes of action in the FAC.

14 Some causes of action, such as negligent infliction of emotional distress and negligent
15 misrepresentation must be dismissed with prejudice because plaintiff is not a party protected by
16 such a claim or because he was not involved in a business transaction. Some of the causes of
17 action based on warranty claims must also be dismissed because those claims allow recovery for
18 pecuniary losses because a person did not receive the benefit of the bargain.

19 **II. STATEMENT OF FACTS**

20 Plaintiff asserted thirteen claims against all defendants arising from his incarceration at
21 the county jail from January 30, 2020 through February 20, 2020. While Wellpath was the jail
22 healthcare provider for two days, plaintiff did not include a factual allegation that he had an
23 encounter with a Wellpath provider on January 30 or 31, 2020. On January 31, 2020 the contract
24 between the county and Wellpath expired. FAC ¶ 4. That means that at 11:59:59 p.m. on
25 January 31, Wellpath's responsibility ended and NaphCare's obligations began at 12:00:00 a.m.
26 (midnight) on February 1, 2020.

27 A comparison of the complaint and the FAC shows that with the exception of a new

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

paragraph 4 in the FAC regarding Wellpath, the allegations in the complaint and FAC in paragraphs 1-57 complaint and paragraphs 1-3, and 5-58 of the FAC are the same, if not identical. Plaintiff made no attempt to differentiate what Wellpath may or may not have done over two days from the alleged improper conduct of other parties after February 1, 2020. Instead, Plaintiff continued to use the phrase "Defendants" when, even by his own admission, Wellpath could not have been involved in events that happened after February 1, 2020:

Compl. ¶ 20/FAC ¶ 21: Over the "next 22 days, Defendants failed. . . ."

Compl. ¶ 20/FAC ¶ 22: No access to food for the first nine days.

Compl. ¶ 23/FAC ¶ 24: Filed grievances with medical.

Compl. ¶ 26/FAC ¶ 27: Grievance filed February 2.

Compl. ¶ 27/FAC ¶ 28: Signed release on February 3 to allow "Defendants" to "access his medical records."

Compl. ¶ 29/FAC ¶ 30: "Defendants" responded to February 2 grievance.

Compl. ¶ 30/FAC ¶ 31: "Defendants" received medical records.

Compl. ¶¶ 32, 34-35/FAC ¶¶ 33, 35-36: Grievances submitted to "Defendants" and "Defendants'" responses to February 5 and 6 grievances.

Compl. ¶¶ 40-44/FAC ¶¶ 42-45: Grievances submitted February 14 and 15, "Defendants" responses, and Plaintiff's reply.

Compl. ¶ 45/FAC ¶ 46: "Defendants" admitted on February 18 they had medical records and that "they" had ordered a gluten-free diet *the week prior*." (Emphasis added)

Compl. ¶49/FAC ¶50: "Defendants eventually approved Mr. Picciano for gluten-free food."

Compl. ¶ 51/FAC ¶ 52: An example of alleged "stunning indifference was a response by "Defendants" "on February 17, 2020" instructing plaintiff to avoid food that caused problems until allergies were verified.

The Federal Rules of Civil Procedure mandated that plaintiff include allegations against Wellpath.

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

### III. AUTHORITY AND ARGUMENT

**A. Every Allegation in the First Amended Complaint is Made against Every Defendant, without any Specificity or Factual Content as required Under *Twombly/Iqbal*.**

Complaints must be pled with some factual specificity. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*

To survive a motion to dismiss, Plaintiff's claims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility if the party pleads factual content that "allows the Court to draw the reasonable inference that [the opposing party] is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). A complaint that contains just "labels and conclusions" or a "formulaic recitation of a cause of action's elements" is subject to dismissal. *Twombly*, 550 U.S. at 545; *see also Smithson v. Puckett*, No. C19-1672-RAJ-MLP, 2020 U.S. Dist. LEXIS 97657, at *3-4 (W.D. Wash. May 6, 2020).

Plaintiff asserted that ***all defendants*** were responsible for his well-being from January 30, 2020 through February 20, 2020, FAC ¶¶ 21-22, 24, 27-28, 30-31, 33, 35-36, 42-46, 50, 52, even though he knew that Wellpath did not provide medical care after January 31, 20202. Dkt. 25 at 2; FAC ¶ 4. Plaintiff's failure to even attempt to satisfy Rules 9(b) or 8(c) mandate that the FAC must be dismissed against it. With regard to some claims they must be dismissed as a matter of law because they do not apply to plaintiff regardless of Rules 9(b) or 8(c).

///

4827-3397-8087.1

DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

**B. Plaintiff's Generalized Claims Failed to Articulate the Elements required for Each Claim.**

      **i.    Fraud and Intentional Misrepresentation**

Fraud has a heightened pleading requirement. Fed. R. Civ. P. 9(b). Plaintiff was required to include allegations regarding the time, place, and nature of the alleged fraudulent activities **committed by Wellpath**; "mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express*, 885 F.2d 531, 540. (9th Cir. 1989); *see also Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff must plead the time, place and specific content of the false representations by Wellpath, identify the Wellpath employee who made the misrepresentation, and allege why the statement by the Wellpath employee was false. *Misc. Serv. Workers, Driver, & Helpers, Teamsters Local # 427 v. Philco Ford Co.*, 70 F.3d 1078, 1080 (9th Cir. 1995); *Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir. 1988); *In re Heritage Bond Litig.*, 289 F. Supp.2d 1132, 1146 (C.D. Cal. 2003). Conclusory allegations or allegations of neutral facts that identify the transaction are insufficient. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (negligent misrepresentation). Plaintiff had to differentiate the allegations between each defendant, and could not lump together Clark County, NaphCare, and Wellpath. *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011).

      The FAC falls well short of complying with Rule 9(b). Plaintiff never alleged when he was admitted to the jail on January 30, where he was located in the jail between his admission and midnight on February 1, and whether he saw a Wellpath employee prior to February 1, 2020, much less identify a Wellpath employee who made a misrepresentation to him, and the remaining eight elements of fraud. *Williams v. Joslin,* 65 Wn.2d 696, 697, 399 P.2d 308 (1965). The absence of any element is fatal to a fraud claim against Wellpath. *Puget Sound Nat'l Bank v. McMahon,* 53 Wn.2d 51, 54, 330 P.2d 559 (1958). Plaintiff's conclusory allegations regarding statements allegedly made between three defendants regarding receipt of gluten free food, FAC ¶¶ 140-47, are not sufficient vis-à-vis Wellpath on January 30 and 31, 2020. The fraud count against Wellpath must be dismissed

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

ii. **Negligent Misrepresentation**

Plaintiff's negligent misrepresentation claim, which falls under Rule 8(c), fares no better than the fraud claim. Plaintiff failed to separate the alleged negligent misrepresentations by Wellpath, NaphCare, or Clark County. *In re Heritage Bond Litig.*, 289 F. Supp.2d at 1146. There were no such allegations of a misrepresentation on January 30 or 31. Plaintiff's pleading errors warrant dismissal of the negligent misrepresentation claim against Wellpath.

A second reason to dismiss the negligent misrepresentation claim is that the facts that were pled simply do not apply to Wellpath. Plaintiff alleged he was "finally granted his requested and medically required gluten-free diet" during the ***last days*** of his incarceration, but in fact the food was not gluten free. FAC ¶¶ 50-51, 133. Wellpath could not have made a negligent misrepresentation because it left on January 31 at 11:59:59 p.m. FAC ¶ 4.

The final reason to dismiss the negligent misrepresentation claim against Wellpath is that the cause of action does not apply to plaintiff's assertions. Washington adopted the *Restatement (Second) of Torts* §§ 551-552 (1977) as the standard for claims of negligent misrepresentation. *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 180, 876 P.2d 435 (1994). A plaintiff claiming negligent misrepresentation must prove by clear, cogent, and convincing evidence that (1) the defendant supplied information for the guidance of others in their ***business transactions*** that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages. *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545, 55 P.3d 619 (2002).

Negligent misrepresentation is a ***business tort***. *Baik*, 147 Wn.2d at 545. Plaintiff was not buying stock, investing in real estate, or going into a partnership with other investors. He was arrested for assault and put in jail. A commercial tort like negligent misrepresentation does not apply to plaintiff's situation. Therefore, the negligent misrepresentation claim must be dismissed

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

with prejudice.

### iii. There were no Facts Alleged on any Warranty Claim

Plaintiff asserted three different warranty claims. These warranty claims all fall under Washington's version of the Uniform Commercial Code. Not only did plaintiff fail to plead a factual basis for asserting a claim against Wellpath regarding what did or did not happen on January 30-31, there is no legal basis for such claims against a prison healthcare provider.

### a. Breach Express Warranty

The breach of an express warranty claim applied to *all defendants*. FAC ¶¶ 156-163. The first prerequisite to an express warranty claim is that the defendant must be either a "seller" or manufacturer of a good. Washington law defines a "seller" of goods as a person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. RCW 7.72.010(1). Wellpath provides healthcare. FAC ¶ 4. It is not in the business of preparing or selling food. Wellpath is also not a "manufacturer" of food as that term is defined under Washington law. RCW 7.72.010(2).

Moreover, an express warranty claim requires proof that the seller made an express warranty that (1) was part of the basis of the bargain; (2) the warranty relates to a material fact concerning the product; and (3) the warranty turns out to be untrue. RCW § 7.72.030(2). The FAC made no allegations that on January 30 or 31 plaintiff ate food in the jail; that Wellpath was a manufacturer or seller of food on either day; that Wellpath made any false representations about the food he ate in the jail on either day; that the statement was part of a contractual bargain between him and Wellpath; or that express statement/warranty about the food from Wellpath was false. There is no UCC express warranty claim against Wellpath

### b. Breach of Implied Warranty of Merchantability

Plaintiff alleged breach of implied warranty of merchantability against *all defendants*. FAC ¶¶ 164-168. This UCC warranty claim fares no better than the express warranty claim.

/ / /

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

Under the UCC, every seller of a good impliedly warrants in every sale that the good is "merchantable." RCW 62A.2-314(1). Washington law requires that there be privity, and that plaintiff must have "purchased something." *Thongchoom v. Graco*, 117 Wn. App. 299, 307-08, 71 P.3d 214 (2003). Plaintiff's implied warranty claim against Wellpath fails because plaintiff does not claim that he ate any jail food on January 30 or 31, much less that Wellpath was the seller of food provided to him.

Merchantable goods are those that: (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any. RCW 62A.2-314(2). While Plaintiff may have a claim that he was not supposed to eat food with gluten, that does not mean that the food offered in the Clark County jail failed to meet the UCC definition of "merchantable" goods.

The implied warranty of merchantability claim against Wellpath must be dismissed with prejudice.

          c.      **Breach of Implied Warranty: Fitness for a Particular Purpose**

Plaintiff alleged breach of implied warranty of fitness for a particular purpose against *all defendants*. FAC ¶¶169-174. The implied warranty of fitness for a particular purpose applies only in limited situations. At the time of entering into a contract, the seller (Wellpath) must have reason to know of a particular purpose for which the goods are required by the buyer (plaintiff); and plaintiff is relying on a seller's (Wellpath's) skill or judgment to select or furnish suitable goods to him; and plaintiff relied on Wellpath's skill or judgment in providing food to him. RCW 62A.2-315; *Superwood Co. Ltd. v. Slam Brands, Inc.*, 2013 U.S. Dist. LEXIS 161855, 2013 WL 6008489 *15 (W.D. Wash. 2013). This UCC claim for fitness for intended purpose fails as to Wellpath as a matter of law because plaintiff does not claim that he ate food on

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

January 30 or 31 and Wellpath could not have been a seller or manufacturer of food goods.

                iv.       **Tort of Outrage**

The tort of outrage is synonymous with a cause of action for intentional infliction of emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 193 n.1 (2003). The elements of a claim for the tort of outrage or the intentional infliction of emotional distress are "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). The conduct must be "'so outrageous and so extreme as to go beyond all possible bounds of decency, and be regarded as atrocious, and intolerable in a civilized community. *Reyes v. Yakima Health Dist.*, 191 Wash. 2d 79, 91, 419 P.3d 819, 825 (2018); *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (plurality opinion). The tort of outrage does not apply to mere insults, threats, indignities, annoyances, petty oppressions; the plaintiff must "'necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration.'" *Kloepfel v. Bokor*, 149 Wn.2d 192, 196, 66 P.3d 630 (2003).

The court "must make" an initial legal determination whether the conduct may be reasonably regarded as so extreme and outrageous to warrant a factual decision by a jury. *Repin v. State*, 198 Wn. App. 243, 266-67, 392 P.3d 1174 (Ct. App. 2017). The level of outrageous conduct is extremely high and is not an easy standard to meet. *Id*. at 266-67. Gross negligence by a healthcare provider does not satisfy the tort of outrage. *Christian v. Tohmeh*, 191 Wn. App. 709 (2015).

Use of legal buzz words such as "knowing, wanton, [or] oppressive" conduct are mere conclusions, but are not the facts that must be pled under Rule 8(c). *Iqbal*, 556 U.S. at 678. Plaintiff failed to allege any facts regarding what Wellpath did to him between January 30 and 31, much less that this conduct was so atrocious and intolerable that it is not permitted in society. Plaintiff does not even allege that he spoke to a Wellpath employee during those two days or what conduct that they committed against him. The claim of outrage against Wellpath must be dismissed.

4827-3397-8087.1

DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

### v. Claim of Negligent Infliction of Emotional Distress

Under Washington law, negligent infliction of emotional distress applies to bystanders who suffer an emotional injury after the plaintiff witnesses an injury to a loved one and the plaintiff was in the zone of danger when the family member was physically injured. *Colbert v. Moomba Sports, Inc.*, 163 Wn.43, 49, 176 P.3d 497 (2008) (bystander). The emotional distress must be susceptible to medical diagnosis and proved through medical evidence. The symptoms of emotional distress must also constitute a diagnosable emotional disorder. *Kloepfel*, 149 Wn.2d at 196-97. This is a limited, judicially created tort. *Colbert*, 163 Wn. at 49.

Plaintiff did not allege that he was a bystander when a parent or child of his was injured by a tort committed by Wellpath, nor could he make such an allegation. Plaintiff also failed to allege what medical diagnosis he received as a result of his emotional distress. Accordingly, the court should dismiss the claim of negligent infliction of emotional distress against Wellpath.

### vi. Battery

A battery is the intentional infliction of harmful or offensive bodily contact with the plaintiff caused by an act intended to cause the plaintiff or some third person to suffer such a contact. *McKinney v. City of Tukwila,* 103 Wn. App. 391, 408, 13 P.3d 631 (2000; *Morinaga v. Vue*, 85 Wn. App. 822, 834, 935 P.2d 637 (1997). For there to be intent to cause harmful or offensive contact, "'the act must be done for the purpose of causing the contact … or with knowledge on the part of the actor that such contact … is substantially certain to be produced.'" *Garratt v. Dailey*, 46 Wn.2d 197, 201, 279 P.2d 1091 (1955). Significantly, the requisite intent for battery is the intent to cause the contact, not the intent to cause injury. *Garratt*, 46 Wn.2d at 201-02.

Plaintiff admits that he did not eat food on January 30 and 31. FAC ¶22. Therefore, Wellpath could not have committed any act regarding plaintiff's food that constituted an intended harmful or offensive contact to him. Plaintiff's claim of battery against Wellpath must be dismissed.

/ / /

4827-3397-8087.1
DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

      **vii.    Negligence**

The standard elements of a negligence claim are duty, breach, causation, and damage. Plaintiff alleges *all defendants* operated the jail. FAC ¶ 112. Once again, Rule 8(c) required that plaintiff include a factual basis for alleging that Wellpath operated the jail, as opposed to provided healthcare on just two days. Plaintiff alleged *all defendants* caused him "extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, loss of consciousness," because all defendants failed to provide plaintiff with gluten free food during his period of incarceration. FAC ¶¶113-115.

Plaintiff cannot show the first element of negligence as it relates to Wellpath—that Wellpath had a duty to provide plaintiff with a gluten-free meal. It was a healthcare provider for just two days. Plaintiff does not even allege that he had a formal interaction with Wellpath on either January 30 or 31, 2020.

Plaintiff also did not make any factual allegations, nor mere conclusions, regarding what Wellpath did or did not do for the short time that Wellpath provided services to the jail that led to plaintiff's alleged physical maladies. In the private sector, patients do not simply walk into the office of a primary care physician. A person has to first make an appointment. Plaintiff does not allege that in the jail he requested to see a medical person on January 30 or 31. Plaintiff admits he did not provide defendants with a release of his medical records to verify his food allergy until after Wellpath had stopped providing services to the county jail. FAC ¶¶ 4, 20. Plaintiff also did not allege that he suffered from dizziness, gastrointestinal distress, vomiting, or loss of consciousness on January 30 or 31, or any day shortly thereafter. The claim of negligence against Wellpath must be dismissed.

**C. Plaintiff Failed to State a Claim under 42 U.S.C. Section 1983**

Because plaintiff has sued Wellpath, not an individual, he was required to alleged facts supporting an assertion that Wellpath had an unconstitutional custom, practice, or policy, and that because of this unconstitutional custom, practice or policy, he suffered an injury. *Martinez v. Richard A. Cummo & Assoc.*, 2015 U.S. Dist. LEXIS 145688 *4 (E.D. Cal. 2015); *Cornish v.*

*Corr. Corp. of Am.*, 2011 U.S. Dist. LEXIS 33205 at *6 (D. Ariz. 2011); *Robinson*, 992 F. Supp. at 1204 (citing cases).  Plaintiff's FAC is devoid of any facts supporting an assertion that when a Wellpath provider acted (or failed to act) with regard to plaintiff on January 30 or 31, that action or inaction was because of some unconstitutional policy, custom, or practice.  Plaintiff did not allege even an encounter with Wellpath during the pertinent two days, much less the existence of an unconstitutional custom, practice, or policy with regard to the manner in which inmates with gluten allergies are treated by it.  The § 1983 claim against Wellpath should be dismissed.

### D.  Plaintiff's Three Discrimination Claims Must Be Dismissed

Plaintiff packaged the same conclusory allegations against all defendants into separate boxes for an alleged violation of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, and Washington's anti-discrimination law.  Like the other causes of action, the FAC does not allege facts as to what Wellpath did to discriminate against plaintiff on January 30 or 31, 2010.

The ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment. 42 U.S.C. § 12102(2);*La Marca v. Capella Univ.*, No. SACV 05-642-MLG, 2007 U.S. Dist. LEXIS 105047, at *34 (C.D. Cal. Dec. 13, 2007).  Plaintiff must show: (1) that he has an impairment; (2) that a major life activity is affected by the impairment; and (3) the impairment substantially limits the identified major life activity. *See Wong v. Regents of the University of California (Wong II)*, 410 F.3d 1052, 1063 (9th Cir. 2005)(citing *Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S. Ct. 2196, 141 L. Ed. 2d 540 (1998)).  Merely having a medical diagnosis of an impairment does not, *a fortiori*, mean that a person is disabled under the ADA. *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195, 122 S. Ct. 681, 690 (2002).

The ADA requires places of public accommodation to make "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods [and] services...to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). Plaintiff bears

DEFENDANTS WELLPATH, LLC'S MOTION TO DISMISS - 12

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1  the burden of establishing the existence of a reasonable accommodation. *Zukle v. Regents of the*
2  *University of California*, 166 F.3d 1041, 1046 (9th Cir. 1999).
3  The Rehabilitation Act of 1973 prohibits disability-based discrimination.  29 U.S.C. §
4  794(a).  Section 504 prohibits discrimination against qualified individuals with disabilities by
5  any program or activity receiving federal financial assistance, or by any program or activity
6  conducted by a federal executive agency or the U.S. Postal Service.  29 U.S.C. § 794.  Plaintiff
7  must prove that he engaged in protected activity with Wellpath, that Wellpath's actions were
8  sufficient to deter a person of ordinary firmness from exercising his right, and that there was a
9  causal connection between the activity and action.
10 Washington adopted its own law against discrimination (WLAD).  Washington's law bars
11 discrimination based on a person's disability.  The word "disability" was defined by the Washington
12 Legislature.  RCW 49.60.040(7)(a).
13 The FAC against Wellpath fails under each of the three anti-discrimination laws.
14 Plaintiff never alleged that he had an interaction with Wellpath and that Wellpath's actions or
15 inactions were the result of intentional discrimination, or had a discriminatory impact on him.  A
16 company cannot discriminate against a person with an alleged disability if they have not had an
17 interaction with that person.[1]  Plaintiff never alleged that he interacted with Wellpath on either
18 January 30 or 31, much less how such an interaction was discriminatory.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25
26 [1] In researching this motion, Wellpath could not find a reported or unreported federal or state case in which a court ruled that a person with Celiac Disease qualified as being disabled under a federal law.
27

## IV. CONCLUSION

Plaintiff's allegations against Wellpath fail to state a claim upon which relief can be grant. Accordingly, the claims against Wellpath should be dismissed with prejudice pursuant to FRCP 12(b)(6). The claims for negligent misrepresentation, negligent infliction of emotional distress and the three UCC warranty claims should be dismissed as a matter of law.

DATED this 3rd day of May, 2021.    LEWIS BRISBOIS BISGAARD & SMITH LLP

　　　　　　　　　　　　　　　　　　　*/s/ Eric J. Neiman*
　　　　　　　　　　　　　　　　　　Eric J. Neiman, WSBA #14473
　　　　　　　　　　　　　　　　　　Eric.Neiman@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　888 SW Fifth Avenue, Suite 900
　　　　　　　　　　　　　　　　　　Portland, Oregon 97204-2025
　　　　　　　　　　　　　　　　　　Phone 971.712.2800
　　　　　　　　　　　　　　　　　　Fax 971.712.2801

　　　　　　　　　　　　　　　　　　*Attorney for Defendant Wellpath, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 3rd, 2021, I electronically filed the foregoing **DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| *Attorneys for Plaintiff:*<br><br>Conrad Reynoldson, Esq.<br>Marielle Maxwell, Esq.<br>Washington Civil & Disability Advocate<br>4115 Roosevelt Way NE, Suite B<br>Seattle, WA 98105<br>conrad@wacda.com<br>marielle@wacda.com<br><br>Mary C. Vargas, *Pro Hac Vice*<br>Michael Stein, *Pro Hac Vice*<br>Stein & Vargas, LLP<br>10 G Street NE, Suite 600<br>Washington, DC 20002<br>Mary.Vargas@steinvargas.com<br>Michael.Stein@steinvargas.com | _____ Via First Class Mail<br>_____ Via Facsimile<br>✓ Via CM/ECF Notice<br>✓ Via E-Mail<br><br><br><br><br>_____ Via First Class Mail<br>_____ Via Facsimile<br>✓ Via CM/ECF Notice<br>✓ Via E-Mail |
|---|---|
| *Attorney for Defendants Clark County Jail and Clark County:*<br><br>John E. Justice, Esq.<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>2674 R.W. Johnson Road<br>Tumwater, WA 98512<br>P.O. Box 11880<br>Olympia, WA 98508<br>jjustice@lldkb.com | _____ Via First Class Mail<br>_____ Via Facsimile<br>✓ Via CM/ECF Notice<br>✓ Via E-Mail |

4830-2308-8103.1

| *Attorneys for Defendant NaphCare, Inc.:*<br><br>Ketia Wick, Esq.<br>Amy Craft, Esq.<br>FAVROS<br>701 Fifth Ave., Suite 4750<br>Seattle, WA 98104<br>ketia@favros.com<br>amy@favros.com<br>alisha@favros.com | ☐ Via First Class Mail<br>☐ Via Facsimile<br>✓ Via CM/ECF Notice<br>✓ Via E-Mail |
|---|---|

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: *s/ Eric J. Neiman*
    Eric J. Neiman, WSBA #14473
    *Attorneys for Defendant Wellpath, LLC*

4830-2308-8103.1