UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAVEN PICCIANO,<br><br>                     Plaintiff,<br>     v.<br><br>CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC.,<br><br>                     Defendants. | CASE NO. 3:20-cv-06106-DGE<br><br>ORDER GRANTING DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Wellpath, LLC's Motion to Dismiss the First Amended Complaint (the "FAC"). (Dkt. No. 31.)  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion.  Plaintiff voluntarily dismissed counts 7, 8, 9, 11, 12, and 13 against Defendant Wellpath, LLC ("Wellpath").  (Dkt. No. 36 at 4 n. 1.)  Plaintiff's remaining claims are dismissed without prejudice and with leave to file a second amended complaint addressing the deficiencies in the pleadings discussed in further detail below.  Fed. R. Civ. P. 15(a).

ORDER GRANTING DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS - 1

## II.  BACKGROUND

Plaintiff filed the present action against Clark County, Clark County Jail, and Naphcare, Inc. on November 11, 2020.  (Dkt. No. 1.)  On April 8, 2021, Plaintiff amended his complaint to add Wellpath as a defendant.  (Dkt. No. 27.)  On May 3, 2021, Defendant Wellpath filed the present motion to dismiss for failure to state a claim. (Dkt. No. 31.)

For purposes of the present order, the Court need only provide a short recitation of the relevant facts at issue.  The following dispute arises out of Plaintiff Gaven Picciano's experience at Clark County Jail (the "Jail") where he was held from January 30, 2020 until February 20, 2020.  (Dkt. No. 27 at 1.)  During his confinement, Defendant Wellpath was the healthcare provider at the Jail until midnight on January 31, 2020, at which point, unrelated to this case, Wellpath's contract to provide healthcare services expired and NaphCare became the Jail's healthcare provider.  (Dkt. No. 31 at 2.)

Plaintiff suffers from celiac disease, requiring him to adhere to a strict gluten-free diet. (Dkt. No. 27 at 1.)  To summarize the allegations in the FAC, Plaintiff alleges that throughout his time at the Jail, Defendants denied his repeated requests for gluten-free meals, forcing Plaintiff to go days, and even weeks, without access to proper food.  (*Id*. at 4–9.)  Notably, at one point Plaintiff was offered what he thought was gluten-free food which he later found was not gluten-free and caused him severe physical pain.  (*Id*. at 8.)

## III.  DISCUSSION

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston*

1   *v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6)

2   motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

3   grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

4   recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

5   U.S. 544, 554–55 (2007) (internal citations omitted).  "Factual allegations must be enough to

6   raise a right to relief above the speculative level, on the assumption that all the allegations in the

7   complaint are true (even if doubtful in fact)." *Id*. at 555.  The complaint must allege "enough

8   facts to state a claim to relief that is plausible on its face." *Id*. at 547.

9      Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short plain

10  statement of the claim showing that the pleader is entitled to relief."  To comply with Federal

11  Rule of Civil Procedure 8(a)(2), a plaintiff "must plead a short and plain statement of the

12  elements of his or her claim, identifying the transactions or occurrence giving rise to the claim

13  and the elements of the prima facie case." *Bautista v. Los Angeles County,* 216 F.3d 837, 840

14  (9th Cir. 2000). Although Federal Rule of Civil Procedure 8 "encourages brevity, the complaint

15  must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds

16  upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308

17  (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346 (2005)).

18      Here, Defendant Wellpath's Motion to Dismiss focuses on the use of the term

19  "Defendants" throughout the FAC.  Wellpath argues that because it only provided services at the

20  Jail until January 31, 2020, Plaintiff's continued use of the term "Defendants" throughout the

21  FAC, for events before and after January 31, make it impossible for the Defendants to know

22  what they are alleged to have done during Plaintiff's confinement.

23

24

The Court agrees with Defendant Wellpath, as "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). In short, it should not be this Court's responsibility to solve the jigsaw puzzle by determining which allegations support claims against which Defendants. Plaintiff's decision in its Opposition to voluntarily dismiss Wellpath from six of the thirteen claims in the FAC confirms that the term "Defendants" in the FAC does not always mean *all* Defendants. Although Plaintiff's Opposition does provide greater detail specifying the allegations against Wellpath, the Court cannot rely on an opposition brief to cure glaring deficiencies in the FAC. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The remaining claims against Wellpath, along with the remaining claims as to the rest of the Defendants, suffer from the same deficiency.

Rather than address Defendants' arguments as to why some or all of the claims should be dismissed against some or all Defendants, the Court will address those arguments after Plaintiff files a new amended complaint.

**A. Dismissed Claims**

ORDER GRANTING DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS - 4

In his Opposition, Plaintiff voluntarily dismissed counts 7, 8, 9, 11, 12, and 13 against Defendant Wellpath.  (Dkt. No. 36 at 4 n. 1.)  Accordingly, those claims are dismissed as to Defendant Wellpath with prejudice.

### B. Federal Rule of Civil Procedure 9(b) Requirement of Pleading Claims of Fraud with Particularity

Prior to Plaintiff's Opposition dismissing the fraud claims against Wellpath, the Motion to Dismiss argued that all the claims, which are based on alleged fraudulent conduct, are not plead with particularity as required by Federal Rule of Civil Procedure 9(b).  The Court agrees.  Even though the fraud claims against Wellpath are now dismissed, the FAC suffers from the same flaw as to the remaining Defendants and should be amended if Plaintiff chooses to refile a second amended complaint.

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity."  Fed. R. Civ. P. 9(b).  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).  Thus, the "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Here, in reviewing Plaintiff's claim of fraud, the Court cannot identify what alleged conduct in the FAC is attributable to each Defendant.  Plaintiff's claim of fraud and intentional misrepresentation is based on "false and material misrepresentations about the nature of a meal."

(Dkt. No. 27 at 20–21.) However, Plaintiff's allegation fails to differentiate between the Defendants, specifically, which Defendant (or Defendants) represented to the Plaintiff that the meal was gluten-free.[1]

## IV.    CONCLUSION

Accordingly, and having considered Defendant Wellpath's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant Wellpath's Motion to Dismiss is GRANTED.

1. Counts 7, 8, 9, 11, 12, and 13 as to Defendant Wellpath are DISMISSED WITH PREJUDICE.

2. Plaintiff's remaining claims as to Defendant Wellpath are DISMISSED WITHOUT PREJUDICE and with leave to amend. If Plaintiff chooses to file an amended complaint, he must plead, if he is able to, additional factual allegations to cure the deficiencies identified in this order. The amended complaint must be filed no later than January 25, 2022. If an amended complaint is not filed, the remaining claims as to Defendant Wellpath will be dismissed with prejudice.

Dated this 4th day of January 2022.

David G. Estudillo
United States District Judge

---

[1] The pleading deficiencies noted in Plaintiff's fraud claims, arguably, may also apply to the remaining claims. Therefore, Plaintiff should review the remaining claims when drafting the second amended complaint.

ORDER GRANTING DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS - 6