IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAVEN PICCIANO,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, CLARK COUNTY JAIL,WELLPATH, LLC, and NAPHCARE, INC.<br><br>Defendants. | **NO. 3:20-cv-06106-RAJ**<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY DEMAND** |

## INTRODUCTION

In the winter of 2020, Plaintiff Gaven Picciano was in a long-term relationship that suddenly ended. He was devastated by the breakup.  The woman he had been dating called police when he exhibited suicidal ideation on January 30, 2020.  Police in turn arrested Mr. Picciano and as a result, he was held in Clark County Jail.  This Complaint does not relate to Mr. Picciano's arrest.  This Complaint relates to the shocking conditions of Mr. Picciano's detention at Clark County Jail from January 30, 2020, until February 20, 2020.  Mr. Picciano has Celiac Disease and requires strictly gluten-free food.  Mr. Picciano was held by Defendants for 22 days without access to food that he could safely eat.  This discriminatory treatment and failure to take the steps necessary to ensure that he had access to medically necessary gluten-free meals resulted in both physical and emotional harm including but not limited to nausea, vomiting, diarrhea, stomach pain, loss of consciousness, hospitalization, the loss of a significant percentage of his body weight, weakness, emotional suffering, and fear.

Defendants Clark County and Clark County Jail discriminated against Mr. Picciano in

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*.

Clark County, Clark County Jail, Wellpath, LLC ("Wellpath"), and NaphCare, Inc.

("NaphCare") (collectively "all Defendants") discriminated against Mr. Picciano on the basis of

his disability in violation of Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C.

§ 794, and the Washington Law Against Discrimination ("WLAD"), R.C.W. § 49.60.010 *et seq*.

The cruel conditions in which Mr. Picciano was held also violated the Fourteenth Amendment to

the United States Constitution and Mr. Picciano asserts a claim pursuant to 42 U.S.C. § 1983.

Mr. Picciano additionally alleges state law claims based on tort and breach of warranty with

respect to the food he was promised was safe for him to eat.  The food resulted in further illness

and injury.  The food was self-evidently not safe for Mr. Picciano.  As a result of actions taken

by all Defendants both individually and in concert, Mr. Picciano seeks declaratory relief,

compensatory damages, punitive damages, and attorneys' fees and costs.

## PARTIES

1.     Plaintiff Gaven Picciano now resides in Michigan. However, at the time of the

relevant events, Mr. Picciano was a resident of and living in Vancouver, Washington.

2.     Defendant Clark County is a political subdivision of the State of Washington and

runs the Clark County Jail. Upon information and belief, Clark County is a recipient of federal

financial assistance including but not limited to funding from the United States Department of

the Treasury.

3.     Defendant Clark County Jail is an intake facility that houses pre-trial and locally

sentenced individuals arrested in Clark County. Upon information and belief, Clark County Jail

is a recipient of federal financial assistance because, *inter alia*, a portion of the funding federal

funds allocated to Clark County were directed to Clark County Jail covering the time period

relevant to this case.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.  Defendant Wellpath is a company headquartered in Tennessee that provides medical care in correctional facilities throughout the United States. Upon information and belief, Wellpath was under contract to provide medical services at the Clark County Jail through the end of January 31, 2020. Upon information and belief, Wellpath is a recipient of substantial federal financial assistance because, *inter alia*, it receives payments from Medicaid and Medicare, as well as payments from the United States Department of Justice.

5.  Defendant NaphCare is a company headquartered in Birmingham, Alabama, that provides medical care in correctional facilities throughout the United States, including at Clark County Jail. Defendant NaphCare, prides itself on providing "cost-effective" services to the prison industry. NaphCare has been repeatedly sued for discrimination and injuries. One of the most appalling of these lawsuits was in the Eastern District of Virginia. Chief Judge Rebecca Beach Smith described the death of a young man who was denied medical care for his disability by NaphCare, and died among his own feces and urine.  Chief Judge Beach Smith described the case as "heartbreaking and shocking, 'needless,' lacking in 'human decency,' and among 'the most appalling and inhumane' conditions the Chief Judge had heard in her 30 years on the bench. *Adams v. NaphCare, Inc*., Civil A. No. 2:16-cv-229, 2019 U.S. Dist. LEXIS 45534 (E.D. Va. Mar. 19, 2019) (man arrested for stealing $5.05 worth of food from a 7-Eleven wasted away from 180 pounds to 140 pounds over a period of four months while his deteriorating mental and physical condition was "basically ignored" until he "died amid his own feces and bodily fluids . . . from 'wasting syndrome'").  Upon information and belief, Clark County and Clark County Jail contracted with NaphCare to provide medical services beginning on February 1, 2020, in Clark County Jail.  NaphCare, has received at least $155.1 million dollars in federal financial assistance including substantial funds from the United States Department of Justice.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

6.     All Defendants were responsible for Mr. Picciano's well-being during his detention. Clark County and Clark County Jail were obligated throughout the entirety of Mr. Picciano's detention to ensure that his special dietary needs were met.  Wellpath and NaphCare were contractors who provided medical and dietary services for inmates pursuant to contract with Clark County and Clark County Jail.  From Mr. Picciano's initial detention through the end of January 31, 2020, Clark County, Clark County Jail, and Wellpath were responsible for Mr. Picciano's medical and dietary requirements.  From February 1, 2020 through Mr. Picciano's release, Clark County, Clark County Jail and NaphCare were responsible for Mr. Picciano's medical and dietary requirements.

## II. JURISDICTION AND VENUE

7.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

8.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

9.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

10.   Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the incidents that gave rise to Mr. Picciano's Complaint occurred in this district and all Defendants reside or conduct business within this district.

## III. FACTUAL ALLEGATIONS

11.   Gaven Picciano is a 28-year-old Native American male who lives on a reservation in

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Michigan.

12. Mr. Picciano has Celiac Disease. As a result, he must adhere to a strict gluten-free diet, or he becomes extremely ill with both short- and long-term health consequences.

13. Celiac Disease is a serious auto-immune disease that affects approximately 1% of the population. Celiac Disease has no cure. The only treatment is strict avoidance of gluten.

14. Gluten is the name of a protein contained in wheat (all varieties), barley, rye, triticale, and some other grains (such as processed oats).

15. Wheat, barley and rye are standard ingredients in a number of other products. Wheat or wheat gluten is frequently added as a thickening or binding agent or to add flavoring or coloring. It is important to read labels of processed foods to determine if they contain gluten or were processed in such a way that they are not gluten-free. It is also important that gluten-free foods are prepared separately from gluten-containing foods.

16. When a person with Celiac Disease ingests food containing even trace amounts of gluten, they can experience not only short-term symptoms such as vomiting, nausea, diarrhea, neuropathic pain, and stomach pain, but also long-lasting bodily damage, significantly increasing their risk of developing cancer and other life-threatening diseases later in life.

17. When Mr. Picciano, as a person with Celiac Disease, ingests gluten, he experiences vomiting, diarrhea, stomach pain, and other substantially limiting symptoms.

18. Clark County and Clark County Jail operate Food Services within Clark County Jail. Food Services is responsible for preparation and service of food to detainees.

19. Clark County entered into a contract with Wellpath to provide medical services for inmates at Clark County Jail. This contract was effective through the end of January 31, 2020.

20. Pursuant to contract, at the time of Mr. Picciano's arrest and detention, Clark

Second Amended Complaint

**Page 5 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

County, Clark County Jail, and Wellpath were responsible for prescribing and providing medically necessary diets to detainees at Clark County Jail. At intake, Clark County, Clark County Jail, and Wellpath were responsible for conducting a medical evaluation and assessing whether a detainee required a medically necessary diet. Clark County, Clark County Jail, and Wellpath were then responsible for ensuring that each detainee was served food that was safe for them to eat in accordance with their medical needs. Clark County, Clark County Jail, and Wellpath were also responsible for communicating with detainees about medically necessary diets.

21.    Upon information and belief, beginning on February 1, 2020, NaphCare assumed Wellpath's contractual responsibilities for the medical care of inmates in Clark County Jail.

22.    Upon information and belief, it was the policy of Clark County, Clark County Jail, Wellpath, and NaphCare that individuals with food allergies and Celiac Disease not receive medically necessary diets until medical records are requested by the medical contractor (Wellpath or NaphCare), received by that medical contactor, approved by the medical contractor, and then the medical contractor notifies the jail kitchens. This policy, which resulted in the approval process for gluten-free meals taking weeks, was on its face life-threatening, dangerous, and discriminatory to individuals with disabilities that require medically necessary food all the time, not after weeks of detention without access to safe food in the interim.

**Mr. Picciano's Detention**
**January 30-31, 2020**

23.    On January 30, 2020, Mr. Picciano was arrested and transported to Clark County Jail.

24.    At the time he was booked into Clark County Jail on January 30, 2020, Mr.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Picciano completed a Medical Assessment Form indicating that he has Celiac Disease. Mr.

Picciano also notified Medical Services, which was operated at the time by Wellpath, that he has

Celiac Disease and requires a strictly gluten-free diet.

25.     Despite having been advised that Mr. Picciano has Celiac Disease and has a

medical need for a gluten-free diet, Wellpath did not prescribe or otherwise take the steps

necessary to ensure that he had a gluten-free diet on January 30-31, 2020.  Similarly, neither

Clark County nor Clark County Jail took the steps necessary to ensure that Mr. Picciano had

access to a medically, necessary gluten-free diet during this time.

26.     On January 31, 2020, Mr. Picciano renewed his request for a gluten-free diet. He

promptly signed a records release for Clark County, Clark County Jail, and Wellpath to obtain

his medical records to confirm his diagnosis with Celiac Disease.

27.     On January 31, 2020, Mr. Picciano also filed an inmate request slip again alerting

Clark County, Clark County Jail and Wellpath that he has Celiac Disease and must adhere to a

strict gluten-free diet.

28.     Between the start of his detention on January 30, 2020, and the end of January 31,

2020, inmates without dietary needs were served three nutritionally sufficient meals per day.

The meals that were served to Mr. Picciano were not safe for Mr. Picciano to eat.

29.     While other detainees were provided with meals they could safely eat, Mr.

Picciano was not and suffered hunger and illness as a result.

### Mr. Picciano's Detention
### February 1, 2020 to February 20, 2020

30.     On February 1, 2020, NaphCare took over from Wellpath the contract to operate

Medical Services at Clark County Jail.

31.     As the contractor operating Medical Services, NaphCare, along with Clark

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

County and Clark County Jail, was responsible for prescribing and taking the steps necessary to ensure that detainees had access to medically necessary diets effective February 1, 2020.  Also, along with the county and the jail, NaphCare was responsible for communicating with detainees to ensure that diets were safe for detainees with medical needs, including detainees with Celiac Disease.

32.     As Mr. Picciano had with Wellpath, he put NaphCare on notice of his Celiac Disease and medical need for gluten-free meals.

33.     On February 1, 2020, Mr. Picciano submitted an Inmate Request Slip to request a medically necessary, gluten-free diet because of his Celiac Disease and clearly described the severe consequences he experiences if he ingests gluten.

34.     In response, Clark County, Clark County Jail, and/or NaphCare responded only: "you are on the list to be seen by a nurse."

35.     On February 1, 2020, while other detainees were provided with meals, the only food Clark County and Clark County Jail provided that Mr. Picciano could safely eat was a banana and some vegetables.  By this point, Mr. Picciano had not eaten a full meal in three days.

36.     Mr. Picciano asked guards employed by Clark County and Clark County Jail for assistance because he did not have food he could safely eat.  He again disclosed that he has Celiac Disease and needs a strict gluten-free diet.  Guards responded verbally to Mr. Picciano that it could take 10-15 days for him to receive a gluten-free diet.

37.     The guards advised Mr. Picciano that in the meantime he should trade food with other detainees so that he could eat.  Another detainee gave Mr. Picciano his serving of vegetables and his banana because Mr. Picciano had barely eaten for three days.

38.     On February 2, 2020, Medical Services documented that Mr. Picciano had been

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

seen at sick call operated by NaphCare under contract with Clark County and Clark County Jail. The records documented that Mr. Picciano had yet again reported that he had Celiac Disease and needed a gluten-free diet.

39.     On February 2, 2020, Medical Services (operated by NaphCare) informed Mr. Picciano that it could take a while to receive a gluten-free diet so he should just eat the regular food and Medical Services would see if he got sick.

40.     For days at a time, Mr. Picciano had virtually nothing to eat while Clark County, Clark County Jail, and first Wellpath and then NaphCare refused or ignored his repeated requests for help. Again and again, he requested approval for gluten-free food that was safe for him to eat and again and again, his requests were ignored, discarded, or brushed off.

41.     Mr. Picciano filed grievances with "medical" seeking a medical diet of gluten-free food.  "Medical" directed him to "food services".  He filed grievances with "food services" and was in turn redirected back to "medical".

42.     For example, on or about February 2, 2020, Mr. Picciano filed a grievance with Clark County, Clark County Jail, and/or NaphCare seeking a gluten-free diet.

43.     Jail records document that as of February 3, 2020, Mr. Picciano had signed a release to allow Clark County, Clark County Jail, and Medical Services access to his medical records. Despite this, five days into his detention, Mr. Picciano was not being provided with meals he could eat.

44.     On February 3, 2020, Mr. Picciano again submitted a medical grievance seeking a gluten-free diet.  Medical Services did not respond to this grievance until February 14, 2020, some 11 days later.

45.     On or about February 4, 2020, having not had a meal in six days, Mr. Picciano again

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

filed a medical kite/grievance seeking a gluten-free diet.  Medical Services responded by closing

his grievance and scheduling Mr. Picciano to be seen at sick call.

46.   On or about February 5, 2020, Clark County and Clark County Jail responded to Mr.

Picciano's February 2, 2020 grievance by instructing him to contact "Medical".  No action was

taken to help Mr. Picciano in response to the February 2, 2020 grievance.

47.   On or about February 5, 2020, having not eaten a meal in seven days, Mr. Picciano

again filed a grievance with Clark County Jail stating that he had had no meals and needed a

gluten-free diet due to Celiac Disease.

48.   By February 6, 2020, Clark County, Clark County Jail, and NaphCare had received

Mr. Picciano's medical records but still did not take the steps necessary to ensure that Mr.

Picciano had access to a gluten-free diet.

49.   On or about February 6, 2020, having not eaten a meal in eight days, Mr. Picciano

escalated his February 2, 2020, grievance to a "Level Two Grievance" with Clark County Jail

stating that he had been to "Medical" multiple times seeking safe food and had not received

assistance.  He reported that he was losing weight and feeling sick and lightheaded as the result

of lack of food.

50.   On or about February 7, 2020, having not had a meal in nine days, Mr. Picciano

again went to sick call saying he had not received any food safe for his Celiac Disease.  Medical

Services (operated by NaphCare) documented on their "sick calls" sheet extreme weight loss,

fatigue, light headedness, loss of skin color and extreme malnourishment.

51.   On February 8, 2020, Mr. Picciano reported to a guard that he was feeling ill from

lack of food and believed it to be an emergency. He was vomiting bile and experiencing stomach

cramps.  The guard said he would talk to a nurse and "look into it."

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

52.   On or about February 10, 2020, Clark County and Clark County Jail's' response to Mr. Picciano's February 6, 2020 Level Two Grievance was a communication from an employee of Clark County/Clark County Jail or NaphCare named Bomer stating, "I have personally notified medical staff and the commander who oversees the medical unit." Nonetheless, Mr. Picciano was still not receiving medically necessary gluten-free meals and had not eaten a meal in twelve days.

53.   Mr. Picciano then ate the food that Clark County/Clark County Jail provided and claimed was gluten-free. Upon information and belief the food contained gluten and Mr. Picciano became sick and vomited.

54.   The evening of February 10, 2020, Mr. Picciano collapsed as the result of not having sufficient food. He was designated as "code blue" meaning that he was not responsive to painful stimuli, including a sternum rub. Clark County, Clark County Jail, and NaphCare administered NARCAN, which is used to treat drug overdoses, even though Mr. Picciano had not taken drugs or overdosed.

55.   Emergency personnel responded and Mr. Picciano was transported to the hospital.

56.   Mr. Picciano was diagnosed with orthostatic hypotension, dehydration, electrolyte imbalance and arrhythmia. He was released back into the custody of Clark County and Clark County Jail with instructions from the hospital to provide him a gluten-free diet. Still, Clark County, Clark County Jail, and NaphCare failed to provide the medically necessary gluten-free meals for Mr. Picciano.

57.   On or about February 11, 2020, Mr. Picciano was served food with visible cross-contamination. Mr. Picciano filed another grievance with Clark County, Clark County Jail, and/or NaphCare and went to sick call having become sick from eating cross-contaminated food.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

58.   On or about February 12, 2020, Mr. Picciano filled out another inmate request slip, stating that the food was making him sick due to cross-contamination.

59.   On February 13, 2020, Mr. Picciano submitted another grievance to Food Services operated by Clark County and Clark County Jail stating that the food he was being served was not actually gluten-free.

60.   On or about February 14, 2020, Mr. Picciano filed another grievance with Clark County, Clark County Jail, and Medical Services operated by NaphCare requesting gluten-free food.

61.   On or about February 14, 2020, Clark County, Clark County Jail, and NaphCare responded to Mr. Picciano's February 11, 2020 grievance stating "your diet was revised to GF." However, Mr. Picciano was still not receiving safe, gluten-free meals.

62.   On or about February 15, 2020, Mr. Picciano filed another grievance with Medical Services operated by NaphCare stating that he was not receiving gluten-free meals. Mr. Picciano listed examples of the gluten-containing foods that he was receiving, including a hot dog in a bun, a muffin, and beef stew.  NaphCare did not bother to respond to this grievance and simply closed it after Mr. Picciano was released.

63.   On or about February 17, 2020, NaphCare responded to Mr. Picciano's February 14, 2020 grievance stating that NaphCare had no medical records documenting his Celiac Disease. This was unequivocally false. The NaphCare nurse further stated in written response that until Mr. Picciano's diagnosis was verified, he would not receive a gluten-free diet.

64.   On or about February 18, 2020, Mr. Picciano filed a response to NaphCare's February 17, 2020, claim that they did not have medical records. Mr. Picciano again informed NaphCare that he had already signed a medical release.

Second Amended Complaint

**Page 12 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

65.   On or about February 18, 2020, NaphCare finally admitted it had Mr. Picciano's medical records and claimed to have ordered a gluten-free diet over a week earlier.

66.   On February 18, 2020, Clark County and Clark County Jail responded to Mr. Picciano's February 12, 2020, grievance with simply "the kitchen does their best to accommodate your gluten-free special diet. The kitchen is not 100% gluten-free environment."

67.   On February 18, 2020, Clark County/Clark County Jail responded to Mr. Picciano's February 13, 2020 grievance stating only that they had responded to his grievance on that date.

68.   On or about February 18, 2020, Mr. Picciano filed another grievance alerting Clark County, Clark County Jail, and NaphCare to the fact that the food he had been given as gluten-free was in fact not gluten-free.

69.   By this point, Mr. Picciano had suffered extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness. Mr. Picciano was terrified as he felt his body shutting down due to lack of food and poor nutrition. Mr. Picciano was afraid because guards were telling other inmates that he was faking his medical condition.

70.   As just one example of Clark County, Clark County Jail, and NaphCare's indifference to Mr. Picciano's suffering, in response to a February 14, 2020 complaint that he did not have food, they responded three days later, on February 17, 2020, instructing him to "please continue to avoid foods that cause discomfort until allergies are verified, diets cannot be changed. Medical does not have any control of what type of food you receive." By this point, Mr. Picciano had been virtually without food for 19 days.

71.   Even when Clark County, Clark County Jail, and NaphCare eventually approved Mr. Picciano's requests for gluten-free food, Clark County and Clark County Jail still failed to

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

actually ensure that the food he was served was in fact gluten-free.  Although the meals provided to Mr. Picciano were labeled as gluten-free, on numerous instances these meals were *exactly* the same meals provided to other individuals who were detained and were prepared along with the other gluten meals. As a result of Clark County, Clark County Jail, and NaphCare's false statements and assurances, Mr. Picciano ate food which was unsafe for him and became even sicker. He experienced vomiting, nausea, and severe abdominal pain on a regular basis.

72.     Mr. Picciano's family contacted Clark County and the State Attorney General in an attempt to seek intervention for Mr. Picciano's health. No one working at Clark County, Clark County Jail or NaphCare acted, despite the fact that they were all on explicit notice that Mr. Picciano was ill and starving under their care and control.

73.     Even worse, Clark County and Clark County Jail took punitive action against Mr. Picciano in response to his pleas for food, which included jail staff making retaliatory and intimidating comments to him, including harassing Mr. Picciano with comments along the lines of "don't worry these cuffs are gluten-free so they won't make you sick."

74.     Despite Mr. Picciano's eventual release, his injuries continued to manifest. Mr. Picciano lost significant body weight while detained under the care and control of Clark County, Clark County Jail, Wellpath, and NaphCare. In the wake of his release, Mr. Picciano suffered, esophagitis and gastritis as well as abdominal pain, vomiting, and liver involvement along with an increase to his risk of cancers and other serious diseases as result of the acts and omissions of Clark County and Clark County Jail for the entirety of his detention, and as a result of the acts and omissions of Wellpath through the end of January 31, 2020, and the acts and omissions of NaphCare after January 31, 2020.

75.     The actions of Clark County, Clark County Jail, Wellpath, and NaphCare arise to the

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

level of malice and/or deliberate indifference to Mr. Picciano's obvious suffering and numerous pleas for help.

76.   Mr. Picciano suffered damages, including pain and suffering, emotional distress, humiliation, frustration, fear, and embarrassment as the result of the acts and omissions of Clark County, Clark County Jail, Wellpath, and NaphCare.

77.   Mr. Picciano timely filed a Tort Claims Notice with Clark County and Clark County Jail on or about September 4, 2020. Clark County and Clark County Jail did not respond other than to acknowledge receipt.

### FIRST CAUSE OF ACTION
#### Title II of the Americans with Disabilities Act of 1990
#### 42 U.S.C. § 12131 *et seq.*
#### (Against Defendants Clark County and Clark County Jail)

78.   Mr. Picciano incorporates by reference the allegations in the paragraphs above.

79.   The ADA was enacted on July 26, 1990, more than 30 years ago, in order to protect individuals with disabilities against discrimination.

80.   Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

81.   Due to his Celiac Disease, Mr. Picciano is substantially limited in the major life activity of eating and the major bodily functions of the immune, digestive, bowel, and neurological systems.

82.   Mr. Picciano is therefore an individual with a disability within the meaning of the ADA. 42 U.S.C. § 12131.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

83. Mr. Picciano is a qualified individual with a disability under the meaning of Title II of the ADA, 42 U.S.C. § 12131(2), because he meets the essential eligibility requirements for the receipt of services by Clark County and Clark County Jail.

84. Clark County and Clark County Jail are public entities under the meaning of Title II of the ADA as "instrumentalit[ies] of a State . . . or local government. 42 U.S.C. § 12131(1)(b).

85. Clark County and Clark County Jail discriminated against Mr. Picciano, on the basis of his disability and in violation of Title II of the ADA, by failing to take the necessary steps to ensure that he had meaningful access to meals while detained.

86. A public entity must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

87. As public entities, Clark County and Clark County Jail were required under the ADA to make modifications to their medical and food services policies in order to accommodate Mr. Picciano's disability.

88. By refusing to do so, Clark County and Clark County Jail discriminated against Mr. Picciano on the basis of his disability by failing to take the necessary steps to ensure that he had access to the gluten-free meals that his disability required. 28 C.F.R. § 35.130(b)(1)(ii).

89. Clark County and Clark County Jail acted intentionally and with deliberate indifference towards Mr. Picciano's federally protected rights, in violation of Title II of the ADA and its implementing regulations.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

90.   Mr. Picciano experienced harm as the result of discrimination including but not limited to pain and suffering, emotional distress, humiliation, frustration, fear, and embarrassment.

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794
### (Against All Defendants)

91.   Mr. Picciano incorporates by reference the allegations in the paragraphs above.

92.   The Rehabilitation Act of 1973 was enacted in part to further a policy of promoting "respect for the privacy, rights, and equal access (including the use of accessible formats), of the individuals [with disabilities]." 29 U.S.C. § 701(c)(2).

93.   Mr. Picciano is limited in the major activity of eating and the major bodily functions of the immune, digestive, bowel, and neurological systems due to his Celiac Disease.

94.   At all times relevant to this action, Clark County, Clark County Jail, Wellpath, and NaphCare were recipients of federal financial assistance.

95.   Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

96.   Food service was provided to other detained individuals. Because of his disability, Mr. Picciano cannot eat a standard diet, and requires a strictly gluten-free diet. By failing to take the necessary steps to ensure that Mr. Picciano had access to a gluten-free diet, Clark County, Clark County Jail, Wellpath, and NaphCare denied Mr. Picciano the benefits of a program or activity receiving federal financial assistance, and discriminated against him in violation of

Second Amended Complaint

**Page 17 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

§ 504.

97.   The criteria Clark County, Clark County Jail, Wellpath, and NaphCare used to deny Mr. Picciano access and use of gluten-free meals had the effect of subjecting him to discrimination solely based on his disability.

98.   The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

99.   Clark County, Clark County Jail, Wellpath, and NaphCare were repeatedly informed verbally and in writing on multiple occasions that Mr. Picciano desperately needed a specialized gluten-free diet.

100.   In spite of this knowledge, Clark County, Clark County Jail, Wellpath, and NaphCare intentionally and with deliberate indifference discriminated against Mr. Picciano, on the basis of his disability, in violation of the Rehabilitation Act and its implementing regulations.

101.   Mr. Picciano suffered harm, including but not limited to pain and suffering, emotional distress, humiliation, frustration, fear, and embarrassment, as the result of the actions and inactions of Clark County, Clark County Jail, Wellpath, and NaphCare.


**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against All Defendants)**

102.   Mr. Mr. Picciano incorporates by reference the allegations in the paragraphs above. The Fourteenth Amendment to the United States Constitution guarantees equal protection under the law.

103.   Detained individuals have a constitutional right to receive and have access to adequate basic essentials including medically appropriate food and health care.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

104. Congress enacted 42 U.S.C. § 1983 to provide a remedy for constitutional violations.

105. The failure of Clark County, Clark County Jail, Wellpath, and NaphCare to take the necessary steps to ensure that Mr. Picciano had adequate gluten-free meals caused the deprivation of Mr. Picciano's rights, and was the ultimate cause of Mr. Picciano's injuries.

106. The acts and omissions of Clark County, Clark County Jail, Wellpath, and NaphCare resulted in the wanton and unnecessary infliction of pain on Mr. Picciano.

107.   Clark County, Clark County Jail, Wellpath, and NaphCare were acting under the color of state law when they violated Mr. Picciano's constitutional rights.

108.   Clark County, Clark County Jail, Wellpath, and NaphCare acted with deliberate indifference because they knew that Mr. Picciano required gluten-free meals and that the failure to take the necessary steps to ensure that he had access to such meals would result in significant emotional and physical injuries to Mr. Picciano, yet they failed to take the steps necessary to ensure that he had access to safe meals.

109. Clark County, Clark County Jail, Wellpath, and NaphCare had a custom or practice of not providing medically necessary meals in timely manner to individuals with disabilities, including a custom or practice of not taking the necessary steps to ensure the timely provision of gluten-free meals for individuals with Celiac Disease. Specifically, while detainees without disabilities received immediate access to safe meals, detainees who required medical necessary diets were not given access to safe meals.

110. The custom or practice of Clark County, Clark County Jail, Wellpath, and NaphCare of not taking the necessary steps to ensure that individuals with Celiac Disease such as Mr. Picciano have timely access to gluten-free meals caused Mr. Picciano's injuries.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

111.    Clark County, Clark County Jail, Wellpath, and NaphCare acted with reckless or callous indifference to Mr. Picciano's federally protected right to receive medically necessary meals and health care while held in jail. Specifically, Clark County, Clark County Jail, Wellpath, and NaphCare failed to take the steps necessary to ensure that Mr. Picciano had timely access to medically necessary gluten-free meals despite repeatedly being made aware of Mr. Picciano's Celiac Disease and immediate need for gluten-free meals.  The failure by Clark County, Clark County Jail, Wellpath, and NaphCare to provide these gluten-free meals despite repeated notice was malicious, wanton, and oppressive, causing severe emotional and physical harm to Mr. Picciano as he literally wasted away behind bars.

112. Mr. Picciano suffered injury and seeks compensatory damages as a result of the acts and omissions of Clark County, Clark County Jail, Wellpath, and NaphCare.

113. Mr. Picciano is additionally entitled to punitive damages from Wellpath and NaphCare as a result of its actions under color of law in failing to take the necessary steps to ensure that Mr. Picciano had access to safe meals while he was detained.

114. Mr. Picciano suffered harm, including but not limited to pain and suffering, emotional distress, humiliation, frustration, and embarrassment, as the result of the actions and inactions of Clark County, Clark County Jail, Wellpath, and NaphCare.


**FOURTH CAUSE OF ACTION**
**The Washington Law Against Discrimination**
**R.C.W. § 49.60.010 *et seq.***
**(Against All Defendants)**

115. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

116. The Washington Law Against Discrimination ("WLAD") declares: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

disability . . . is recognized as and declared to be a civil right. This right shall include, but not be

limited to . . . (b) The right to the full enjoyment of any of the accommodations, advantages,

facilities, or privileges of any place of public resort, accommodation, assemblage, or

amusement."  R.C.W. § 49.60.030(1).

117. Mr. Picciano is an individual with a disability within the meaning of the WLAD.

R.C.W. § 49.60.040(7)(a).

118. Clark County Jail is a place "where medical service or care is made available" and is

thus a place of public accommodation within the meaning of the WLAD.  R.C.W.

§ 49.60.040(2).  Clark County is subject to WLAD because it operates the Clark County Jail

which is in turn subject to the WLAD.

119. Wellpath is a place of public accommodation within the meaning of the WLAD

because it made its medical services available at the Clark County Jail.

120. NaphCare is a place of public accommodation within the meaning of the WLAD

because it makes its medical services available at the Clark County Jail.

121. Clark County, Clark County Jail, Wellpath, and NaphCare discriminated against Mr.

Picciano by not affording him full and equal access to proper and safe nutrition because of his

disability.

122. Clark County, Clark County Jail, Wellpath, and NaphCare ensured that other

individuals without disabilities had access to food services and medical care, and therefore

discriminated against Mr. Picciano by failing to provide the same meaningful services or

treatment to Mr. Picciano because of his disability.

123. Clark County, Clark County Jail, Wellpath, and NaphCare intentionally

discriminated against Mr. Picciano by failing to take the necessary steps to ensure the timely

Second Amended Complaint

**Page 21 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

provision of proper gluten-free meals to Mr. Picciano during his detention, despite Mr.

Picciano's clear and repeated requests and explanations of the need for meals that will not

exacerbate his Celiac Disease.

124. As a direct and proximate cause of the acts and omissions of Clark County, Clark

County Jail, Wellpath, and NaphCare as alleged in this Complaint, Mr. Picciano suffered

extreme hunger, malnourishment, gastrointestinal distress, weight loss, loss of consciousness and

humiliation.

125. As a direct and proximate cause of the acts and omissions of Clark County, Clark

County Jail, Wellpath, and NaphCare as alleged in the Complaint, Mr. Picciano suffered harm

including but not limited to pain and suffering, emotional distress, humiliation, frustration, and

embarrassment.


### FIFTH CAUSE OF ACTION
### Negligence
### (Against All Defendants)

126. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

127. Clark County, Clark County Jail, Wellpath (through the end of January 31, 2020),

and NaphCare (after January 31, 2020) owed a duty to Mr. Picciano to evaluate his medical

needs as a detainee, approve him for a medically necessary diet so that he could eat while

detained, and ensure that he had timely access to gluten-free meals.

128. Clark County, Clark County Jail, Wellpath, and NaphCare breached these duties by

failing to take the steps necessary to ensure that Mr. Picciano had timely access a safe, gluten-

free diet.

129. The breaches of duty by Clark County, Clark County Jail, Wellpath, and NaphCare

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

were the cause-in-fact and proximate cause of Mr. Picciano's suffering extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.  These harms were entirely foreseeable to the defendants in this case who had the obligation to ensure that Mr. Picciano could safely eat meals while detained.

130.    As a direct and legal result of the negligence of Clark County, Clark County Jail, Wellpath, and NaphCare, Mr. Picciano has incurred damages.


**SIXTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**
**(Against All Defendants)**

131.    Mr. Picciano incorporates by reference the allegations in the paragraphs above.

132.    Clark County, Clark County Jail, Wellpath, and NaphCare had a clear duty to take the steps necessary to ensure that Mr. Picciano had timely access to food he could safely eat.

133.    The risk of harm to Mr. Picciano in not having access to safe meals was clearly foreseeable to Clark County, Clark County Jail, Wellpath, and NaphCare as it was adamantly and frequently expressed by Mr. Picciano and other individuals on his behalf, and defendants were obligated to provide medical care to detainees held at Clark County Jail.

134.    Clark County, Clark County Jail, Wellpath, and NaphCare breached their duty to Mr. Picciano by failing to take the steps necessary to ensure he had timely access to gluten-free meals, knowing that the breach would cause him suffering yet continued to fail to take the steps necessary to ensure that his dietary needs were met in timely manner.

135.    Mr. Picciano experienced especially horrendous events inflicted upon him during the duration of his time in Clark County Jail where he was constantly sick and unable to eat. His sickness caused great shock to his body and mind.

136.    Mr. Picciano's fear and anxiety are objective symptoms of his emotional distress.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

137.    As a result of the negligence of Clark County, Clark County Jail, Wellpath, and NaphCare in failing to take the steps necessary to ensure that Mr. Picciano had timely access to medically necessary gluten-free meals while he was in custody, Mr. Picciano suffered great emotional distress and physical injuries.

138.    Due to the negligent infliction of emotional distress of Clark County, Clark County Jail, Wellpath, and NaphCare, Mr. Picciano suffered damages.

## SEVENTH CAUSE OF ACTION
### Outrage
### (Against All Defendants)

139.    Mr. Picciano incorporates by reference the allegations in the paragraphs above.

140.    Clark County, Clark County Jail, Wellpath (through the end of January 31, 2020), and NaphCare (after January 31, 2020) failed to provide Mr. Picciano with a medically necessary gluten-free diet even though they knew he had Celiac Disease.  Their failure to do so was intentional or reckless because they had knowledge of Mr. Picciano's need for gluten-free meals, were in a position to ensure that he had timely access to such meals, and failed to take the necessary steps to ensure that Mr. Picciano could safely eat while detained.

141.    Clark County, Clark County Jail, Wellpath, and NaphCare were aware that Mr. Picciano had Celiac Disease, and were repeatedly reminded of this fact. Despite this, Wellpath, Clark County and Clark County Jail, for the first two days of Mr. Picciano's detention did not take the steps necessary to ensure that Mr. Picciano had access to a medically necessary gluten-free diet. After Wellpath handed off medical responsibility to NaphCare on February 1, 2020, NaphCare, Clark County and Clark County Jail continued to not provide the necessary gluten-free diet to Mr. Picciano.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

142.     Even after Mr. Picciano became so ill that he lost consciousness and had to be transported to the hospital, Clark County, Clark County Jail, and NaphCare still did not provide him with a safe edible diet.  Jail guards taunted Mr. Picciano when he asked them for help.

143.     Mr. Picciano experienced extreme hunger and malnourishment.

144.     While Clark County, Clark County Jail, and NaphCare eventually approved a gluten-free diet for Mr. Picciano, Mr. Picciano continued to receive unsafe gluten-contaminated food which further contributed to his deterioration in health.

145.     As a proximate cause of the acts alleged above, Mr. Picciano suffered humiliation, mental anguish, emotional, fear, and physical distress, and has been injured in mind and body. Mr. Picciano suffered extreme hunger, significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.

146.     As a further proximate cause of the acts alleged above, Mr. Picciano was required to and did employ physicians to examine, treat, and care for himself, and incurred additional medical expenses for hospital bills. Mr. Picciano also suffered severe emotional distress.

147.     The acts of Clark County, Clark County Jail, Wellpath, and NaphCare as alleged above were extreme and outrageous.  These defendants knew that Mr. Picciano needed gluten-free meals, yet failed to take the basic steps necessary to ensure that he could eat while detained. Mr. Picciano was completely at their mercy with respect to whether he could obtain the medically safe gluten-free meals that he needed, and the defendants individually and in concert abdicated their responsibilities to ensure that he had access to the safe meals while detained.

148.     In a civilized society that expects that detainees will at minimum be able to eat and survive while in detention, all of the defendants' failure to even take basic steps which resulted in Mr. Picciano going without food for extended periods of time was utterly intolerable.

149.     Mr. Picciano sustained damages as a result of the conduct of Clark County, Clark County Jail, Wellpath, and NaphCare.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**EIGHTH CAUSE OF ACTION**
**Battery**
**(Against Clark County and Clark County Jail)**

150. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

151. Clark County and Clark County Jail intentionally provided Mr. Picciano with meals containing gluten without his knowledge, which triggered symptoms of his Celiac Disease.

152. As a result of being subjected to unconsented contact with gluten, Mr. Picciano suffered significant weight loss, fatigue, dizziness, gastrointestinal distress, vomiting, weakness, pain, and loss of consciousness.

153. At no time did Mr. Picciano consent to any of the acts of the Clark County and Clark County Jail alleged above. In fact, Mr. Picciano contested the meals he was provided and repeatedly requested a gluten-free diet.

154. Mr. Picciano sustained damages as a result of the conduct of Clark County and Clark County Jail.

**NINTH CAUSE OF ACTION**
**Negligent Misrepresentation**
**(Against Clark County and Clark County Jail)**

155. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

156. Only days before his release, Mr. Picciano was finally approved for and granted his requested and medically required gluten-free diet.  Mr. Picciano consumed the food given to him as it was assured to him to be safe and was labeled "gluten free."  In doing so, Mr. Picciano justifiably relied on the representations of Clark County and Clark County Jail that the food was in fact gluten-free and safe for him to eat. In reality, the special diet food given to Mr. Picciano

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

was the same gluten-containing food given to all other inmates and was not specially prepared.

157.    After relying on the representations made by Clark County and Clark County Jail,

Mr. Picciano ate the contaminated food and became even sicker. Mr. Picciano experienced

vomiting and abdominal pain.

158.    By giving Mr. Picciano what it called "gluten-free" food but which was still

gluten contaminated, Clark County and Clark County Jail made a false statement to Mr.

Picciano.

159. Clark County and Clark County Jail knew or should have known that Mr. Picciano

would rely on their representations that the food was gluten-free because Mr. Picciano asked for

food that was gluten-free, he was informed the food he received was gluten-free, and the food

was labeled as such.

160. Clark County and Clark County Jail communicated false information to Mr.

Picciano as to the contents of his food.

161. Clark County and Clark County Jail knew or should have known that the food was

contaminated because this was the exact same food supplied to all other inmates and prepared

alongside gluten-containing food from which Mr. Picciano previously became sick.

162. Clark County and Clark County Jail were negligent in communicating that the food

was gluten-free when it was in fact not.

163. Mr. Picciano relied on the representations of Clark County and Clark County Jail in

eating the food that he was told was gluten-free.

164. Mr. Picciano's reliance on the representations of Clark County and Clark County

Jail was justified as he relied on them to provide him with food during his detention.

165.    As a result of Mr. Picciano's reliance on the negligent misrepresentations of Clark

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

County and Clark County Jail, Mr. Picciano to become severely ill.

166. Mr. Picciano sustained damages as a result of the conduct of Clark County and Clark County Jail.

## TENTH CAUSE OF ACTION
### Intentional Misrepresentation
### (Against Clark County and Clark County Jail)

167. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

168. Clark County and Clark County Jail are liable for intentional misrepresentation because these defendants made false and material representations about the nature of a meal, with the intent that Mr. Picciano rely on its representations and eat the meals.

169. Clark County and Clark County Jail provided Mr. Picciano with meals that they intentionally misrepresented as "gluten-free." The meals were in fact not gluten-free, but were the same gluten-contaminated meals served to the other incarcerated individuals and prepared alongside the other gluten-containing meals.

170. Clark County and Clark County Jail had actual knowledge of the falsity and materiality of the representations, and intended for Mr. Picciano to rely on its false representations.

171. Mr. Picciano had no knowledge of the falsity of the gluten-free representations, and reasonably relied upon these false representations in believing that the food did not contain gluten and would not make him sick due to his Celiac disease.

172. Mr. Picciano suffered substantial damages as a result of the false and intentional misrepresentations of Clark County and Clark County Jail.

173. As a result of relying on these misrepresentation, Mr. Picciano ate the meals, and was injured as he experienced vomiting and abdominal pain.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

174. Mr. Picciano sustained damages as a result of the conduct of Clark County and Clark County Jail.

### ELEVENTH CAUSE OF ACTION
### Breach of Express Warranty
### R.C.W. § 7.72.030
### (Against Clark County and Clark County Jail)

175. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

176. Under the Washington Products Liability Act (WPLA), a product manufacturer is strictly liable for any injury of the claimant that was proximately caused when a "product does not conform to the express warranty of the manufacturer if it is made part of the basis of the bargain and relates to a material fact or facts concerning the product and the express warranty proved to be untrue." R.C.W. § 7.72.030(2)(b).

177. Under WPLA, a product seller is also liable for breach of express warranty that proximately cause the claimant's harm.  R.C.W. § 7.72.040(1)(b).

178. Clark County and Clark County Jail, as the product manufacturers or sellers, are liable for making express warranties concerning the contents of their "gluten-free" food that proved to be untrue.

179. Clark County and Clark County Jail expressly told Mr. Picciano that the food was gluten-free and safe to eat.

180. The food in fact contained gluten or gluten contaminants. Therefore, Clark County and Clark County Jail breached their express warranty when they gave Mr. Picciano the food and told him it was gluten-free.

181. Mr. Picciano's illnesses were proximately caused by the food supplied by Defendants.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

182. Mr. Picciano suffered damages as a result.

## TWELFTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
### R.C.W. § 62A.2-314
### (Against Clark County and Clark County Jail)

183. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

184. Under R.C.W. § 62A.2-314(2)(e), (f), for a good to be merchantable, it must be "adequately contained, packaged, and labeled as the agreement may require" and "conform to the promises or affirmations of fact made on the container or label if any."

185. Clark County and Clark County Jail have breached the implied warranty of merchantability by not adequately packaging or labeling their special diet meals and by not conforming the food to the promises made regarding how much gluten the food contained. Clark County and Clark County Jail have done this by packaging and serving meals that contained at least trace amounts of gluten and then promising Mr. Picciano that his meals were gluten-free when the meals in fact contained gluten.

186. The injuries sustained by Mr. Picciano were the reasonably foreseeable consequences of a breach of the implied warranty of merchantability.

187. Mr. Picciano has suffered damages as a result.

## THIRTEENTH CAUSE OF ACTION
### Breach of Implied Warranty: Fitness for a Particular Purpose
### R.C.W. § 62A.2-315
### (Against Clark County and Clark County Jail)

188. Mr. Picciano incorporates by reference the allegations in the paragraphs above.

189. Under R.C.W. § 62A.2-315, a seller is liable for a breach of implied fitness for a

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

particular purpose if at the time of contracting the seller has reason to know of any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgement for supply him or her with suitable goods.

190.  Mr. Picciano reasonably relied on Clark County and Clark County Jail for their judgment that his meals were fit for the particular purpose of supplying him with food that a person with Celiac disease could safely consume.

191.  Clark County and Clark County Jail knew that Mr. Picciano was relying on them for their experience, skill, and judgment in serving him with gluten-free meals. Clark County and Clark County Jail were also aware that Mr. Picciano requested the gluten-free meals for the particular purpose of obtaining food that a person with Celiac Disease could safely consume. The meals were defective and unfit for the particular purpose of providing of Mr. Picciano with food that a person with Celiac disease could safely consume.

192.  The injuries sustained by Mr. Picciano were the reasonably foreseeable consequences of a breach of the implied warranty of fitness for a particular purpose. Clark County and Clark County Jail were aware that Mr. Picciano relied on them to supply him with food that a person with Celiac disease could safely consume.

193.  As such, Clark County and Clark County Jail breached the implied warranty of fitness for a particular purpose under R.C.W. § 62A.2-315, and Mr. Picciano has suffered damages as a result.


**PRAYER FOR RELIEF**

WHEREFORE, Mr. Picciano respectfully requests that this Court:

     a.     Assume jurisdiction over this action;

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

b.      Award Mr. Picciano compensatory damages, including economic and

noneconomic damages, damages for pain, suffering, humiliation, frustration, embarrassment,

terror, and out-of-pocket expenses, and in an amount to be proven at trial;

c.      Award Mr. Picciano his reasonable attorneys' fees and costs pursuant to the

Americans with Disabilities Act, the Rehabilitation Act of 1973, section 1983, and the

Washington Law Against Discrimination and to the extent available under the law;

d.      Award punitive damages against the non-municipal defendants to the extent

authorized by law in an amount to be proven at trial;

e.      Declare the defendants jointly and severally liable for their acts and omissions

(including Wellpath for acts and omissions through the end of January 31, 2020, and NaphCare

for acts and omissions after January 31, 2020);

f.      Award any and all applicable interest on the judgment; and

g.      Award such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Trial by jury is demanded.

DATED THIS 25th day of January, 2022.

By:

/s/ *Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
Tel: (206) 876-8515
conrad@wacda.com

Mary C. Vargas, *Pro Hac Vice*
Michael Steven Stein, *Pro Hac Vice*
STEIN & VARGAS, LLP
10 G Street NE, Suite 600
Washington, DC 20002

Second Amended Complaint

**Page 32 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Mary.Vargas@steinvargas.com
Tel:240-793-3185
Fax: 888-778-4620
mary.vargas@steinvargas.com
michael.stein@steinvargas.com

*Attorneys for Plaintiff*

Second Amended Complaint

**Page 33 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served via the Court's ECF system on January 25, 2022, on the following:

John E. Justice, WSBA #23042
LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.
2674 R.W. Johnson Road
Tumwater, WA 98512
P.O. Box 11880
Olympia, WA 98508
Tel: 360. 754. 3480
jjustice@lldkb.com
**Attorney for Defendants Clark County Jail and Clark County**

Bruce Smith
Lewis Brisbois
1111 Third Avenue, Suite 2700
Seattle, WA 98101
Tel: 206-876-2953
Bruce.Smith@lewisbrisbois.com
**Attorneys for Defendant Wellpath, LLC**

Amy Craft
Alisha Chand
Ketia Wick
FAVROS
701 Fifth Ave., Suite 4750
Seattle, Washington 98104
Tel: 206-515-2151
amy@favros.com
**Attorneys for Defendant NaphCare, Inc.**

*s/Marielle Maxwell*
Counsel for Plaintiff

Second Amended Complaint

**Page 34 of 34**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172