1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8
9

10

GAVEN PICCIANO,

Civil Action No.  3:20-cv-06106-DGE

11

            Plaintiff,

**DEFENDANT WELLPATH, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S**
**SECOND AMENDED COMPLAINT**

12

      vs.

13
14

CLARK COUNTY, CLARK COUNTY
JAIL, WELLPATH, LLC, and NAPHCARE,
INC.,

15

            Defendants.

**Noted Date for Motion:  March 11, 2022**

16
17

## I.      RELIEF REQUESTED

18

Defendant Wellpath, LLC requests that the District Court dismiss the Second Amended

19

Complaint with prejudice.  Three causes of action must be dismissed as a matter of law.  The

20

Washington state civil rights statutes do not apply because jails do not fall within the definition

21

of a public accommodation.  Plaintiff's claim for negligent infliction of emotional distress fails

22

because Plaintiff was not a bystander to a tort committed on a third party.  Plaintiff's claim of

23

outrage against Wellpath also fails as a matter of law.

24

Plaintiff's remaining allegations against Wellpath still fail to satisfy necessary pleading

25

requirements under Rule 8.  Plaintiff's allegations are formulaic and are conclusory.  The claims

26

for violations of the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and negligence should be

27

dismissed with prejudice.

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

## II.     STATEMENT OF FACTS

In May 2021, Wellpath filed a motion to dismiss the First Amended Complaint. (Dkt. 31) That motion pointed out the following: (a) Plaintiff had received discovery; (b) there were no allegations that Plaintiff saw a Wellpath provider on January 30 or 31, 2020. Wellpath's original motion to dismiss was primarily predicated on Plaintiff's shotgun approach in which all "Defendants" were lumped together and there was no factual specificity as to what Wellpath's alleged misconduct was on January 30 and 31, 2020, the only two days that it was involved with Plaintiff.

The court dismissed the First Amended Complaint on January 4, 2022 and gave Plaintiff until January 25 to file an amended complaint. (Dkt. 42) The Court's ruling was based on pleading requirements, but reserved ruling on whether some or all remained allegations after an amended complaint was filed. (Dkt. 42 at 4)

Plaintiff's Second Amended Complaint is an improvement, but legally it fares no better than the First Amended Complaint. The Second Amended Complaint contains numerous conclusory allegations that are not based on facts. The following are but two examples:

Wellpath was responsible for Plaintiff's dietary requirements. (Dkt. 43 at 4 ¶ 6) However, the Second Amended Complaint states that the jail prepared meals and served them to the detainees. (*Id*. at 5 ¶ 18)

"Upon information and belief, it was the policy of . . . Wellpath . . . that individuals with food allergies not receive medically necessary diets" until medical records are requested, approved and the jail kitchen is notified. (Dkt. 43 at 6 ¶ 22)

State and federal law, as well as Federal Rule of Civil Procedure 8 require that the Second Amended Complaint against Wellpath be dismissed with prejudice.

## III.     LEGAL AUTHORITY AND ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), three counts (Four, Six and Seven) must be dismissed as a matter of law because the Second Amended Complaint fails to state a valid cause of action against Wellpath. The remaining counts against Wellpath should be dismissed because

4887-2834-2539.1

DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1  they still fail to contain the necessary factual allegations to support the various elements of those

2  causes of action.

3  **A. The Washington State Civil Rights Claim Fails as a Matter of Law and Must be**
   **Dismissed with Prejudice.**

4

5  Count Four of the Second Amended Complaint is for an alleged violation of the

6  Washington Law Against Discrimination.  (Dkt. 43 at 20-22)  Plaintiff admits that this state law

7  applies to public accommodations.

8  The federal district courts for both the Western and Eastern Districts have held on a

9  number of occasions that the Washington anti-discrimination law *does not apply to county jails*

10  because a jail does not provide public accommodations.  *See, e.g., Skylstad v. Washington,* 2019

11  U.S. Dist. LEXIS 29591, at *16-*17 (W.D. Wa. 2019); *Foley v. Klickitat County*, 2009 U.S.

12  Dist. LEXIS 120943, at *6 (E.D. Wa. 2009).  The Washington statute applies to places that are

13  "generally open to the public," which a county jail is not.  *Skylstad*, 2019 U.S. Dist. LEXIS at

14  29591, at*16.  Wellpath does not provide health care to the public.  It provided care in a jail.

15  Wellpath does not fall within the definition of a public accommodation.

16  Therefore, the district court must dismiss with prejudice Count Four of the Second

17  Amended Complaint.

18  **B. The Negligent Infliction of Emotional Distress Claim (Count Six) fails as a**
   **Matter of Law Because Plaintiff was not a Bystander to a Tort**

19

20  Plaintiff's allegations in Count Six are based on alleged "negligent" infliction of

21  emotional distress by Wellpath.  (Dkt. 43, at 24, ¶ 138)  This cause of action was asserted in the

22  First Amended Complaint and was also part of Wellpath's initial motion to dismiss.  (Dkt. 31)

23  The legal merits of this claim were deferred by the Court.  (Dkt. 42 at 4)

24  Negligent infliction of emotional distress applies to *bystanders* who suffer an emotional

25  injury after the plaintiff witnesses an injury *to a loved one* and the plaintiff was in the zone of

26  danger when the family member was physically injured.  *Colbert v. Moomba Sports, Inc.*, 163

27  Wn.43, 49, 176 P.3d 497 (2008) (bystander).  The emotional distress must be susceptible to

4887-2834-2539.1

DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1  medical diagnosis and proved through medical evidence.  The symptoms of emotional distress
2  must also constitute a diagnosable emotional disorder.  *Kloepfel*, 149 Wn.2d at 196-97.  This is a
3  limited, judicially created tort.  *Colbert*, 163 Wn. at 49.

4          Plaintiff was not a bystander to a tort committed on a loved one.  Plaintiff was not
5  ***diagnosed*** with emotional distress that is documented in a medical record.  (Dkt. 43 at 23-24
6  (absence of allegations of diagnosis or medical evidence of emotional distress))  Accordingly,
7  Wellpath is entitled to the dismissal of Count Six with prejudice.

8      **C.  Count Seven (Outrage) Must be Dismissed as a Matter of Law**

9          Outrage was another claim that was the subject of Wellpath's initial motion to dismiss
10  and a ruling was deferred by the court.  Wellpath again renews its motion to dismiss this claim.

11          The tort of outrage is synonymous with a cause of action for intentional infliction of
12  emotional distress.  *Kloepfel v. Bokor*, 149 Wn.2d 192, 193 n.1 (2003).  The elements of a claim
13  for the tort of outrage or the intentional infliction of emotional distress are "(1) extreme and
14  outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual
15  result to plaintiff of severe emotional distress."  *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d
16  630 (2003).  The conduct must be "'so outrageous and so extreme as to go beyond all possible
17  bounds of decency, and be regarded as atrocious, and intolerable in a civilized community.
18  *Reyes v. Yakima Health Dist*., 191 Wash. 2d 79, 91, 419 P.3d 819, 825 (2018); *Grimsby v.*
19  *Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (plurality opinion).  The tort of outrage does not
20  apply to mere insults, threats, indignities, annoyances, petty oppressions; the plaintiff must
21  "'necessarily be hardened to a certain degree of rough language, unkindness and lack of
22  consideration.'"  *Kloepfel v. Bokor*, 149 Wn.2d 192, 196, 66 P.3d 630 (2003).

23          This court "must make" an initial legal determination whether the conduct may be
24  reasonably regarded as so extreme and outrageous to warrant a factual decision by a jury.  *Repin*
25  *v. State*, 198 Wn. App. 243, 266-67, 392 P.3d 1174 (Ct. App. 2017).  The level of outrageous
26  conduct is extremely high and is not an easy standard to meet.  *Id*.  at 266-67.  Gross negligence
27  by a healthcare provider does not satisfy the tort of outrage.  *Christian v. Tohmeh*, 191 Wn. App.

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1    709 (2015).

2        While Plaintiff alleges that he disclosed that he had Celiac Disease on January 30, 2020,

3    Plaintiff did not allege his response when asked who his doctor was and whether he would sign a

4    release to obtain his medical records.  Plaintiff also does not allege what time of day the

5    disclosure was made and whether that disclosure was made at a time that the Clark County

6    kitchen staff had time to change his evening meal.

7        Plaintiff claims in the Second Amended Complaint that there was a policy or requirement

8    that there be medical verification of a detainee's claim of a medical condition warranting a

9    special diet.  (Dkt. 43 at 6 ¶ 22)  Even if this conclusory allegation were true and legally

10   sufficient, which it is not, that allegation still does not rise to the level of being beyond all

11   bounds of decency in society for a healthcare provider in a jail.  ***Plaintiff agrees that a "medical***

12   ***evaluation" needed to occur*** and that evaluation would assess whether Plaintiff was "required"

13   to have a medically necessary diet.  (Dkt. 43 at 6 ¶ 20)

14       The district court should dismiss Count Seven (Outrage) with prejudice.

15   **D.  Plaintiff's Claim Regarding a Violation of the Rehabilitation Act of 1973 (Count**
16       **Two) Should be Dismissed**

17       Plaintiff is suing for money damages from Wellpath for an alleged violation of the

18   Rehabilitation Act of 1973.  (Dkt. 43 at 18, ¶ 101; 32, ¶ (b))  Plaintiff must provide evidence that

19   Wellpath ***intended to discriminate*** against him regarding an alleged disability.  *Ferguson v. City*

20   *of Phoenix*, 157 F.3d 668 (9th Cir. 1998); *Lantis v. Marion County*, 2014 U.S. Dist. LEXIS

21   65394, at *11 (D. Or. 2014).  The deliberate indifference standard applicable to § 1983 cases has

22   been applied to cases under the Rehabilitation Act.  *Lantis*, 2014 U.S. Dist. LEXIS 65394,

23   at  11.  Mere negligence is not sufficient to state a claim.  For the first element of deliberate

24   indifference, there has to be notice that an accommodation was required.  *Id.* at 12.  The second

25   element requires an element of "deliberateness," not mere negligence.  *Id*.  Wellpath was entitled

26   to an investigation into whether accommodations were necessary.  *Id*.

27

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1    *1.  Plaintiff Claims a "Medical Evaluation" Should have Been Done*

2    Plaintiff has never alleged who acted on behalf of Wellpath and allegedly whose conduct

3    caused a violation of the Rehabilitation Act.  Plaintiff does not even allege the job category of

4    the person who spoke to him on January 30 or 31 (e.g., registered nurse, LPN, physician

5    assistant, doctor).  The absence of an allegation of the name and/or license of that person is fatal

6    given the concurrent allegation that a "medical evaluation" had to take place.

7    Wellpath employed nurses in the Clark County Jail.  Nurses conduct **nursing evaluations**

8    and make a nursing diagnoses with the scope of practice for that particular licensee.  WAC 246-

9    840-700(2) (Washington nursing process defined).  Numerous courts have noted that nurses

10   perform a nursing assessment.  *See Lyons v. Multnomah Cty.*, 2017 U.S. Dist. LEXIS 157813, at

11   *8-*9 (D. Or. 2017) (nursing assessment and orthopedic consultation); *Sampson v. Ukiah Valley*

12   *Med. Ctr.*, 2017 U.S. Dist. LEXIS 102452, at *17 (N.D. Cal. 2017) (allegation that nurse failed

13   to conduct "nursing assessment"); *Turner v. Cal. Forensic Med. Group*, 2013 U.S. Dist. LEXIS

14   38321, at *16 (E.D. Cal. 2013) (Yolo County psychiatric nurse conducted a "nursing

15   assessment" on intake to the jail).  Thus, a nursing assessment or nursing evaluation is, *a fortiori,*

16   not the same thing as a "medical evaluation."

17   *2.  Assessing Whether a Gluten-Free Diet was "Required"*

18   Plaintiff also alleged that part of that medical evaluation was an assessment of whether a

19   special diet was "required."  (Dkt. 43 at 6 ¶ 20)  The words "assess," "whether," and "required,"

20   are three different elements of the "medical evaluation" process.  Use of the words "whether"

21   and "required" is an admission that a process has to take place and then a conclusion reached by

22   a person as part of the evaluation process.

23   *3.  Plaintiff's Allegations Fall Short*

24   The Supreme Court noted in *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) that

25   allegations that a defendant knew, condoned and agreed to subject a person to harsh conditions

26   of confinement were merely bare assertions that were improper formulaic recitation of the

27   elements of a claim.  Such formulaic allegations need not be taken as true.  *Id*. at 681.  Whether a

4887-2834-2539.1

DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1    complaint contains sufficient factual allegations is a "context-specific" analysis. *Id*. at 679. The

2    context-specific analysis here is the who did Plaintiff speak to upon arrival in the jail on January

3    30 and if the "medical evaluation" process would have resulted in receipt of gluten free meals.

4        The following factual allegations are fatal omissions to Plaintiff's Rehabilitation Act

5    claim:  (1) who saw or spoke to Plaintiff on January 30 or 31; (2) the license held by that person;

6    (3) whether the person was licensed to make a diagnosis that Celiac Disease existed; (4) what

7    steps should have been taken to conduct the "medical evaluation;" (5) when would a "medical

8    evaluation" have taken place in a jail given the license of the person or persons who saw Plaintiff

9    on January 30 or 31? (6) whether the "medical evaluation" would have resulted in a

10    recommendation to receive a gluten free diet; and (7) what meals would Plaintiff have received

11    on January 30 or 31 that would have been gluten free based on the timing of the "medical

12    evaluation."

13        Plaintiff's Second Amended Complaint fails to include the necessary factual allegations

14    against Wellpath to support a Rehabilitation Act claim. *Iqbal*, 556 U.S. at 678. The district

15    court should dismiss Plaintiff's Rehabilitation Act claim (Count Two) against Wellpath.

16    **E.  The § 1983 Claim is Based on Conclusory Allegations and Must be Dismissed**

17        Plaintiff is suing Wellpath as an entity.  Plaintiff's burden is to prove that Wellpath had

18    an unconstitutional policy or practice, and this unconstitutional policy caused an injury.

19    *Martinez v. Richard A. Cummo & Assoc.*, 2015 U.S. Dist. LEXIS 145688 *4 (E.D. Cal. 2015);

20    *Cornish v. Corr. Corp. of Am.*, 2011 U.S. Dist. LEXIS 33205 at *6 (D. Ariz. 2011).

21        *1.  Claims Based on the Conduct of Individuals Must Be Dismissed*

22        Plaintiff's Second Amended Complaint, however, contains allegations regarding specific

23    conduct by people.  Paragraph 111 alleges that Wellpath "failed to take steps necessary to ensure

24    that Mr. Picciano had timely access to . . . gluten-free meals."  Plaintiff's allegations regarding

25    Wellpath's actions or inactions are claims of improper conduct by employees.  The § 1983

26    allegations against Wellpath in paragraph 111 must be dismissed as a matter of law.

27

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1

2.   *The Policy Claims Are Conclusory*

2         Plaintiff asserted the conclusory allegation that Wellpath had an unconstitutional policy

3    based "[u]pon information and belief."  (Dkt. 43 at 6 ¶ 22)  Making an allegation based on

4    "information and belief" is not a valid factual allegation.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

5    544, 551, 557 (2007) (not accepting as true conclusory allegations based on information and

6    belief); *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013);  *Ryan v. Salisbury*, 2019 U.S.

7    Dist. LEXIS 180158, at * 38 (D. Hawaii 2019) (citing cases).

8         The specific section regarding the alleged § 1983 violations is also couched in

9    conclusions.  For example, paragraph 109 merely contains the legal conclusion that there was a

10   custom or practice by Wellpath to not provide medically necessary meals to people.  There is no

11   factual support for the claim of such a policy.  Similarly, Plaintiff's allegation regarding acting

12   with "reckless or callous indifference" (Dkt. 43, at 20 ¶ 111) is another conclusory allegation that

13   is a legal conclusion.  Legal conclusions are not accepted as being true.  *Iqbal*, 556 U.S. at 678.

14        Wellpath requests that the district court dismiss Count Three (alleged violation of §

15   1983).

16   **F.   The District Court Should Dismiss the Negligence Claim (Count Five)**

17        The only remaining allegation against Wellpath is for negligence.  In considering the

18   allegations in Count Five, the district court is entitled to draw upon judicial experience and

19   common sense.  *Iqbal*, 556 U.S. at 679.  The analysis of the negligence claim is also context

20   specific.  *Id*.

21        Plaintiff cannot simply allege that there was a duty, breach of a duty, and a cause of an

22   injury.  Such formulaic incantations do not contain sufficient factual allegations.  *Iqbal*, 556 U.S.

23   at 681.  The court knows from its own common sense and judicial experience that health care is

24   provided ***by people*** and those people have specific job titles.  *See Lyons*, 2017 U.S. Dist. LEXIS

25   157813, at *8-*9; *Sampson*, 2017 U.S. Dist. LEXIS 102452, at *17; *Turner*, 2013 U.S. Dist.

26   LEXIS 38321, at *16.  Consequently, ***who*** allegedly provided negligent care is a key fact.

27

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1   Negligence claims against a healthcare provider are malpractice claims.  Medical

2   malpractice is defined as what a reasonable and prudent health care provider *in the same*

3   *profession* would do under the same or similar circumstances, and that failure was a proximate

4   cause of injuries.  RCW 7.70.040(1); *Frausto v.Yakima HMA, LLC*, 188 Wn.2d 227, 231-32, 393

5   P.3d 776, 779 (2017).  The district court's January 4, 2022 ruling advised the parties that clear

6   and precise pleadings are necessary to control discovery, which impacts the court's docket, that

7   imprecise allegations makes cases unmanageable, and causes harm to the litigants and society.

8   (Dkt. 42 at 4, *quoting Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364,

9   367 (11th Cir. 1996)).  Plaintiff did not heed the court's warning.

10   Plaintiff failed to allege who he saw on January 30 or 31 and that person's job title or

11   profession.  The name and job title of that person should be in a pleading because the allegation

12   regarding what that person did wrong controls the discovery process (e.g., standard of care of a

13   nurse, standard of care of a doctor).  Plaintiff has been in the possession of medical records for at

14   least a year.  Plaintiff refuses to allege the identity of person who acted negligently, the

15   profession of that person, what a reasonable person in that profession would do under the same

16   or circumstances, and whether compliance with the standard of care would have prevented harm.

17   The district court should dismiss the negligence claim (Count Five) with prejudice.

**IV.    CONCLUSION**

19   Plaintiff's allegations against Wellpath fail to state a claim upon which relief can be

20   granted.  The Washington civil rights law does not apply in a jail setting, and the elements  of

21   negligent infliction of emotional distress and outrage cannot be satisfied.  These three claims fail

22   as a matter of law.  The remaining allegations (Rehabilitation Act of 1973, § 1983, and

23   negligence/malpractice) are based on conclusory allegations and all should be dismissed.

24   / / /

25   / / /

26   / / /

27   / / /

4887-2834-2539.1
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT - 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
971.712.2800

1  Accordingly, Defendant Wellpath, LLC requests that the district court dismiss Plaintiff's Second

2  Amended Complaint with prejudice.

3  DATED this 8th day of February, 2022.        LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5

6                                                      s/Bruce C. Smith

7        Bruce C. Smith, OSB #206710
         Bruce.Smith@lewisbrisbois.com

8        Iain M. R. Armstrong, OSB #142735
         Iain.Armstrong@lewisbrisbois.com

9        888 SW Fifth Avenue, Suite 900
         Portland, Oregon 97204-2025

10       Phone 971.712.2800
         Fax 971.712.2801

11

12       *Attorneys for Defendant Wellpath, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I certify that on February 8, 2022, I electronically filed the foregoing **DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| ***Attorneys for Plaintiff:*** | |
| Conrad Reynoldson, Esq.<br>Marielle Maxwell, Esq.<br>Washington Civil & Disability Advocate<br>4115 Roosevelt Way NE, Suite B<br>Seattle, WA 98105<br>conrad@wacda.com<br>marielle@wacda.com | _____  Via First Class Mail<br>_____  Via Facsimile<br>\_\_✓\_\_  Via CM/ECF Notice<br>\_\_✓\_\_  Via E-Mail |
| Mary C. Vargas, *Pro Hac Vice*<br>Michael Stein, *Pro Hac Vice*<br>Stein & Vargas, LLP<br>10 G Street NE, Suite 600<br>Washington, DC 20002<br>Mary.Vargas@steinvargas.com<br>Michael.Stein@steinvargas.com | _____  Via First Class Mail<br>_____  Via Facsimile<br>\_\_✓\_\_  Via CM/ECF Notice<br>\_\_✓\_\_  Via E-Mail |
| ***Attorney for Defendants Clark County Jail and Clark County:***<br><br>John E. Justice, Esq.<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>2674 R.W. Johnson Road<br>Tumwater, WA 98512<br>P.O. Box 11880<br>Olympia, WA 98508<br>jjustice@lldkb.com | _____  Via First Class Mail<br>_____  Via Facsimile<br>\_\_✓\_\_  Via CM/ECF Notice<br>\_\_✓\_\_  Via E-Mail |

| | |
|---|---|
| ***Attorneys for Defendant NaphCare, Inc.:*** <br><br> Ketia Wick, Esq. <br> Amy Craft, Esq. <br> FAVROS <br> 701 Fifth Ave., Suite 4750 <br> Seattle, WA 98104 <br> ketia@favros.com <br> amy@favros.com <br> alisha@favros.com | _____  Via First Class Mail <br> _____  Via Facsimile <br> ___✓___  Via CM/ECF Notice <br> ___✓___  Via E-Mail |

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   s/ Bruce C. Smith
_____
Bruce C. Smith, OSB #206710
Iain M.R. Armstrong, OSB #142735
*Attorneys for Defendant Wellpath, LLC*