1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAVEN PICCIANO,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC.<br><br>Defendants. | NO. 3:20-cv-06106-RAJ<br><br>DEFENDANT NAPHCARE, INC. ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

Defendant NaphCare, Inc. ("Defendant") answers Plaintiff's Second Amended Complaint as follows:

Plaintiff's Complaint Introduction contains multiple averments and legal conclusions, which do not require an answer. To the extent an answer is required, Defendant denies any allegations of fault or liability contained in this section of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief sought as a result of any alleged fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 1
(CASE NO. 3:20-cv-06106-RAJ)

1

## I.      PARTIES

2    1.  Defendant lacks knowledge or information sufficient to form a belief about the truth

3  of this allegation.  Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of

4  fault or liability.

5    2.  This paragraph is directed to a different defendant.  This Defendant lacks the requisite

6  knowledge or information to admit the allegations in this paragraph.  Therefore, they are denied

7  leaving Plaintiff to his proof.

8    3.  This paragraph is directed to a different defendant.  This Defendant lacks the requisite

9  knowledge or information to admit the allegations in this paragraph.  Therefore, they are denied

10  leaving Plaintiff to his proof.

11    4.   This paragraph is directed to a different defendant.  This Defendant lacks the requisite

12  knowledge or information to admit the allegations in this paragraph.  Therefore, they are denied

13  leaving Plaintiff to his proof.

14

15    5.    Defendant admits that NaphCare, Inc. ("NaphCare") is a private, for-profit

16  correctional healthcare corporation, incorporated in Alabama.  Defendant admits that, in the time

17  frame at issue, NaphCare was doing business in Washington State. Defendant denies the

18  remainder of this paragraph.

19    Defendant further asserts that Paragraph 5 contains legal conclusions, argument, and

20  innuendo about a case in the Eastern District of Virginia that is completely unrelated to this case.

21  The language contained in paragraph 5 is an incomplete representation of that case,

22  argumentative, highly prejudicial, and meant solely to inflame.

23    6.  This paragraph is a legal conclusion.  Denied as to this Defendant.

24

## II.      JURISDICTION AND VENUE

25

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 2

(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

7.   The allegations in this paragraph are legal conclusions or averments.   Therefore, Plaintiff is left to his proof.  Defendant denies any allegations of fault or liability.

8.   The allegations in this paragraph are legal conclusions or averments.   Therefore, Plaintiff is left to his proof.  Defendant denies any allegations of fault or liability.

9.   The allegations in this paragraph are legal conclusions or averments.   Therefore, Plaintiff is left to his proof.  Defendant denies any allegations of fault or liability.

10.   The allegations in this paragraph are legal conclusions or averments.   Therefore, Plaintiff is left to his proof.  Defendant denies any allegations of fault or liability.

### III.    FACTUAL ALLEGATIONS

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.  Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

12.  The allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied.

13.  The allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied.

14.  The allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied.

15.  The allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied.

16.  Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Furthermore, the allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 3
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

17.  Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Furthermore, the allegations in this paragraph are argumentative medical and/or legal conclusions, and, no response is required.  To the extent a response is required, they are denied. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

18.  This paragraph is directed at a different Defendant. Plaintiff is therefore left to his proof. This Defendant denies all allegations of fault or liability.

19.  This paragraph is directed at a different Defendant. Plaintiff is therefore left to his proof. This Defendant denies all allegations of fault or liability.

20.  This paragraph is directed at a different Defendant. Plaintiff is therefore left to his proof. This Defendant denies all allegations of fault or liability.

21.  Admit insofar as the contract between NaphCare, Inc. and Clark County became effective on February 1, 2020. Insofar as paragraph asserts a legal conclusion no response is required. Defendant denies all allegations of fault or liability.

22.  This paragraph contains factual and legal averments to which no response is required. To the extent a response is required, denied. Defendant denies all allegations of fault or liability.

### Mr. Picciano's Detention

### January 30-31, 2020

23.  Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.  Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

24.  Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.  Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 4
(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

25.   This paragraph is directed to a different defendant. Moreover, this Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

26.   This paragraph is directed to a different defendant. Moreover, this Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

27.   This paragraph is directed to a different defendant. Moreover, this Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

28.   This paragraph is directed to a different defendant. Moreover, this Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

29.   This paragraph is directed to a different defendant. Moreover, this Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

### Mr. Picciano's Detention

### February 1, 2020 to February 20, 2020

30.   Admit insofar as NaphCare's contract with Clark County started on February 1, 2020. Defendant denies all allegations of fault or liability.

31.   This paragraph contains factual and legal averments to which no response is required. Therefore, Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

32.   This paragraph contains factual and legal averments to which no response is required. This paragraph is vague as to time.  Therefore, Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 5
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

33.   Admit insofar as submitted request is dated February 1, 2020. Paragraph asserts factual and medical conclusions to which no response is required.  Defendant denies any allegation of fault or liability.

34.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged in this paragraph.  Therefore, Plaintiff is left to his proof. Defendant denies any allegation of fault or liability

35.   This paragraph is directed to a different defendant. Therefore, Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

36.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged in this paragraph.  Additionally, this paragraph appears to be directed at a different defendant. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

37.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged in this paragraph.  Additionally, this paragraph appears to be directed at a different defendant. Therefore, Plaintiff is left to his proof.  Defendant denies any allegation of fault or liability.

38.   Admit insofar as assertion accurately reflects the jail records, otherwise deny. Defendant denies all allegations of fault or liability.

39.   This paragraph contains factual averments to which no response is required. Plaintiff is therefore left to his proof. Defendant denies all allegations of fault or liability.

40.   Denied as to this answering Defendant.

41.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged in this paragraph. Therefore, Plaintiff is left to his proof. Defendant denies any allegation of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 6
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

42.     Defendant lacks the requisite knowledge to admit the allegations in this paragraph.  Therefore, Plaintiff is left to his proof. This Defendant denies all allegations of fault or liability.

43.     This paragraph contains factual averments to which no response is required. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged in this paragraph. Therefore, Plaintiff is left to his proof. Defendant denies any allegation of fault or liability.

45.     Admit insofar as Plaintiff filed an inmate request on February 4, 2020, and response included scheduling for sick call. Otherwise, deny. Defendant denies all allegations of fault or liability.

46.     This paragraph is directed to a different defendant.  Defendant lacks the requisite knowledge to admit the allegations in this paragraph.  Therefore, Plaintiff is left to his proof. Additionally, this paragraph contains factual averments to which no response is required. Defendant denies all allegations of fault or liability.

47.     This paragraph contains legal, factual, and medical averments to which no response is required. Plaintiff is left to his proof.  Additionally, this paragraph is directed to a different defendant. Answering Defendant denies all allegations of fault or liability.

48.     Admit insofar as date of receipt of medical record matches that reflected in jail records, otherwise deny. This paragraph contains factual averments to which no answer is required. Defendant denies all allegations of fault or liability.

49.     This paragraph contains medical and legal averments to which no response is required. Plaintiff is left to his proof. Additionally, this paragraph is also directed to a different defendant and contains information that this answering Defendant lacks sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 7
(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

50.    This paragraph contains factual and medical averments to which no response is required. To the extent response is required, deny.  Defendant denies all allegations of fault or liability.

51.  This paragraph contains factual and medical averments to which no response is required.  Additionally, this paragraph is also directed to a different defendant and contains information that this answering Defendant lacks sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

52.    This paragraph contains factual allegations to which no response is required. Additionally, this paragraph contains information that is outside the knowledge of this answering Defendant. To the extent the asserted statement is accurately reflected in the jail record, admit, otherwise, deny. Defendant denies all allegations of fault or liability.

53.    This paragraph contains factual and medical averments to which no response is required.  Additionally, this paragraph is also directed to a different defendant and contains information that this answering Defendant lacks sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

54.    This paragraph contains medical averments to which no response is required. To the extent the stated facts are consistent with the medical and jail records, admit.  To the extent they are not consistent, deny. Defendant denies all allegations of fault or liability.

55.    Admit that Plaintiff was transported to the hospital by emergency personnel at one point during his incarceration in Clark County Jail. Defendant denies all allegations of fault or liability.

56.    This paragraph contains medical and factual averments to which no response is required. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

57.    This paragraph contains factual and medical averments to which no response is required. Assertions that Plaintiff filed a grievance and/or visited sick call are admitted to the

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 8
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

extent they are supported by the jail record, otherwise deny. Defendant denies all allegations of fault or liability.

58.    This paragraph contains medical averments to which no response is required. This answering Defendant admits the existence of the inmate request slip insofar as it is reflected in the jail record, otherwise deny. Defendant denies all allegations of fault or liability.

59.    This paragraph is directed at a different defendant, and this answering Defendant lacks sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

60.    Defendant admits the existence of the alleged inmate request slip insofar as it is reflected in the jail record, otherwise deny. Defendant denies all allegations of fault or liability.

61.    This paragraph contains factual averments to which no response is required. To the extent the quoted phrase is reflected in the jail record, admit. Otherwise, deny. Defendant denies all allegations of fault or liability.

62.    This paragraph contains factual averments to which no response is required. Admit insofar as the date and contents of the referenced grievance, so long as they match the medical record. Otherwise, deny. Defendant denies all allegations of fault or liability.

63.    This paragraph contains factual and legal averments to which no response is required. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

64.    This paragraph contains factual and legal averments to which no response is required. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

65.    This paragraph contains factual and legal averments to which no response is required. Plaintiff is left to his proof. Defendant denies all allegations of fault or liability.

66.    This paragraph is directed at a different defendant and this answering Defendant lacks sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

67.    This paragraph is directed at a different defendant and this answering Defendant lack sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 9
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

68.   This paragraph contains factual averments to which no response is required. To the extent the date the grievance was filed reflects that in the jail record, admit, otherwise deny. Defendant denies all allegations of fault or liability.

69.   This paragraph is argumentative and contains factual and medical averments to which no response is required. Defendant denies all allegations of fault or liability.

70.   This paragraph contains factual and medical averments to which no response is required. Defendant denies all allegations of fault or liability.

71.   This paragraph contains factual and medical averments to which no response is required. To extent response is required, deny. Defendant denies all allegations of fault or liability.

72.   This paragraph contains factual averments to which no response is required. Additionally, this Defendant lacks the requisite knowledge to respond to the allegations in this paragraph. Defendant denies any allegation of fault or liability.

73.   This paragraph is directed at a different defendant and this answering Defendant lack sufficient knowledge to answer. Defendant denies all allegations of fault or liability.

74.   This paragraph contains medical, legal, and factual averments to which no response is required. Plaintiff is left to his proof.  Defendant denies all allegations of fault or liability.

75.   Denied.

76.   Denied.

77.   This paragraph is directed to a different defendant. This Defendant lacks the requisite knowledge or information to respond to the allegations in this paragraph. Therefore, they are denied, leaving Plaintiff to his proof.

## FIRST CAUSE OF ACTION

### Title II of the American with Disabilities Act of 1990

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 10
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1    **42 U.S.C. § 12131 *et seq.***

2    (Against Defendants Clark County and Clark County Jail)

3    78. Defendant incorporates its answers from Paragraphs 1-77 above. All allegations

4    against this answering Defendant are denied

5    79 – 90.  These paragraphs contain legal and factual conclusions to which no response

6    is required. Additionally, these paragraphs are directed to a different defendant. All allegations

7    against this answering Defendant are denied.

8    **SECOND CAUSE OF ACTION**

9    **Section 504 of the Rehabilitation Act of 1973**

10   **29 U.S.C. § 794**

11   (Against All Defendants)

12   91.    Defendant incorporates its answers from Paragraphs 1-90 above. All allegations

13   against this answering Defendant are denied.

14   92.    This paragraph is a legal conclusion and no response is required. To the extent a

15   response is required, denied as directed to this answering Defendant.

16   93.    This paragraph contains legal and medical conclusions and no response is

17   required. To the extent a response is required, denied as directed to this answering Defendant.

18   94.    This paragraph is a legal conclusion and no response is required. Plaintiff is left to

19   his proof. Defendant denies all allegations of fault or liability.

20   95.    This paragraph is a legal conclusion and no response is required. To the extent a

21   response is required, denied as directed to this answering Defendant.

22   96.    Denied to the extent directed to this answering Defendant.

23   97.    Denied to the extent directed to this answering Defendant.

24   98.    This paragraph is a legal conclusion and no response is required. To the extent a

25   response is required, deny. Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 11
(CASE NO. 3:20-cv-06106-RAJ)

**Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1   99.   This paragraph contains factual conclusions to which no response is required. To

2   the extent response is required, deny. Defendant denies all allegations of fault or liability.

3   100.  Denied to the extent directed at this answering Defendant.

4   101.  Denied to the extent directed at this answering Defendant.

5   **THIRD CAUSE OF ACTION**

6   **42 U.S.C. § 1983**

7   **(Against All Defendants)**

8   102.  Defendant incorporates its answers from Paragraphs 1-101 above. All allegations

9   against this answering Defendant are denied. This paragraph contains a legal conclusion to

10  which no response is required. Defendant denies all allegations of fault or liability.

11  103.  This paragraph is a legal conclusion and no response is required. To the extent a

12  response is required, deny. Defendant denies all allegations of fault or liability.

13  104.  This paragraph is a legal conclusion and no response is required. To the extent a

14  response is required, deny. Defendant denies all allegations of fault or liability.

15  105.  Denied as to this answering Defendant.

16  106.  Denied as to this answering Defendant.

17  107.  Denied as to this answering Defendant.

18  108.  Denied as to this answering Defendant.

19  109.  Denied as to this answering Defendant.

20  110.  Denied as to this answering Defendant.

21  111.  Denied as to this answering Defendant.

22  112.  Denied as to this answering Defendant.

23  113.  Denied as to this answering Defendant.

24  114.  Denied as to this answering Defendant.

25  **FOURTH CAUSE OF ACTION**

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 12
(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

**The Washington Law Against Discrimination**

**R.C.W. § 49.60.010** *et seq.*

**(Against All Defendants)**

115.  Defendant incorporates its answers from Paragraphs 1-114 above. All allegations against this answering Defendant are denied.

116.  This paragraph is a legal conclusion and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

117.  This paragraph is a legal conclusion and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

118.  This paragraph is directed at a different defendant. As applied to this answering Defendant, this paragraph is a legal conclusion and no response is required, to the extent response is required, deny. Defendant denies all allegations of fault or liability.

119.  This paragraph is directed at a different defendant. As applied to this answering Defendant, this paragraph is a legal conclusion and no response is required, to the extent response is required, deny. Defendant denies all allegations of fault or liability.

120.  This paragraph is a legal conclusion and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

121.  Denied as to this answering Defendant.

122.  Denied as to this answering Defendant.

123.  Denied as to this answering Defendant.

124.  Denied as to this answering Defendant.

125.  Denied as to this answering Defendant.

**FIFTH CAUSE OF ACTION**

**Negligence**

**(Against All Defendants)**

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

126. Defendant incorporates its answers from Paragraphs 1-125 above. All allegations against this answering Defendant are denied.

127.  This paragraph is a legal conclusion and no response is required. Plaintiff is left to his proof.  To the extent a response is required, deny any allegation of fault or liability.

128.  Denied as to this answering Defendant.

129.  Denied as to this answering Defendant.

130.  Denied as to this answering Defendant.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against All Defendants)

131.  Defendant incorporates its answers from Paragraphs 1-130 above. All allegations against this answering Defendant are denied.

132.  This paragraph is a legal conclusion and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

133.  This paragraph contains legal and medical conclusions and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

134.  Denied as to this answering Defendant.

135.  This paragraph is argumentative, therefore deny. Defendant denies all allegations of fault or liability.

136.  This paragraph contains legal and medical conclusions and no response is required. To the extent a response is required, deny. Defendant denies all allegations of fault or liability.

137.  Denied as to this answering Defendant.

138.  Denied as to this answering Defendant.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 14
(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

1

2

3

4     **SEVENTH CAUSE OF ACTION**

5     **Outrage**

6     **(Against All Defendants)**

139.  Defendant incorporates its answers from Paragraphs 1-138 above. All allegations against this answering Defendant are denied.

140.  Denied as to this answering Defendant.

141.  Denied as to this answering Defendant.

142.  Denied as to this answering Defendant.

143.  This paragraph contains medical averments to which no response is required. Defendant denies all allegations of fault or liability.

144.  This paragraph contains medical and factual averments to which no response is required. To the extent response is required, deny. Defendant denies all allegations of fault or liability.

145.  Denied as to this answering Defendant.

146.  This paragraph contains medical and factual conclusions to which no response is required. To the extent response is required, deny. Defendant denies all allegations of fault or liability.

147.  Denied as to this answering Defendant.

148.  This paragraph is argumentative, therefore deny. Defendant denies all allegations of fault or liability.

149.  Denied as to this answering Defendant.

**EIGHTH CAUSE OF ACTION**

**Battery**

**(Against Clark County and Clark County Jail)**

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 15

(CASE NO. 3:20-cv-06106-RAJ)

1    150.  Defendant incorporates its answers from Paragraphs 1-149 above. All allegations
2    against this answering Defendant are denied.

3    151 – 154. These paragraphs are directed to a different defendant. Additionally, these
4    paragraphs contain factual and legal conclusions to which no response is required. To the
5    extent that response is required deny. All allegations against this answering Defendant are
6    denied.

7                              **NINTH CAUSE OF ACTION**
8                              **Negligent Misrepresentation**
9                    **(Against Clark County and Clark County Jail)**

10   155.  Defendant incorporates its answers from Paragraphs 1-154 above. All allegations
11   against this answering Defendant are denied.

12   156.  This paragraph contains factual and medical averments to which no response is
13   required. These paragraphs are directed to a different defendant. To the extent response is
14   required, deny.

15   157.  This paragraph contains medical averments to which no response is required. This
16   paragraph is directed to a different defendant. All allegations against this answering Defendant
17   are denied.

18   158.  This paragraph contain a factual conclusion to which no response is required. This
19   paragraph is directed to a different defendant. All allegations against this answering Defendant
20   are denied.

21   159.  This paragraph is directed to a different defendant. All allegations against this
22   answering Defendant are denied.

23   160.  This paragraph is directed to a different defendant. All allegations against this
24   answering Defendant are denied.

25

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 16
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

161.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

162.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

163.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

164.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

165.  This paragraph contains a medical conclusion to which no response is required. This paragraph is directed to a different defendant. This answering Defendant denies all allegations of fault or liability.

166.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

## TENTH CAUSE OF ACTION

### Intentional Misrepresentation

### (Against Clark County and Clark County Jail)

167.  Defendant incorporates its answers from Paragraphs 1-166 above. All allegations against this answering Defendant are denied.

168-170.  These paragraphs contain legal conclusions to which no response is required. These paragraphs are directed to a different defendant. All allegations against this answering Defendant are denied.

171.  This paragraph contains medical averments to which no response is required. To the extent response is required, deny.

172.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 17
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1     173.  This paragraph is directed to a different defendant. All allegations against this

2     answering Defendant are denied.

3     174.  This paragraph is directed to a different defendant. All allegations against this

4     answering Defendant are denied.

5                           **ELEVENTH CAUSE OF ACTION**

6                            **Breach of Express Warranty**

7                               **R.C.W. § 7.72.030**

8                    **(Against Clark County and Clark County Jail)**

9     175.  Defendant incorporates its answers from Paragraphs 1-174 above. All allegations

10    against this answering Defendant are denied.

11    176.  This paragraph contains legal conclusions to which no response is required. To

12    the extent response is required, deny. This paragraph is also directed at a different defendant.

13    This answering Defendant denies all allegations of fault or liability.

14    177.  This paragraph contains legal conclusions to which no response is required. To

15    the extent response is required, deny. This paragraph is also directed at a different defendant.

16    This answering Defendant denies all allegations of fault or liability.

17    178.  This paragraph contains legal and factual conclusions to which no response is

18    required. To the extent response is required, deny. This paragraph is also directed at a different

19    defendant. This answering Defendant denies all allegations of fault or liability.

20    179.  This paragraph contains factual conclusions to which no response is required. To

21    the extent response is required, deny. This paragraph is also directed at a different defendant.

22    This answering Defendant denies all allegations of fault or liability.

23    180.  This paragraph contains factual conclusions to which no response is required. To

24    the extent response is required, deny. This paragraph is also directed at a different defendant.

25    This answering Defendant denies all allegations of fault or liability.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 18
(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

181.  This paragraph is directed at a different defendant. Denied as to this answering Defendant.

182.  This paragraph is directed at a different defendant. Denied as to this answering Defendant.

## TWELFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

### R.C.W. § 62A.2-314

### (Against Clark County and Clark County Jail)

183.  Defendant incorporates its answers from Paragraphs 1-182 above. All allegations against this answering Defendant are denied.

184.  This paragraph contains legal conclusions to which no response is required. This paragraph is also directed to a different defendant. All allegations against this answering Defendant are denied.

185.  This paragraph is also directed to a different defendant. All allegations against this answering Defendant are denied.

186-187.  This paragraph is directed at a different defendant. Denied as to this answering Defendant.

## THIRTEENTH CAUSE OF ACTION

### Breach of Implied Warranty: Fitness for a Particular Purpose

### R.C.W. § 62A.2-315

### (Against Clark County and Clark County Jail)

188.  Defendant incorporates its answers from Paragraphs 1-187 above. All allegations against this answering Defendant are denied.

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 19
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

189.  This paragraph contains legal averments to which no response is required. To the extent response is required, deny. This paragraph is also directed to a different defendant. All allegations against this answering Defendant are denied.

190-193.  This paragraph is directed to a different defendant. All allegations against this answering Defendant are denied.

### IV.    PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require an answer. To the extent an answer is required, Defendant denies all the allegations contained in this section of Plaintiff's complaint. Defendant further denies that Plaintiff is entitled to the relief sought.

### V.    PLAINTIFF'S JURY DEMAND

Defendant also demands a trial by jury.

### AFFIRMATIVE DEFENSES

As further answer to the Plaintiff's Complaint, and in order to preserve the right to assert affirmative defenses at trial, Defendant hereby notifies the Plaintiff that he are pleading all theories of defense available pursuant to law.  Based on the information now available, and pursuant to CR 8, 11, and 12, Defendants generally deny the Plaintiffs' allegations of negligence, causation, and damages, and reserves the right to assert defenses including but not limited to the following:

1.    Failure to state one or more claims upon which relief can be granted;

2.    Contributory negligence/comparative fault;

3.    Pre-existing condition;

4.    Failure to mitigate damages;

5.    Consent and assumption of risk;

DEFENDANT NAPHCARE, INC. ANSWER TO PLAINTIFF'S AMENDED COMPLAINT- 20

(CASE NO. 3:20-cv-06106-RAJ)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

6.      Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the act and/or omissions of persons and/or entities for which NaphCare is not responsible;

7.      NaphCare denies any Fourteenth Amendment due process or equal protection violations;

8.      NaphCare denies any violation of state laws;

9.      NaphCare specifically denies any wrongful conduct which was willful, malicious, in bad faith, deliberate and/or beyond its authority;

10.     NaphCare denies the claims of civil rights violations, if any, under 42 U.S.C. §) 1983;

11.     Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between NaphCare's actions and/or inactions and plaintiff's alleged injuries and damages;

12.     Plaintiff's claims for punitive damages are in contravention of NaphCare's rights under state and federal constitutions;

13.     No act or omission of NaphCare was malicious, willful, wanton, or reckless and, therefore, any award of punitive damages is barred;

14.     Because of the lack of clear standards, any imposition of punitive damages against NaphCare would be unconstitutionally vague and/or overbroad;

15.     Plaintiff's claims are barred by the doctrines of qualified immunity, state agent immunity, and sovereign immunity;

16.     NaphCare reserves the right to assert other defenses as discovery proceeds;

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  ·  f. 206-749-0194

17.     To the extent the Plaintiff is successful in proving any claims, the Defendant is liable only for its proportionate share of the total damages, if any, pursuant to RCW 4.22.  To the extent that any entity or person contributed to the Plaintiffs' injuries and damages, and was at fault in doing so, the Defendant requests that liability be apportioned according to the percentage of fault of Plaintiff and any other persons, parties, or third parties, in accordance with RCW 4.22.  Any verdict/judgment should be reduced pursuant to the provisions of RCW 4.22. Defendant further expressly reserves the right, in the event that the Plaintiff settles or has already settled with other persons, parties, or third parties, to seek a credit and setoff for any proportionate negligence that the jury shall attribute to the settling parties.  Defendant reserves the right to read portions of depositions, call witnesses to testify at the trial, and introduce and use evidence regarding allocation of fault, even if other persons, entities, parties, or third parties settle or have already settled with the plaintiff before trial.

Defendant reserves the right to amend this Answer, and to assert additional affirmative defenses, third-party claims, counterclaims, and cross-claims as discovery in this matter is conducted, as well as the right to assert additional claims or actions against other parties, whether in this lawsuit or not as the facts develop.

Defendant asserts the above affirmative defenses in order to preserve the right to assert these matters at trial. Upon completion of discovery, and based upon the facts learned during discovery and investigation, Defendant may withdraw any of these affirmative defenses as may be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, HAVING FULLY ANSWERED Plaintiff's Complaint, Defendant prays

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 22
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1    that it be dismissed with prejudice and with costs or fees taxed in their favor.

2

3            DATED this 8th day of February, 2022.

4                                        FAIN ANDERSON VANDERHOEF
                                         ROSENDAHL O'HALLORAN SPILLANE, PLLC
5

6
                                         By: s/Ketia B. Wick
7                                            Ketia B. Wick, WSBA #27219
                                             Josephine Strauss, WSBA #58283
8                                            Attorney for Defendant NaphCare, Inc.

9                                            701 Fifth Avenue, Suite 4750
                                             Seattle, WA 98104
10                                           (206) 749-0094
11                                           ketia@favros.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 23
(CASE NO. 3:20-cv-06106-RAJ)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 · f. 206-749-0194

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

     I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

***Counsel for Plaintiff***
Mary C. Varga, *Pro Hac Vice*
Stein & Vargas LLP
10 G Street NE Suite 600
Washington, DC 20002
mary.vargas@steinvargas.com

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ E-service

Christina Farno Dunbar, WSBA #50121
Conrad Reynoldson, WSBA #48187
Washington Civil and Disability Advocate
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
christina@wacda.com
conrad@wacda.com

***Counsel for Defendants Clark County and Clark County Jail***
John E. Justice, WSBA #23042
Law, Lyman, Daniel, Kmaerrer & Bogdanovich, P.S.
2674 R.W. Johnson Rd.
Tumwater, WA 98508
jjustice@lldkb.com

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ ECF

     Signed at Seattle, Washington this 8th day of February, 2022.

*/s/Alisha Chand*
Alisha Chand
Legal Assistant to Ketia B. Wick

DEFENDANT NAPHCARE, INC. ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT- 24

(CASE NO. 3:20-cv-06106-RAJ)

**Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 · f. 206-749-0194