UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAVEN PICCIANO, | CASE NO. C20-06106-DGE |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 61) |
| CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC., | |
| Defendants. | |

## I   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration.  (Dkt. No. 61.)  The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby GRANTS the motion for the reasons stated herein.

## II   BACKGROUND

The Court reincorporates by reference the relevant factual and procedural background found in the underlying order.  (*See* Dkt. No. 60 at 2–3.)  On February 8, 2022, Defendant Wellpath, LLC ("Wellpath") moved to dismiss Plaintiff's claims against Wellpath under the

1   Rehabilitation Act, 42 U.S.C. § 1983, Washington Law Against Discrimination ("WLAD"),

2   Negligence, Negligent Infliction of Emotional Distress, and Outrage.  (Dkt. No. 60 at 3.)  On

3   May 23, 2022, the Court granted the motion in part, dismissing Plaintiff's WLAD claim with

4   prejudice as to all Defendants and dismissing Plaintiff's Rehabilitation Act claim without

5   prejudice as to all Defendants.  (Dkt. No. 60 at 13.)

6           On June 6, 2022, Plaintiff filed his present Motion, arguing that the Court erred by

7   dismissing his Rehabilitation Act claim because: 1) the Second Amended Complaint ("SAC")

8   adequately stated a Rehabilitation Act claim, and 2) that the Court may not dismiss claims *sua*

9   *sponte* without notice.  (Dkt. No. 61 at 2.)  On July 1, 2022, the Court ordered Defendants to

10  respond.  (Dkt. No. 62.)  Both NaphCare Inc. and Wellpath responded.  (Dkt. Nos. 63, 65.)

## III       DISCUSSION

12          Motions for reconsideration are governed by Local Civil Rule 7(h), which provides as

13  follows:

14          Motions for reconsideration are disfavored. The court will ordinarily deny such
            motions in the absence of a showing of manifest error in the prior ruling or a
15          showing of new facts or legal authority which could not have been brought to its
            attention earlier with reasonable diligence.

16  LCR 7(h)(1).

17          Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

18  finality and conservation of judicial resources."  *Kona Enterprises, Inc. v. Est. of Bishop*, 229

19  F.3d 877, 890 (9th Cir. 2000).  "A motion for reconsideration should not be granted, absent

20  highly unusual circumstances, unless the district court is presented with newly discovered

21  evidence, committed clear error, or if there is an intervening change in the controlling law."

22  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

23  (internal quotation and alteration omitted).  Neither the Local Civil Rules nor the Federal Rules

24

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 61) - 2

of Civil Procedure, which allow for motions for reconsideration, are intended to provide litigants with a second chance.  A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly.  *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "Mere disagreement with a previous order is an insufficient basis for reconsideration," and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."  *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Rehabilitation Act requires that:

No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]

29 U.S.C. § 794(a).

The Court's Order dismissed Plaintiff's Rehabilitation Act claim because it construed the SAC as alleging a failure to adequately treat a medical condition.  (Dkt. No. 60 at 8–10.)  Plaintiff's Motion argues that the Court improperly dismissed his Rehabilitation Act claim because he "alleged that Wellpath failed to take the necessary steps [] to ensure that he had access to food services equal to that of other inmates" and therefore he was "he was denied the benefit of food as a result of his celiac disease."  (Dkt. No. 61 at 9.)  Plaintiff argues that Wellpath's failure to provide him a gluten-free diet was the denial of a necessary accommodation for him to enjoy the benefits of the food at the Clark County Jail.  (*Id*. at 6.)

The Court is persuaded that it erred in construing Plaintiff's claim as exclusively alleging a failure to provide medical treatment.  While true that the ADA and Rehabilitation Act cannot

be used to litigate medical malpractice claims or inadequate treatment claims, "[a] failure to provide reasonable accommodation can constitute discrimination." *Morris v. California*, 2022 WL 2901730, at *1 (9th Cir. July 22, 2022) (citing *Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002))).

As alleged in the SAC, Defendants "intentionally and with deliberate indifference" failed "to take the necessary steps to ensure that [he] had access to a gluten-free diet" and therefore "denied [him] the benefits of a program or activity receiving federal financial assistance and discriminated against him in violation of § 504." (Dkt. No. 43 at 17–18.)  That is enough for a Rehabilitation Act claim to survive at this stage as the alleged failure to provide appropriate meals may amount to discrimination based on the failure to provide reasonable accommodations. This basis is distinct from a claim of failure to provide adequate medical treatment.

As the Court finds that it has erred in dismissing Plaintiff's Rehabilitation Act claim, the Court need not address Plaintiff's second argument.

## IV     CONCLUSION

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Reconsideration is GRANTED.

1.  Plaintiff's Rehabilitation Act claims against all Defendants are still viable.

Dated this 12th day of August 2022.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 61) - 4