The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAVEN PICCIANO,<br><br>  Plaintiff,<br><br>v.<br><br>CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC.,<br><br>  Defendants. | NO. 3:20-cv-06106-DGE<br><br>PLAINTIFF'S MOTION FOR SANCTIONS AGAINST WELLPATH AND NAPHCARE<br><br>NOTE ON MOTION CALENDAR:<br><br>April 12, 2023 |

**I.   INTRODUCTION**

On January 31, 2024, this Court granted Plaintiff Gavin Picciano's motion to compel discovery requiring Wellpath, LLC ("Wellpath") and NaphCare, Inc. ("NaphCare") to respond to discovery requests about federal and state funding received in 2020. Wellpath and NaphCare, however, still refuse to disclose any specifics about the federal or state funding that they receive, in direct violation of this Court's order.

The discovery at issue goes to whether Wellpath and NaphCare received federal financial assistance subject to section 504 of the Rehabilitation Act ("section 504"), 29 U.S.C. § 794. Wellpath and NaphCare do not deny receiving federally sourced funding during 2020, the relevant year in this case. However, they also asserted that none of this funding was federal

Plaintiff's Motion for Sanctions Against Wellpath
and NaphCare- 1
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

financial assistance, and based on their own say-so that none of the funding was federal financial assistance, have refused to provide any further specifics. In response, Picciano filed a motion to compel discovery. This Court granted that motion in full, ordering Wellpath and NaphCare to provide "complete responses" to Picciano's discovery requests. This Court explained that a complete exchange of discovery is necessary for the parties to be able to present the Court with all the relevant facts so the Court can determine whether funding Wellpath and NaphCare received qualifies as federal financial assistance for purposes of section 504 coverage.

Despite this Court's order to respond in full to Picciano's discovery requests, Wellpath and NaphCare still refuse to do so. Since they will not comply with this Court's order, Picciano requests that this Court enter sanctions, including directing that it be taken as established that Wellpath and NaphCare each received federal financial assistance during the relevant time period, and further ordering Wellpath and Naphcare to reimburse Picciano for the attorneys' fees that he incurred as a result of their discovery noncompliance.

## II.   FACTUAL BACKGROUND

Gaven Picciano is an individual with celiac disease who was held at Clark County Jail without access to gluten-free meals. Second Amended Complaint ("SAC") (Dkt. No. 43 at 1). Wellpath and NaphCare are healthcare providers that provide medical services in correctional facilities. (*Id.* at 3.) Wellpath was the medical contractor at the jail during Picciano's first two days of detention, after which time NaphCare became the medical contractor. (*Id.* at 5-6.)

Picciano has alleged that Defendants, including Wellpath and NaphCare, discriminated against him on the basis of disability by refusing to ensure that he had gluten-free meals as an accommodation for his celiac disease disability. (*Id.* at 17-18.) This Court has repeatedly held

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 2
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

that Picciano has stated section 504 claims against both Wellpath and NaphCare. (Dkt. No. 68 at 3-4, Dkt. No. 131, at 9-12.)[1]

Section 504 applies to recipients of federal financial assistance. 29 U.S.C. § 794(b). As this Court has explained, "federal financial assistance can be direct or indirect." (Dkt. No. 131, at 11 (quoting *Sharer v. Oregon*, 581 F.3d 1176, 1181 (9th Cir. 2009)); *see also, e.g.*, 28 C.F.R. § 42.540(e) (an entity is a recipient subject to section 504 if it receives federal financial assistance directly or through another recipient).

Publicly available information demonstrates that Wellpath and NaphCare each received federal funding for programs starting in 2019, and upon information and belief, each continued to receive through 2020 when Picciano was detained. By way of example:

- Maine received a grant from the U.S. Department of Health and Human Services' Substance Abuse and Mental Health Services Administration (SAMHSA) for a medication-assisted treatment program (MAT) for inmates with opioid use disorder. Maine then directed a portion of this federal funding to Wellpath. (Dkt. No. 97-1, Excerpt from USAspending.gov.) USAspending.gov, a website clearinghouse for federal grants, lists Wellpath as receiving federal "sub-grants". (Dkt. No. 97-2, Excerpt from USAspending.gov.)

- Lewis County in Washington State received Medicaid funding from Washington State's Medicaid Transformation Project and directed a portion of this funding to NaphCare as part of a medication-assisted treatment program. (Dkt. No. 97-3, Lewis County Public Records; Dkt. No. 97-5, at p. 10.)

---

[1] This Court's order at docket entry 131 denied the motion for judgment on the pleadings brought by NaphCare and which Wellpath had joined in full. (Dkt. No. 131, at 1 & n.1.) Thus while this Court's rulings on section 504 referred specifically at times to NaphCare, its rulings apply with equal force to Wellpath. *See id.*

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 3
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1  These two examples are not incidental. Numerous federal grants provide funding for MAT to treat opioid use disorder in correctional settings, including from SAMHSA and the U.S. Department of Justice's Bureau of Justice Assistance. (Dkt. No. 97-4, at slide 31.)

Further, NaphCare has promoted MAT grants, stating that it works with correctional facilities to apply for and secure funding from the federal government for MAT which funds are then directed to NaphCare. Specifically, NaphCare stated on its website, "While administration of buprenorphine, naltrexone, and/or methadone does carry a cost, it usually isn't borne completely by the jail offering it as a treatment. *NaphCare has worked with clients to obtain more than $1.5 million in grant funding and in-kind contributions to support MAT programs*." (Dkt. No. 97-6, NaphCare, The Value of Detox in Correctional Healthcare) (emphasis added).

Further, upon information and belief, Wellpath receives payments from Medicaid and/or Medicare subsidizing patient care. Wellpath has not denied receiving Medicaid and/or Medicare payments, instead contesting only whether such payments constitute federal financial assistance. *See* Wellpath Br., Dkt. No. 123, at 9.

### III.   PROCEDURAL HISTORY

At issue in this motion are the following discovery requests to Wellpath and NaphCare seeking information about the federal financial assistance that they each receive:

**A. Discovery Request Propounded to Wellpath**

- Interrogatory No. 14: "Please identify all sources and amounts of Federal or State funding received by Defendant during the year 2020." Decl. of Mary Vargas ("Vargas Decl."), Ex. 1.

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 4
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

B. **Discovery Requests Propounded to NaphCare**

- Interrogatory No. 18: "Please identify all other sources and amounts of Federal or State funding received by Defendant during the year of 2020." *Id.*, Ex. 2.

- Request for Production of Documents No. 14: "Please produce all DOCUMENTS and COMMUNICATIONS relating to any funding of any kind Defendant received that originated from the United States and that NaphCare, Inc. has received or used between January 1, 2020 and the present, regardless of whether such funding first passed through other entities such as the State of Washington or the County of Clark." *Id.*, Ex. 3.

In objecting to these discovery requests and subsequently opposing Picciano's motion to compel, Wellpath and NaphCare each argued that because they did not consider any of the funding they received to be federal financial assistance, they were not going to disclose any funding specifics. (*See generally* Picciano's Motion to Compel, Dkt. No. 97; NaphCare's Opposition Br., Dkt. No. 120; Wellpath's Opposition Br., Dkt. No. 123; and Picciano's Reply Br., Dkt. No. 130.)

This Court granted in full Picciano's motion to compel discovery, in the process rejecting Wellpath's and NaphCare's attempts to limit discovery to what they themselves consider to be federal financial assistance. This Court held that since "complete discovery has not been exchanged", the parties "may not be able to present the Court with the relevant facts they believe should be considered in analyzing and determining whether NaphCare or Wellpath received federal financial assistance for purposes of § 504." (Dkt. No. 131, at 13.) This Court then ordered Wellpath and NaphCare to provide "complete responses" to Picciano's discovery requests. (*Id*. at 15.) This Court gave Wellpath and NaphCare 30 days to supplement their discovery responses accordingly. (*Id.*)

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 5
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

With respect to Wellpath, this Court's order required Wellpath to answer a single interrogatory identifying all sources and amounts of federal and state funding in 2020. In response, Wellpath again asserted that none of the funding that it receives is federal financial assistance and therefore Wellpath had no responsive information. Vargas Decl., ¶ 5 & Ex. 4. When Picciano pointed out that this Court's order required Wellpath to provide a "complete response" to the interrogatory so that the Court has a complete record to rule on with respect to whether any of the funding Wellpath received is federal financial assistance, Wellpath again insisted that it received no federal financial assistance and therefore had no additional information to provide. *Id.* at ¶¶ 6-18 & accompanying exhibits. Despite numerous meets and confers,[2] Wellpath did not, despite this Court's order, identify with specificity a single source or amount of federal or state funding. *See id.* Instead, when Picciano's counsel expressed the hope that the parties could resolve this discovery issue without the need for motions practice, Wellpath's counsel responded, "Please bring a motion." *Id.*, at ¶¶ 17-18 & Ex. 12.

With respect to NaphCare, this Court's order required NaphCare to answer the same interrogatory as Wellpath and also to produce responsive documents about any funding that originated with the United States. NaphCare, like Wellpath, again asserted that none of the funding that it received is federal financial assistance and therefore it has no responsive information to provide. *Id.* at ¶¶ 19-27 & accompanying exhibits. When Picciano referred NaphCare to this Court's order stating that the Court itself will determine what constitutes federal financial assistance, NaphCare supplemented its discovery response, stating:

---

[2] During the most recent of the meet and confer calls, Wellpath's counsel informed Picciano's counsel that, notwithstanding this Court's order, Picciano should identify federally sourced funding and proffer it to Wellpath and that Wellpath's counsel would then tell Picciano's counsel whether such funding was federal financial assistance. Vargas Decl., at ¶ 11.

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 6
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

      In the year 2020, NaphCare provided medical services at jails that received funding through state and county grants, such as the Washington State Health Care Authority's Medication Assisted Treatment ("MAT") grant. In some cases, NaphCare assisted the jails in obtaining grant funds. In some cases, the jails used grant funds to pay NaphCare for a portion of NaphCare's services. The grant funds were used to subsidize the jails' payment to NaphCare for medical services and potentially to other entities to provide additional services to inmates. In other words, the jails used grant funds—in lieu of other sources—to pay for NaphCare's and other entities' services. The grant funds were not used to subsidize NaphCare's services. In other words, the grants were not used to compensate NaphCare, or to provide NaphCare with additional compensation, for services it provided before the jails' receipt of grant funds. NaphCare would not perform those services unless the jails fully paid NaphCare for those services through grants or otherwise.

*Id.* at ¶¶ 20-24 & Ex. 2, at 6-7. NaphCare also stated that it provided services in 2020 for a Florida jail that received a federal grant starting in 2018. *Id.*, Ex. 2. It provided no specifics and, in making these vague concessions, did nothing more than regurgitate some sources of funding that Picciano identified to NaphCare's counsel in its meet and confers prior to the motion to compel discovery. *Compare Id.*, Ex. 2, at 6-7, *with* Dkt. No. 97-7, Ex. 3 (pp. 18-20 in the CM/ECF pagination). NaphCare's response provides no supplemental information that would allow Picciano or this Court to ascertain for sure whether these funding sources (and others) constitute federal financial assistance.

      When Picciano again asked NaphCare to provide "complete responses" to his discovery requests, *i.e.*, list with specificity all sources and amounts of federal and state funding received in 2020 and to produce all responsive documents about federally sourced funding, NaphCare refused. Vargas Decl., at ¶¶ 25-27 & accompanying exhibits. Even though NaphCare admitted to helping correctional facilities apply for federal grants and then receiving money from those grants, it refused to produce a single page regarding any such funding. *See id.* NaphCare did not, for instance, produce any communications with correctional facilities regarding applying for

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 7
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

such grants, the grant applications, or the resulting grant awards and documents showing how the federal grant money was directed to NaphCare. NaphCare instead stated that its discovery responses were "complete". *Id.*, at ¶ 27 & Ex. 17.

### IV.  LEGAL STANDARD

Fed. R. Civ. P. 37(b)(2)(A) applies when a party fails to comply with a court order on discovery. This rule provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under [Rule 37(a)], the court where the action is pending may issue further just orders.

Such sanctions range from drawing an adverse determination on a factual issue to rendering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The Ninth Circuit has explained that Rule 37(b)(2) requires that any sanction be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Sanctions may be warranted "for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Id.*

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 8
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**A. Wellpath and NaphCare Violated This Court's Discovery Order**

This Court's order on discovery was straightforward. This Court ordered Wellpath and NaphCare to provide "complete responses" to interrogatories asking them to identify all sources and amounts of federal and state funding in 2020. Neither Wellpath nor NaphCare complied with this order in providing the requisite specifics. Wellpath did not identify a single source of federal or state funding, and NaphCare alluded only generally to grants that Plaintiff had identified to them and also an unnamed jail that received a grant—not the "complete response" that this Court ordered them to provide in response to a request for a list of all sources and amounts of federal and state funding in 2020. This Court additionally ordered NaphCare to produce documents about federally sourced funding, and in response, NaphCare refused to produce a single document despite admitting that it helps jails apply for federal grant funds, which are then directed to NaphCare, when these documents would be pertinent to this Court's evaluation whether such funding is federal financial assistance.

Wellpath and NaphCare offered the spurious justification for their noncompliance with this Court's order that they do not have to provide fuller responses because they themselves do not believe any of this funding is federal financial assistance. This Court rejected these same arguments in granting the motion to compel discovery, and Wellpath and NaphCare may not reassert these same arguments in refusing to comply with this Court's order.

These arguments by Wellpath and NaphCare that none of the funding they received constitutes federal financial assistance improperly usurps this Court's role in making that determination. As this Court held in granting the motion to compel

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 9
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1 discovery, the parties need to engage in the exchange of "complete discovery" to "be able

2 to present the Court with the relevant facts" whether Wellpath and NaphCare are

3 recipients of federal financial assistance. (Dkt. No. 131, at 13.) Wellpath's and

4 Naphcare's failure to comply with this Court's order obstructs this Court's ability to

5 make an independent determination on a complete record whether either Wellpath or

6 NaphCare is a recipient of federal financial assistance.

7 Moreover, as the case law makes clear, when defendants rely on self-serving

8 statements stating that they do not receive federal financial assistance, courts have

9 rejected such assertions as obviously self-serving and have ordered discovery. *See, e.g.*,

10 *Nat'l Ass'n of the Deaf v. State of Fla.*, 980 F.3d 763, 775-76 (11th Cir. 2020) (affirming

11 ruling that self-serving affidavit was insufficient to defeat discovery on federal financial

12 assistance); *T.W. v. N.Y. State Bd. of Law Exam'rs*, Case No. 16-cv-3029, 2017 U.S. Dist.

13 LEXIS 158060, at *9-10 (E.D.N.Y. Sept. 25, 2017) (ordering discovery on federal

14 financial assistance in lieu of relying on defendant's affidavit asserting that it was not a

15 recipient of federal financial assistance). These cases make clear that an entity cannot

16 shield itself from discovery simply by denying that any of its funding is federal financial

17 assistance. Wellpath and NaphCare, therefore, may not withhold discovery on such self-

18 serving grounds after this Court has already made clear that it expects full discovery so

19 that the Court itself can make that determination on a complete record.

20 This Court's order was clear. Wellpath and NaphCare were to provide "complete

21 responses" to Picciano's discovery requests. Instead, Wellpath and NaphCare reasserted

22 their prior, rejected arguments that they can limit their disclosures to what they themselves

23 consider to be federal financial assistance, in clear violation of this Court's order.

24

Plaintiff's Motion for Sanctions Against Wellpath
and NaphCare- 10
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**B. The Refusal by Wellpath and NaphCare To Comply with This Court's Discovery Order Warrants Sanctions**

Since Wellpath and NaphCare have refused to comply with this Court's order to provide "complete responses" to Picciano's discovery requests, this Court should enter sanctions as follows: (1) issue an order taking as established for purposes of this action that Wellpath and NaphCare received federal financial assistance during the relevant time period; and (2) order Wellpath and NaphCare to reimburse Picciano for his attorneys' fees incurred as a result of the discovery noncompliance.

**1. Wellpath and NaphCare Should Be Held Recipients of Federal Financial Assistance When They Refused To Comply with the Court's Discovery Order on This Issue**

Wellpath's and NaphCare's noncompliance with this Court's order has practical consequences. Their responses are so completely lacking that they do not provide Picciano or this Court with any of the necessary specifics to evaluate whether either Wellpath or NaphCare received federal financial assistance in 2020.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), an appropriate sanction is an adverse determination that "the matters embraced in the [discovery] order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Relatedly, courts may also prohibit the disobedient party from contesting a factual issue. Fed. R. Civ. P. 37(b)(2)(A)(ii).

Illustrative is the recent Ninth Circuit decision in the case *Eagle Eye Produce, Inc. v. Agricola Faader S.P.R. de R.L.* In that case, the plaintiff sought financial documents to determine whether, as it alleged, one entity was the successor entity to

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 11
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1 another. The defendant refused to respond fully to this discovery request. The district

2 court granted the motion to compel discovery. Defendants failed to comply with that

3 discovery order, and as a result, the district court directed as a sanction that it be

4 established for purposes of the action that one entity was the successor entity to the other.

5 No. 21-16274, 2023 U.S. App. LEXIS 6524, at *1-4 (9th Cir. Mar. 20, 2023). The Ninth

6 Circuit affirmed this sanction. *Id.*; *see also, e.g.*, *Amtrust Bank v. Lewis*, 687 F. App'x

7 667, 671 (9th Cir. 2017) (affirming sanction precluding noncomplying party from

8 contesting factual issue).

9 Similarly, this case concerns a single element of a single claim: whether Wellpath

10 and NaphCare are recipients of federal financial assistance subject to section 504. Their

11 refusal to comply with this Court's order has obstructed discovery on this limited factual

12 issue. Since motions for summary judgment are due April 10, 2024, and Picciano's

13 opposition briefs will be due shortly thereafter, Wellpath's and NaphCare's obstruction

14 means that any belated disclosure would deprive Picciano of time to investigate whether

15 any of these sources of federal and state funding constitute federal financial assistance.

16 An appropriate sanction is, therefore, to enter an adverse determination against Wellpath

17 and NaphCare on the limited issue of federal financial assistance.

18 Although Fed. R. Civ. P. 37(b)(2) also provides for "default judgment against the

19 disobedient party," Picciano does not seek such a remedy as disfavored by Ninth Circuit

20 precedent, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1999),

21 when narrower sanctions are available such as an adverse determination on a single

22 element of a single claim. *See, e.g.*, *Eagle Eye Produce*, 2023 U.S. App. LEXIS 6524 at

23 *4. Since Wellpath and NaphCare would remain free to dispute the remaining elements

24

Plaintiff's Motion for Sanctions Against Wellpath
and NaphCare- 12
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

of the section 504 claim, the adverse determination on the issue of federal financial assistance is a limited remedy that would preserve the ability of the parties to litigate issues on which there was fair exchange of discovery.[3] Such a limited sanction bears a "reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier*, 262 F.3d at 947.

For the foregoing reasons, this Court should direct that it "be taken as established for purposes of this action" that Wellpath and NaphCare are recipients of federal financial assistance subject to section 504. Fed. R. Civ. P. 37(b)(2)(A)(i).

**2. Wellpath and NaphCare Should Be Ordered To Pay Picciano's Attorneys' Fees Incurred as a Result of Its Discovery Noncompliance**

Pursuant to Fed. R. Civ. P. 37(b)(2)(C), fees are awarded as a matter of course absent extraordinary circumstances. The rule states in relevant part that courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also, e.g.*, *Jung v. Liberty Mut. Fire Ins.*, Case No. C22-5127RSL, 2023 U.S. Dist. LEXIS 33285, at *5-6 (W.D. Wash. Feb. 28, 2023) (Lasnik, J.) (explaining that while most discovery sanctions are discretionary, the award of fees pursuant to Rule 37(b)(2)(C) is not).

---

[3] The limited sanction that Picciano seeks is far less severe than what has entered against Wellpath in recent cases. *See, e.g.*, *Johnson v. Coos Cnty.*, No. 6:19-cv-01883-AA, 2023 U.S. Dist. LEXIS 103305 (D. Or. June 14, 2023) (entering judgment against Wellpath as a sanction for spoliation); *Estate of Moreno v. Corr. Healthcare Cos.*, No. 4:18-CV-5171-RMP, 2020 U.S. Dist. LEXIS 108370 (E.D. Wash. June 1, 2020) (Peterson, J.) (entering default judgment against Wellpath, formerly known as Correct Care Solutions, as a sanction for spoliation).

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 13
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    Wellpath and NaphCare can offer no substantial justification for not awarding

2 fees to compensate Picciano for the attorneys' fees incurred as a result of their refusal to

3 respond promptly and fully with the discovery requests or comply with this Court's order

4 on the motion to compel.  Wellpath and NaphCare have flouted this Court's order in not

5 providing a "complete response" in listing federal or state funding or, in NaphCare's

6 case, also not producing a single document.  Wellpath and NaphCare can offer no

7 substantial justification in relying on self-serving arguments that they themselves

8 determined that none of the funding is federal financial assistance, when the Court made

9 clear that it is for the Court to make that determination.

10   Picciano requests that this Court order Wellpath and NaphCare to reimburse

11 Picciano the fees he incurred as a result of Wellpath's and NaphCare's discovery

12 noncompliance, including the fees that Picciano's counsel incurred as a result of: (1)

13 engaging in meets and confers with counsel for Wellpath and NaphCare regarding its

14 discovery noncompliance; (2) briefing the motion to compel discovery; and (3) briefing

15 this motion for sanctions.  Picciano respectfully requests that this Court set a briefing

16 schedule to determine the amount of reasonable attorneys' fees to award as a sanction for

17 discovery noncompliance. *See, e.g.*, *Rapp v. NaphCare*, No. 3:21-cv-05800-DGE, 2023

18 U.S. Dist. LEXIS 186604 (W.D. Wash. Oct. 17, 2024) (Estudillo, J.) (awarding fees

19 based on a fee petition that followed the sanctions order awarding fees).

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 14
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## V. CONCLUSION

Picciano requests that this Court remedy Wellpath's and NaphCare's violation of this Court's order by entering an adverse determination that they are recipients of federal financial assistance subject to section 504, and by awarding fees that Picciano incurred as a result of their discovery noncompliance.

Dated this 28th day of March 2023

Respectfully submitted,

| | |
|---|---|
| s/ Marielle Maxwell<br>Conrad Reynoldson, WSBA #48187<br>Marielle Maxwell, WSBA # 54957<br>Washington Civil & Disability Advocate<br>4115 Roosevelt Way NE, Suite B<br>Seattle, WA 98105<br>Tel.: (206) 428-3558<br>Tel.: (425) 466-7822<br>Marielle@wacda.com<br>Conrad@wacda.com | I certify that this memorandum contains 3,707 words, exclusive of footers, captions, tables of contents, tables of authorities, signature blocks, and certificates of service in compliance with the Local Civil Rules. |
| Mary C. Vargas, *pro hac vice*<br>Michael S. Stein, *pro hac vice*<br>Stein & Vargas, LLP<br>10 G Street NE, Suite 600<br>Washington, DC 20002<br>Tel.: 240-793-3185<br>Fax: 888-778-4620<br>Mary.Vargas@steinvargas.com<br>Michael.Stein@steinvargas.com | Charles Weiner, *pro hac vice*<br>Law Office of Charles Weiner<br>Cambria Corporate Center<br>501 Cambria Avenue<br>Bensalem, PA 19020<br>Tel: (267)685-6311<br>Fax: (215)604-1507<br>charles@charlesweinerlaw.com |

*Attorneys for Plaintiffs*

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 15
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date below, I filed the above with the court's ECF system, which sent notice of the electronic filing of the proceeding document to all following attorneys of record and assistants in this proceeding:

| Attorneys and Staff | Counsel for | Email Address |
|---|---|---|
| John E. Justice, WSBA #23042<br>Tam Truong<br>Tod Monroe | Clark County and Clark County Jail | jjustice@lldkb.com<br>tam@lldkb.com<br>Tmonroe@lldkb.com |
| David A. Perez, WSBA# 43959<br>Zachary E. Davison, WSBA# 47873<br>Michelle L. Maley, WSBA# 51318<br>Mason Y. Ji, WSBA# 58292<br>June Starr<br>Katrina Harbaugh<br>Rachel Hand<br>Carla Bone | NaphCare, Inc. | DPerez@perkinscoie.com<br>ZDavison@perkinscoie.com<br>MMaley@perkinscoie.com<br>Mji@perkinscoie.com<br>JStarr@perkinscoie.com<br>KHarbaugh@perkinscoie.com<br>RHand@perkinscoie.com<br>CBone@perkinscoie.com |
| Jerome R. Aiken, WSBA #14647<br>Pardies Roohani, WSBA #55452<br>Sheri A. Jones<br>Leslie Van Guse | Defendant Wellpath, LLC | aiken@mftlaw.com<br>roohani@mftlaw.com<br>jones@mftlaw.com<br>vanguse@mftlaw.com |

DATED this 28th day of March 2023

*/s/Marielle Maxwell*
Marielle Maxwell
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
206-428-3172

Plaintiff's Motion for Sanctions Against Wellpath and NaphCare- 16
No. 3:20-cv-06106-DGE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172