THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAVEN PICCIANO,

               Plaintiff,

     vs.

CLARK COUNTY, CLARK COUNTY JAIL,
WELLPATH, LLC, and NAPHCARE, INC.,

               Defendants.

NO.  3:20-cv-06106-DGE

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

**NOTE ON MOTION CALENDAR: Friday, May 3, 2024**

**WITHOUT ORAL ARGUMENT**

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 1

Cause No.: 3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.  MOTION

Clark County and the improperly named Clark County Jail, by and through their attorney of record, move this Court pursuant to Fed. R. Civ. P. 56 for an order of partial summary judgment.[1]

## II.  FACTS

Mr. Picciano was booked into the Clark County Jail on January 30, 2020.  He was charged with Unlawful Imprisonment, Assault IV-DV, and Malicious Mischief DV (MAL MISCHIEF GREATER THAN $50.00 -DV).  *Beltran Dec.*, ex. 1.  He was initially placed on suicide watch, but released from watch the next day, January 31, 2020.  *Id.*   During the intake assessment Mr. Picciano stated that he had celiac disease.  *Id.*

The Jail's medical provider was required to order a medical diet for any inmate that needs a specialized diet for medical reasons, including a modified diet due to celiac disease. *Id.,* ex. 2 and 3.  The Jail does not provide medically indicated diets unless told to do so by its contracted medical provider.  *Id.*  The Jail's Kitchen provides a "wheat free" diet for persons prescribed a "gluten free" diet by medical unless told to do otherwise by medical.  *Id.*  The Jail's kitchen was notified by its contracted medical provider, to start Mr. Picciano on a gluten free diet on or about 2/9/20.  *Id.*  The Kitchen started Mr. Picciano on his medically ordered diet beginning with lunch on 2/9/20.  *Id.*, ex. 4.

The Jail's kitchen provides medically ordered diets as soon as ordered by medical and can do so immediately if told to do so by medical.  *Justice Dec.*, ex. 1, pg. 23.  The kitchen also had practices in place to avoid cross-contamination during the preparation of medical diets.

---

[1] This motion does not address plaintiffs' state law claims for negligence against Clark County.

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 2

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

*Justice Dec.*, ex. 1, pg. 70-71; 78-79. If an inmate requested a copy of food labels to see what the ingredients were for the food on their plate, the Kitchen would provide those. *Id.*, pg. 105. The medically ordered diet was continuously prepared and provided for Mr. Picciano until he was released from custody on February 20, 2020. *Beltran Dec.*, ex. 5. Mr. Picciano failed to completely exhaust the level 3 grievance process and his administrative remedies related to his complaints about his diet prior to his release. *Id.*, ex. 6.

Plaintiff's operative complaint alleges that he has celiac disease, requiring a strict gluten free diet. Dkt. 43, pg. 5, ¶ 12. He alleges that he was not served a strict gluten free diet while in the Clark County Jail between January 30, 2020 and February 20, 2020. Dkt. 43, pp. 6-8. Mr. Picciano claims that, as a result of his lack of a strict gluten free diet at the Clark County Jail between January 30, 2020 and February 20, 2020, he suffered various physical injuries. *Id.*, pg. 14, ¶ 74.

The plaintiffs' Second Amended Complaint (SAC) alleges the following causes of action against Clark County based on these allegations:

1. Title II of the ADA;

2. Section 504 of the Rehabilitation Act;

3. 42 U.S.C. § 1983 – Fourteenth Amendment;

4. Washington Law Against Discrimination;

5. Negligence;

6. Negligent Infliction of Emotional Distress;

7. Outrage;

8. Battery;

9. Negligent Misrepresentation;

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 3

Cause No.: 3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

10.      Intentional Misrepresentation;

11.      Breach of Express Warranty;

12.      Breach of Implied Warranty of Merchantability;

13.      Breach of Implied Warranty:  Fitness for a Particular Purpose;

Dkt. 43, pp. 15-31.

### III.  LAW AND ARGUMENT

#### A.  Standards on Summary Judgment.

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  Under FRCP 56(c), summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . .  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." 477 U.S. at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but   . . . must set forth specific facts showing that there is a genuine issue for trial." 477 U.S. at 248, *quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968) (emphasis added.)  When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 4

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1    there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*,

2    263 F.3d 1070, 1076 (9th Cir. 2001). *See also Fairbank v. Wunderman Cato Johnson*, 212 F.3d

3    528, 532 (9th Cir.2000) (holding that the *Celotex* "showing" can be made by "pointing out

4    through argument--the absence of evidence to support plaintiff's claim").

5         **B.    Plaintiff did Not Completely Exhaust his Available Administrative
6              Remedies.**

7         The PLRA provides: "[n]o action shall be brought with respect to prison conditions

8    under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other

9    federal law, by a prisoner confined in any jail … until such administrative remedies as are

10   available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted 42 U.S.C. § 1997e(a) to reduce

11   the quantity and improve the quality of prisoner lawsuits. *Porter v. Nussle*, 534 U.S. 516, 524,

12   122 S. Ct. 983, 152 L.Ed.2d 12 (2002). By mandating exhaustion, Congress enabled corrections

13   officials to address prisoner complaints internally, often resulting in correction of

14   administrative problems, filtering out frivolous claims, and ultimately creating a clear record of

15   the controversy. *Id.* at 525. Where exhaustion was once discretionary, it is now mandatory. *Id.*

16   "All 'available' remedies must now be exhausted; those remedies need not meet federal

17   standards, nor must they be 'plain, speedy, and effective.'" *Id.* (quoting *Booth v. Churner*, 532

18   U.S. 731, 739 (2001)). *Porter* thus held that "§ 1997e(a)'s exhaustion requirement applies to all

19   inmates seeking redress for prison circumstances or occurrences." *Id.* at 520.

20        In this case, Clark County provides a grievance system that allows two levels of

21   grievance review if the inmate is unsatisfied with the level one grievance response. *Justice*

22   *Dec.*, ex. 1. According the Jail's records, plaintiff did not exhaust the level 3 jail grievance

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 5

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

process related to his complaints of not receiving a gluten free diet.  *Beltran Dec.*, *Justice Dec.*, ex. 2.

Because plaintiff did not exhaust his administrative remedies, his federal causes of action should be dismissed.

### C.    Plaintiff cannot Establish Intentional Discrimination under Title II of the ADA.

To prove a public entity violates Title II of the ADA, an individual must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. *Simmons v. Navajo Cnty, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). The ADA recognizes both disparate treatment and disparate impact theories of discrimination. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). The requirements to show a violation of the RA are substantially similar to the ADA requirements. *See, e.g., Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 n.3 (9th Cir. 1995); *Wright v. N.Y. State Dep't of Corr.,* 831 F.3d 64, 72-73 (2d Cir. 2016) (applying the same standard); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (same).

In order to seek monetary damages, Plaintiff must allege intentional discrimination by the entity under the "deliberate indifference" standard. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon ... the likelihood." *Id.* at 1139.

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 6

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1  This standard is not met "where a duty to act may simply have been overlooked," but rather "a

2  failure to act must be a result of conduct that is more than negligent." *Id.; see also Germaine-*

3  *McIver v. Cty. of Orange*, No. SACV 16-01201-CJC (GJS), 2018 WL 6258896, at *13 (C.D. Cal.

4  Oct. 31, 2018).

5        In this case, the plaintiff alleges he notified the Jail at intake that he had celiac disease

6  and was not provided a "strict gluten free diet" throughout his custody.  The County's Jail had a

7  policy that relied on its medical contractor to order medically necessary diets, which included

8  plaintiff's situation.  According to the Jail's records, plaintiff was provided a wheat free diet once

9  it was ordered by medical, and that continued until he was released from the Jail.  *Beltran Dec.*.

10 Plaintiff cannot establish that the County knew that having such a policy was substantially likely

11 to result in harm to a federally protected right and failed to act upon that likelihood.  In fact, here

12 is no evidence that this policy had resulted in prior harm to a federally protected right or that it

13 was inconsistent with jail industry standards.  To the extent plaintiff claims that the Jail provided

14 him with meals containing gluten after the medical order was provided, there is no evidence that

15 this was anything more than alleged negligence or that it was a deliberate choice by the County.

16       Further, there is no evidence that the plaintiff was denied a "strict gluten free diet"

17 *because of* his alleged disability.  *Cannon v. Eleby*, 187 F.3d 634 (6th Cir. 1999) (mere allegations

18 of inadequate medical care do not raise a viable discrimination claim); *See Simmons v. Navajo*

19 *County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to

20 attend to medical needs of disabled prisoners), *overruled on other grounds by Castro v. County*

21 *of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

22

23

24

25

26

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 7

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1

2

**D.     Plaintiff cannot Establish Intentional Discrimination under Section 504 of the Rehabilitation Act.**

3

4

5

6

7

8

9

10

11

To state a claim of disability discrimination under Section 504 of the Rehabilitation Act, plaintiff must show that "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability" and prove that "the program receives federal financial assistance." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737–38 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

To recover compensatory damages under the Rehabilitation Act, a plaintiff must establish that the discrimination at issue was intentional. *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citing *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1152–53 (10th Cir. 1999)). "Intentional discrimination does not require a showing of personal ill will or animosity toward the disabled person; rather, 'intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights.'" *Id.* (quoting *Powers*, 184 F.3d at 1153). To establish deliberate indifference, a plaintiff must show (1) that the defendant had "knowledge that a harm to a federally protected right [was] substantially likely, and (2) a failure to act upon that ... likelihood." *Barber*, 562 F.3d at 1229 (internal quotations omitted) (quoting *Duvall*, 260 F.3d at 1139); *see also Ulibarri v. City & Cty. of Denver*, 742 F. Supp. 2d 1192, 1212 (D. Colo. 2010).

26

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 8

Cause No.: 3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

1    For the same reasons stated above under the ADA argument, plaintiff cannot sustain a

2    Rehabilitation Act claim. *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 and n.11 (9th

3    Cir. 1999) (listing elements of a prima facie claim under the Rehabilitation Act; "There is no

4    significant difference in analysis of the rights and obligations created by the ADA and the

5    Rehabilitation Act.").

6

### E.    Plaintiff Cannot Establish Municipal Liability under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment.

7

8    Municipal liability under 42 U.S.C. § 1983 is not established by the employment

9    relationship between a municipality and its employees under a theory of respondeat superior.

10

11   *Monell v. N.Y. City Dept. of Soc. Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978):

12       [A] local government may not be sued under § 1983 for any injury inflicted solely
         by its employees or agents. Instead, it is when execution of a government's policy
13       or custom, whether made by its lawmakers or by those whose edicts or acts may
         fairly be said to represent official policy, inflicts the injury that the government
14       as an entity is responsible under § 1983.

15   To "impose *Monell* liability on their municipality under Section 1983, plaintiffs must

16   prove: (1) [plaintiff] had a constitutional right of which he was deprived; (2) the municipality

17

18   had a policy; (3) *the policy amounts to deliberate indifference to his constitutional right*; and

19   (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon v. Couny of*

20   *Orange*, 6 F.4th 961 (2021), *quoting, Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

21   2011) (emphasis added).

22       ### 1.    Constitutional Provision and Standard for Liability.

23   In any claim brought under 42 U.S.C. § 1983, the constitutional provision or federal

24   statutory right allegedly violated must be identified. *Albright v. Oliver,* 510 U.S. 266, 271, 114

25   S.Ct. 807 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides

26

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 9

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1    'a method for vindicating federal rights elsewhere conferred. . . The first step in any such claim

2    is to identify the specific constitutional right allegedly infringed." (internal citation omitted))

3    The Fourteenth Amendment applies to plaintiff's allegations of not receiving proper medical

4    care.² *See, e.g., Gordon v. County of Orange, et al.,* 888 F.3d 1118 (9th Cir. Apr. 30, 2018).

5    The elements of a pretrial detainee's Fourteenth Amendment medical care claim are as

6    follows:

7

8        (i) the defendant made an intentional decision with respect to the conditions under
         which the plaintiff was confined; (ii) those conditions put the plaintiff at
9        substantial risk of suffering serious harm; (iii) the defendant did not take
         reasonable available measures to abate that risk, even though a reasonable officer
10       in the circumstances would have appreciated the high degree of risk involved—
         making the consequences of the defendant's conduct obvious; and (iv) by not
11       taking such measures, the defendant caused the plaintiff's damages.

12    *Gordon, supra,* 888 F.3d at 1125.

13    "With respect to the third element, the defendant's conduct must be objectively

14    unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each

15    particular case.' " *Id., quoting, Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 *(9th Cir.*

16    *2016).* The " 'mere lack of due care by a state official' does not deprive an individual of life, liberty,

17    or property under the Fourteenth Amendment." *Id.* Thus, the plaintiff must "prove more than

18    negligence but less than subjective intent—something akin to reckless disregard." *Id.*

19    The fourth element, causation, requires actual and proximate cause. *Leer v. Murphy*, 844

20    F.2d 628, 634 (9th Cir. 1988). Even in analyzing § 1983 claims, the Court looks to traditional tort

21

22

23

24

25   _____
     ² Because Plaintiff was a pretrial detainee, his rights derive from the due process clause of the Fourteenth
     Amendment rather than the Eighth Amendment. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68
26   (9th Cir. 2016).

**DEFENDANT CLARK COUNTY'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND**
**MEMORANDUM IN SUPPORT** – 10

**Cause No.: 3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1   law to determine causation, including whether intervening causes have broken the chain of

2   proximate causation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

3                   **2.    Municipal Liability under *Monell* for an alleged Constitutional**

4                           **Violation.**

5           If the plaintiff attempts to impose municipal liability under § 1983 on Clark County based

6   entirely on a single incident, he must demonstrate that the incident "was caused by an existing

7   ***unconstitutional municipal policy***, which policy can be attributed to a municipal policy

8   maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427 (1985).  In the absence of

9   an existing unconstitutional policy, "considerably more proof than the single incident will be

10  necessary in every case to establish both requisite fault on the part of the municipality, and the

11  causal connection between the 'policy' and constitutional deprivation." *Id.*  any complaint by

12  Plaintiff that a County employee departed from its Constitutional policies does not give rise to a

13  viable *Monell* claim. *See, e.g., Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1214

14  (C.D. Cal. 2005)("[W]ith respect to the *Monell* claim against Los Angeles County, the motion

15  [for summary judgment] is granted. Plaintiff has presented no evidence that Det. Bravo's actions

16  reflect any custom, policy, practice or procedure of Los Angeles County, and, indeed, the record

17  contains evidence that Det. Bravo's violation of established policies and practices of the Sheriff's

18  Department contributed to the Constitutional deprivations alleged in this case."); *Hernandez v.*

19  *City of Corpus Christi*, 820 F. Supp. 2d 781, 811 (S.D. Tex. 2011)("There is simply no evidence

20  that the City somehow excused Smith from complying with its antidiscrimination policies. If

21  anything, Plaintiff's arguments demonstrate that Smith failed to act in accordance with City

22  policy, not that official City policy is itself to blame.")

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 11

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

As in *Gordon*, plaintiff cannot establish *Monell* liability against Clark County because he cannot establish that the Clark County Jail had an unconstitutional policy or practice that was deliberately indifferent to plaintiff's constitutional rights and was a moving force behind the constitutional violation.

In *Gordon,* for example, a pretrial detainee died in jail custody due to alleged inadequate medical care. *Gordon v. County of Orange, et al.,* 6 F.4th 961 (9th Cir. 2021).[3] The detainee, Matthew Gordon, was admitted to the general population after booking and had an identification card that stated "Medical Attention Required." *Id*. at 966. Plaintiffs alleged two of the cell checks performed on Gordon violated the law. Significantly, California state law provided that "[a] sufficient number of personnel shall be employed in each local detention facility to conduct at least hourly safety checks of inmates through *direct visual observation* of all inmates." 15 C.C.R. § 1027 (effective September 19, 2012) (emphasis added). *Id*. The Jail's policy required that staff "will conduct safety checks from a location which provides a clear, *direct view* of each inmate"; "observe each inmate's presence and apparent condition and investigate any unusual circumstances or situations"; and "pay special attention to areas with low visibility." *Id*. at 967 (emphasis added).

Regarding the municipal liability claim for the alleged inadequate cell checks, the plaintiffs argued that the Jail's policy of "a low-visibility safety check resulted in the provision of inadequate medical care." However, the Court affirmed summary judgment for the County on the *Monell* claim, because:

---

[3] This is the opinion following remand from an earlier appeal, 888 F.3d 1118 (2018) cited, *supra*. This opinion following remand did not alter the test for a denial of adequate medical care under the Fourteenth Amendment set forth in the Court's 2018 opinion.

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 12

**Cause No.: 3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

plaintiff did not identify any other instance [in which]. . . a low-visibility safety check resulted in the provision of inadequate medical care." Generally, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Where no argument exists that the express policies themselves were unconstitutional, plaintiff was required to produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."). However, the record lacks evidence of any other event involving similar conduct or constitutional violations and plaintiff's reference to the subsequent changes to operating procedures is insufficient.

Clark County Jail's medical diet policy has not been shown to be expressly unconstitutional. Plaintiff will argue that the Jail staff should immediately start medical diets without first having ordered by the medical provider. The Jail's kitchen *can* start a medical diet immediately if ordered by medical. *Justice Dec.*, ex. 1, pg. 23. However, no case has held that the Constitution requires non-medically trained Jail staff provide diets that are for a medical reason without first receiving an order from a medical provider. *See, Gordon*, supra, 6 F.4th at 972, (in opinion dated July, 2021 "we are not aware of any precedent expressly recognizing a detainee's right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment.")

As a result, plaintiff cannot establish, as a matter of law, "that plaintiff had a constitutional right of which he was deprived" or that the Jail's policies or practices "amount[] to deliberate indifference to his constitutional right." *See, Tuttle*, *supra* 471 U.S. at 824 (In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation.") Nor has plaintiff

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 13

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1   presented evidence "of other event[s] involving similar conduct or constitutional violations" at

2   the Clark County Jail due to the existing policy.

3       Plaintiffs' *Monell* claims based on the Fourteenth Amendment for denial of adequate

4   medical care and inhumane conditions of confinement under the Fourteenth Amendment

5   should be dismissed on summary judgment because plaintiff cannot establish an

6   unconstitutional policy caused his deprivation.

7

8       **F.    Plaintiff's RCW 49.60 Claim Fails Because there is No Evidence his treatment was Motivated by his Disability.**

9

10      Washington's Law Against Discrimination (WLAD) provides a right to be free from

11  discrimination based on race and a "right to the full enjoyment of any of the accommodations,

12  advantages, facilities, or privileges of any place of public resort, accommodation, assemblage,

13  or amusement." RCW 49.60.030(1)(b). The law prohibits such discrimination in a place of

14  public accommodation. *See* RCW 49.60.215.  Further, an action for discrimination under RCW

15  49.60.215 requires a showing that the unequal treatment was *motivated* by [the disability]."

16      Assuming for purposes of this motion that the WLAD applies to the Jail's meal service

17  and that plaintiff has a disability, there is no evidence that the diet provided to plaintiff was

18  motivated by his disability.  Summary judgment should therefore be granted on plaintiff's

19  RCW 49.60 claim.  *McKinney v. City of Tukwila*, 103 Wn. App. 391, 410, 13 P.3d 631, 642

20  (2000) (Summary judgment granted and affirmed because plaintiffs "have not presented any

21  evidence to show that the officers' conduct was motivated by race.")  *See, also, Briscoe v. City

22  of Seattle*, 483 F.Supp.3d 999, 1016 (W.D. WA 2020) (Summary judgment granted on RCW

23  49.60 claim that use of force was racially discriminatory because "plaintiffs have not presented

24  "affirmative evidence" based on which a rational trier of fact could find that race was a

25

26

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 14

Cause No.:  3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

1  "substantial factor" in the disparate ways in which Taylor and the other occupants of the Ford

2  Taurus were treated.")

3  **G.** **Negligent Infliction of Emotional Distress Requires Objective**

4  **Symptomatology.**

5  Under Washington law, a plaintiff may recover for negligent infliction of emotional

6  distress if he proves negligence and objective symptomatology. *Strong v. Terrell*, 147 Wn. App.

7  376, 387, 195 P.3d 977 (2008). As indicated above, a showing of negligence requires a duty,

8  breach of the standard of care, proximate cause and damages. *Hutchins v. 1001 Fourth Avenue*

9  *Associates*, 116 Wn.2d 217, 802 P.2d 1360 (1991*); see Strong*, 147 Wn. App. at 387 (indicating

10  elements would be required for negligent infliction of emotional distress).  Plaintiff has not

11  provided any evidence that he has suffered emotional distress by objective symptomatology

12  susceptible to medical diagnosis.  Therefore, this claim is subject to summary judgment.

13

14  **H.    The Evidence Does Not Support A Claim For the Tort of Outrage.**

15  First recognized by the Washington Supreme Court in 1975, intentional infliction of

16  emotional distress is also known as the tort of "outrage." *Grimsby v. Samson*, 85 Wash.2d 52,

17  530 P.2d 291 (1975). Although it has been recognized as a distinct cause of action under

18  Washington common law, the Washington Supreme Court has held that recovery for outrage

19  should be allowed only in the absence of other tort remedies. *Rice v. Janovich*, 109 Wash.2d 48,

20  742 P.2d 1230 (1987) (holding that the trial court erred in instructing the jury on both assault

21  and the tort of outrage regarding the same conduct, because doing so allowed the possibility of

22  double-recovery). The Washington Supreme Court has summarized the elements of the tort of

23  outrage as follows: 1) extreme and outrageous conduct; 2) intentional or reckless infliction of

24  emotional distress; and 3) actual result to the plaintiff of severe emotional distress.  *Birklid v.*

25

26

**DEFENDANT CLARK COUNTY'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND**
**MEMORANDUM IN SUPPORT** – 15

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1    *Boeing Co.*, 127 Wash.2d 853, 867, 904 P.2d 278 (1995) (quoting *Rice*, 109 Wash.2d at 61). *See*

2    *also Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989). The conduct in question must

3    be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

4    decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (citing

5    *Grimsby*, 85 Wn.2d at 59).

6

7         Courts play an important screening role in determining whether reasonable minds could

8    differ on whether the conduct at issue was sufficiently extreme to justify liability. *Corey v. Pierce*

9    *Cnty.*, 154 Wash. App. 752, 763-64, 225 P.3d 367 (2010); *Jackson v. Peoples Fed. Credit Union*,

10   25 Wash. App. 81, 84 (1979).  Dismissal is appropriate where the court determines that

11   reasonable minds could not differ on whether the conduct at issue was extreme or outrageous.

12   *Dicomes*, 113 Wash.2d at 630.

13

14        The facts alleged by plaintiff do not meet this high standard. Clark County did not engage

15   in any conduct that was "extreme or outrageous" by waiting for medical to order plaintiff's

16   medical diet.

17        **I.    There is no Evidence Clark County Caused Intentional Harmful or**
          **Offensive Bodily Contact with Plaintiff to Support a Battery.**

18

19        A battery is the intentional infliction of harmful or offensive bodily contact with the

20   plaintiff. *Morinaga v. Vue,* 85 Wash.App. 822, 834, 935 P.2d 637 (1997). More specifically, a

21   battery is " '[a] harmful or offensive contact with a person, resulting from an act intended to

22   cause the plaintiff or a third person to suffer such contact.' " *McKinney v. City of Tukwila,* 103

23   Wash.App. 391, 408, 13 P.3d 631 (2000) (alteration in original) (quoting W. Page Keeton et al.,

24   Prosser and Keeton on the Law of Torts § 9, at 39 (5th ed. 1984)). "A bodily contact is offensive

25   if it offends a reasonable sense of personal dignity." Restatement (Second) of Torts § 19 (1965).

26

**DEFENDANT CLARK COUNTY'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND**
**MEMORANDUM IN SUPPORT  – 16**

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1  For there to be intent to cause harmful or offensive contact, " 'the act must be done for the

2  purpose of causing the contact ... or with knowledge on the part of the actor that such contact

3  ... is substantially certain to be produced.' "*Garratt v. Dailey,* 46 Wash.2d 197, 201–02, 279

4  P.2d 1091 (1955) (quotingRestatement of Torts § 13, cmt. d (1934)). Significantly, the requisite

5  intent for battery is the intent to cause the contact, not the intent to cause injury. *Garratt,* 46

6  Wash.2d at 201–02, 279 P.2d 1091.

7

8       In this case, Clark County provided food to the plaintiff and switched him to a wheat

9  free diet in accordance with the medical providers order.  There is no evidence it ever

10  intentionally deceived the plaintiff into eating food that would cause harm.  *See, e.g., Kumar v.*

11  *Gate Gourmet, Inc.*, 180 Wn.2d 481, 505 (2014).

12      **J.    Negligent Misrepresentation Does not Apply to a Jail's Provision of**
          **Meals.**
13

14       Under Washington law, a plaintiff claiming negligent misrepresentation must prove by

15  clear, cogent, and convincing evidence that (1) the defendant supplied information for the

16  guidance of another in his or her business transactions, (2) the information was false, (3) the

17  defendant knew or should have known that the information was supplied to guide the plaintiff

18  in his or her business transactions, (4) the defendant was negligent in obtaining or

19  communicating the false information, (5) the plaintiff relied on the false information, (6) the

20

21  plaintiff's reliance was reasonable, and (7) the false information proximately caused the

22  plaintiff damages. *Ross v. Kirner,* 162 Wash.2d 493, 499, 172 P.3d 701 (2007).

23       Here, the plaintiff did not receive guidance of Clark County regarding a business

24  transaction.  This cause of action is inapplicable to plaintiff's claims as a matter of law and

25  should be dismissed on summary judgment.

26

**DEFENDANT CLARK COUNTY'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT AND**
**MEMORANDUM IN SUPPORT** – 17

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

**K.      Plaintiff Cannot Establish Intentional Misrepresentation.**

To establish a claim for intentional misrepresentation, a plaintiff must establish by clear and convincing evidence:  (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon the representation, and (9) damages suffered by the plaintiff.  *W. Coast, Inc. v. Snohomish County,* 112 Wn.App. 200, 206, 48 P.3d 997 (2002) (citing *Stiley v. Block,* 130 Wn.2d 486, 505, 925 P.2d 194 (1996)); *see also Poulsbo Grp., LLC v. Talon Dev., LLC,* 155 Wn.App. 339, 345–46, 229 P.3d 906 (2010).

Plaintiff has not presented clear and convincing evidence that the County knowingly represented false information to the plaintiff or authority that this cause of action applies to a Jail's provision of food to its inmates.

**L.      Clark County Cannot Be Liable For Breach Of Express Warranty – RCW 7.72.030 Because It Is Not A Product Seller.**

Clark County is not a product manufacturer  or seller because there is no evidence it sold any food to plaintiff.  A "manufacturer" is any *seller* of the product who "designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product *before its sale to a user or consumer*." RCW 7.72.010(2).  The act defines "product seller" as any person or entity that is "engaged in the business of selling products." RCW 7.72.010(*l* ).  The act also does not apply to service providers.  RCW 7.72.010(1)(b).  Here, Clark County does not offer its food for sale to the public at large.

In *Howell v. Spokane & Inland Empire Blood Bank,* 114 Wash.2d 42, 785 P.2d 815 (1990), the court addressed the question whether a hospital's sale of blood for transfusion was

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** **– 18**

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

a service or the sale of a product under the common law. Relying on *Gile v. Kennewick Pub. Hosp. Dist.,* 48 Wash.2d 774, 781, 296 P.2d 662, 59 A.L.R.2d 761 (1956), the court held that the transaction was a service, not the sale of a product. The court quoted from *Gile:*

> [T]he contractual relationship between a hospital and a patient is not one of sale but is one of service; that during treatment in the hospital penicillin, casts, bandages, or blood, for which additional charges are made, may be transferred from the hospital to the patient; and yet the *transfer is an incidental feature of the transaction and not a sale.*

*Howell,* 114 Wash.2d at 52, 785 P.2d 815 (quoting *Gile,* 48 Wash.2d at 781, 296 P.2d 662) (emphasis added).

Furthermore, "[[O]ne who enters a hospital as a patient] goes there, not to buy medicine or pills, not to purchase bandages or iodine or serum or blood, but to obtain a course of treatment in the hope of being cured...." *Gile,* 48 Wash.2d at 781, 296 P.2d 662 (quoting *Perlmutter v. Beth David Hosp.,* 308 N.Y. 100, 107, 123 N.E.2d 792 (1954)) (alteration in original).

A Jail detainee is in an analogous position to a hospital patient in terms of the provision of food during custody.  They are not buying a product from the Jail's kitchen.  They are provided food in the course of their custody.  RCW 7.72.030 does not apply to person's in custody at the Clark County Jail.  Summary judgment should be granted on this claim.

**M.    Clark County Cannot Be Liable for Breach of Implied Warranty of Merchantability – RCW 62A-2-314.**

Unless excluded or modified (RCW 62A.2-316), a warranty that the goods shall be merchantable is implied in a *contract for their sale* if the seller is a merchant with respect to goods of that kind.  Clark County is not a food merchant and does not sell food from its kitchen

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** **– 19**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

**Cause No.:  3:20-cv-06106-DGE**

to those in custody.  This statute is inapplicable to a Jail's provision of food to its inmates, which is not sold pursuant to a contract with an inmate.  *See, e.g., Gile v. Kennewick Public Hospital Dist.*, 48 Wn.2d 774 (1956) (Breach of implied warranty inapplicable to blood transfusion at a Hospital.)  Summary judgment should be granted on this claim.

**N.    Clark County Cannot Be Liable for Breach of Implied Warranty: Fitness for a Particular Purpose – RCW 62A-2-315.**

In order to bring a cause of action under RCW 62A-2-315, there must be contractual privity between a product seller and a product purchaser.  *Chance v. Richards Mfg. Co.,* 499 F.Supp. 102, 104 (E.D. WA 1980).  This statute does not apply to the provision of food to Jail inmates.  Summary judgment should be granted on this claim.

**O.    The Clark County Jail is not a Proper Defendant and Should be Dismissed.**

Regardless of the outcome of this motion on the merits, the Clark County Jail should be dismissed as a defendant.  A County Jail is not separate entity for purposes of suit. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *cf. *916 Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (county sheriff's office is a non-jural entity); *see also Medrano v. City of Phoenix*, No. 1 CA-CV 13-0484, 2014 WL 5494931, at *1 n.4 (Ariz. Ct. App. Oct. 30, 2014) ("[b]ecause it is a non-jural entity that cannot be sued, the Phoenix Police Department was dismissed as a putative party").  The same is true under Washington state law. *Foothills Dev't v. Clark Cnty. Bd. of Cnty. Comm'rs*, 46 Wn. App. 369, 377, 730 P.2d 1369 (1986) (claims against Board of County Commissioners dismissed because Board was not a separate entity that had the capacity to be sued); *Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only

**DEFENDANT CLARK COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** **– 20**

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1  legal entity capable of suing and being sued.").  The Clark County *Jail* should therefore be

2  dismissed as a separate defendant.

3                                   **IV.  CONCLUSION**

4          For the foregoing reasons, Clark County defendants respectfully request that the motion

5  for partial summary judgment be granted.

6          Dated this 11th day of April, 2024.

7

8                                                    LAW, LYMAN, DANIEL, KAMERRER
                                                     & BOGDANOVICH, P.S.
9

10                                                   */s/ John E. Justice*

11                                                   _____
                                                     John E. Justice, WSBA #23042
12                                                   Attorney for Defendant Clark County Jail and
                                                     Clark County
13                                                   P.O. Box 11880, Olympia, WA 98508
                                                     Phone:  (360) 754-3480 Fax: 360-754-3480
14                                                   Email: jjustice@lldkb.com

15                                                   I certify that this memorandum contains 5,973
                                                     words , in compliance with the Local Civil
16                                                   Rules.

17

18

19

20

21

22

23

24

25

26

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT**  – 21

**Cause No.:  3:20-cv-06106-DGE**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1

**CERTIFICATE OF FILING & SERVICE**

2

I certify under penalty of perjury under the laws of the United States of America and the

3

State of Washington that on the date specified below, I electronically filed the foregoing with

4

the Clerk of the Court using the CM/ECF system, which constitutes service on the following

5

parties under LCR 5 as follows:

6

7    *Counsel for Plaintiff*
Conrad Reynoldson

8    Marielle Maxwell
Washington Civil & Disability Advocate

9    4115 Roosevelt Way NE, Suite B
Seattle, WA 98105

10   conrad@wacda.com
marielle@wacda.com

11

12   Mary C. Vargas
Michael Stein

13   STEIN & VARGAS, LLP
10 G STREET NE, SUITE 600

14   WASHINGTON, DC 20002
mary.vargas@steinvargas.com

15   michael.stein@steinvargas.com

16   Charles Weiner

17   charles@charlesweinerlaw.com

18

19

20

21

22

23

24

25

26

*Counsel for WellPath, LLC*
Jerome Aiken
Pardies Roohani
Meyer, Fluegge & Tenney, P.S.
230 S 2nd St Ste 101
Yakima, WA 98901-2865
aiken@mftlaw.com
roohani@mftlaw.com

*Counsel for NaphCare, Inc.*
David A. Perez
Zachary E. Davison
Michelle L. Maley
Mason Y. Ji
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
DPerez@perkinscoie.com
ZDavison@perkinscoie.com
MMaley@perkinscoie.com
MJi@perkinscoie.com

DATED this 11th day of April, 2024, at Tumwater, WA.

*/s/ Tam Truong*

_____
Tam Truong, Legal Assistant

**DEFENDANT CLARK COUNTY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT** – 22

Cause No.: 3:20-cv-06106-DGE

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511