UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAVEN PICCIANO,<br><br>                Plaintiff,<br>    v.<br><br>CLARK COUNTY, CLARK COUNTY JAIL, WELLPATH, LLC, and NAPHCARE, INC.,<br><br>                Defendant. | CASE NO. 3:20-cv-06106-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 171) |

This matter comes before the Court on Plaintiff Gaven Picciano's motion for reconsideration (Dkt. No. 171) of this Court's ruling on Defendants' motions for summary judgement (Dkt. No. 167). Plaintiff asserts that the Court erred in dismissing Plaintiff's claims against Defendants Wellpath and Naphcare brought under § 504 of the Rehabilitation Act, Plaintiff's negligence claims against Wellpath and NaphCare, and Plaintiff's *Monell* claim against Wellpath. (Dkt. No. 171 at 1–2.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or

legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Plaintiff's *Monell* argument hinges on a misunderstanding of the relationship between the Court's summary judgment decision on Plaintiff's outrage and *Monell* claims.  Plaintiff asserts that "[t]his Court's holding on the outrage claim [against Wellpath] means he can demonstrate emotional damages on the *Monell* claim."  (Dkt. No. 171 at 3.)  Not so.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."  *Leer v. Murphy*, 844 F.2d 628, 632–633 (9th Cir. 1988).  Thus, Plaintiff was required to show that Wellpath *caused* a violation of his constitutional rights.  *Id*. at 633.  "Mere negligence in the provision of medical care, however, does not constitute a constitutional violation."  *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).  Instead, to make out a deliberate indifference claim based on delays in the provision of a medically necessary diet, a Plaintiff must show harm.  *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).  Demonstrating

constitutionally tortious "harm" is a high bar to clear.  As the Supreme Court has held, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," instead, "to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976).  Accordingly, courts consistently find that "inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation" but *can* serve as the basis of a common law tort claim.  *Tidwell v. Gallagher*, No. CV 14-5072-AG(E), 2017 WL 2801095, *8 (C.D. Cal. Apr. 24, 2017), report and recommendation adopted, No. CV 14-5072-AG(E), 2017 WL 2800859 (C.D. Cal. June 27, 2017), aff'd, 723 F. App'x 520 (9th Cir. 2018).  That is exactly what this Court concluded: Plaintiff failed to provide evidence that Wellpath caused constitutionally tortious harm to Plaintiff but did find that Plaintiff's extreme emotional distress could serve as the basis of a common law outrage claim.  (Dkt. No. 167 at 31.)  Thus, the Court's holding on the outrage claim does not mean that Plaintiff established a constitutional harm for the purposes of *Monell*.

      As for Plaintiff's other arguments, Plaintiff appears to misapprehend the purpose of a motion for reconsideration; it is not an opportunity for litigants to inform the Court that they disagree with the Court's constitutional analysis or methods of statutory interpretation.  As this Court has cautioned, "[n]either the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, *1 (W.D. Wash. Mar. 28, 2012).  Yet Plaintiff devotes the rest of the briefing to rehashing legal arguments that

were rejected by the Court on summary judgement.[1]  Plaintiff also fails to direct the Court towards any newly discovered evidence or suggest that there has been a change in controlling law.

The Court previously considered Plaintiff's assertion that Defendants NaphCare and Wellpath receive federal financial assistance as contemplated by § 504 of the Rehabilitation Act.  The Court concluded that they do not.  (*See* Dkt. No. 167 at 5–10, 25–26.)  Likewise, the Court directly rejected Plaintiff's argument that Defendants owed Plaintiff a duty of care and distinguished its earlier order on Wellpath's motion to dismiss.  (*See Id*. at 22.)  Although "[a] motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly," that is exactly what Plaintiff is requesting the Court do.  *Gaskill,* 2012 WL 13026638 at *1.  It declines to do so.

Accordingly, having considered Plaintiffs's motion and the briefing of the parties, the Court DENIES Plaintiff's motion for reconsideration (Dkt. No. 171).


Dated this 8th day of October, 2024.



David G. Estudillo
United States District Judge

---

[1] The table in NaphCare's reply brief, which compares the language and arguments in Plaintiff's motion for reconsideration with Plaintiff's previous motions, is instructive on this point.  (*See* Dkt. No. 173 at 6–7.)

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 171) - 4