# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
|  | (Jointly Administered) |
| Debtors. | Re Docket No.: 2044 |

## ORDER (I) FURTHER EXTENDING THE AUTOMATIC STAY TO THE NON-DEBTOR DEFENDANTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry a final order, pursuant to section 362(a) of the Bankruptcy Code, further extending the application of the automatic stay to the Non-Debtor Defendants[3] in the Lawsuits,[4] as more fully described in the Motion; and the Court having jurisdiction to consider

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Debtors' Omnibus Reply in Support of Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief* [Docket No. 897] (the "Reply"). If there is any inconsistency between the terms of the Motion or Reply and the terms of this Order, the terms of this Order shall govern and control.

[3] "Non-Debtor Defendants" shall mean any non-Debtor party to a lawsuit wherein (a) the non-Debtor defendant is a beneficiary of an insurance policy of the Debtors and such insurance policy may be responsible for satisfaction of the underlying claim(s), (b) the non-Debtor defendant is the beneficiary of a contractual right of indemnification pursuant to an agreement that the Debtors may assume, (c) there is such an identity of interest that the adjudication of a claim against a non-Debtor defendant may impact the adjudication of a claim against a Debtor, and (d) litigation against such non-Debtor would interfere with the Debtors' restructuring efforts, and shall include specifically, without limitation, (i) the Debtors' current and former employees, (ii) the Professional Corporations and their current and former employees, (iii) H.I.G. Capital L.L.C. or its directors, officers, or current or former employees, (iv) the Debtors' officers and directors, and (v) current customers and clients of the Debtors that have contractual rights to indemnification obligations.

[4] "Lawsuits" shall mean any lawsuit against the Debtors and any lawsuit against a Non-Debtor Defendant, regardless if a Debtor is a named party in the lawsuit, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s).

the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, and at the Hearing establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled, in each case, with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. Pursuant to section 362 of the Bankruptcy Code, the Lawsuits are stayed, and the automatic stay extended, as to the Non-Debtor Defendants, on a final basis until the earlier of: (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) May 7, 2025.

2. For the avoidance of doubt, the Lawsuits implicated by the prior orders listed herein shall remain stayed as to the Non-Debtor Defendants as set forth in paragraph 1 of this Order include:

    a. *Stipulation and Agreed Order Regarding the James A Porrello Lawsuit* [Docket No. 778];

    b. *Stipulation and Agreed Order Regarding Liza Pizarro's Stay Objection* [Docket No. 945];

    c. *Stipulation and Agreed Order Regarding the Marzan Williams' Stay Relief Motion* [Docket No. 1085];

    d. *Stipulation and Agreed Order Regarding the Ryines Lift Stay Motion* [Docket No. 1091];

    e. *Stipulation and Agreed Order Regarding the Shannon Plaintiffs' Objection* [Docket No. 1227];

    f. *Stipulation and Agreed Order Regarding the Johnathan Arnold Lift Stay Motion* [Docket No. 1369];

    g. *Stipulation and Agreed Order Regarding the O'Neal and Capes Lift Stay Motion* [Docket No. 1467];

    h. *Stipulation and Agreed Order Regarding the Hopkins Lawsuit* [Docket No. 1468];

    i. *Supplemental Stipulation and Agreed Order Regarding the Shannon Plaintiffs' Objection* [Docket No. 1469];

    j. *Stipulation and Agreed Order Regarding the Allen Lift Stay Motion* [Docket No. 1472];

    k. *Stipulation and Agreed Order Regarding the Hasna Lift Stay Motion* [Docket No. 1481];

    l. *Final Order (I) Enforcing the Automatic Stay to Lift Stay Movants on a Final Basis, and (II) Granting Related Relief* [Docket No. 1525];

    m. *Order Modifying the Automatic Stay with Respect to the Smith Lawsuit* [Docket No. 1526];

n. *Final Order (I) Enforcing the Automatic Stay in the Salinas Lawsuit on a Final Basis, and (II) Granting Related Relief* [Docket No. 1542];

o. *Final Order (I) Enforcing the Automatic Stay in the Mrozek Lawsuit on a Final Basis, and (II) Granting Related Relief* [Docket No. 1543];

p. *Stipulation and Agreed Order Regarding the Dunlap and Hirte Lift Stay Motion* [Docket No. 1563];

q. *Order Modifying the Automatic Stay* [Docket No. 1589];

r. *Stipulation and Agreed Order Granting Relief from Automatic Stay* [Docket No. 1600];

s. *Stipulation and Agreed Order Regarding the Myers Lift Stay Motion* [Docket No. 1604];

t. *Stipulation and Agreed Order Regarding the Hannah McFadden Lift Stay Request* [Docket No. 1613];

u. *Stipulation and Agreed Order Regarding the Tsinigine Lift Stay Request* [Docket No. 1622];

v. *Stipulation and Agreed Order Regarding the McLaney Lift Stay Motion* [Docket No. 1717];

w. *Stipulation and Agreed Order Regarding the Heath Lift Stay Motion* [Docket No. 1752];

x. *Stipulation and Agreed Order Regarding the Skydecker Lawsuit* [Docket No. 1754];

y. *Final Order (I) Enforcing the Automatic Stay in the Rivera Lawsuit on a Final Basis, and (II) Granting Related Relief* [Docket No. 1767];

z. *Stipulation and Agreed Order Regarding the Harris Lift Stay Motion* [Docket No. 1818];

aa. *Stipulation and Agreed Order Regarding the Cooper Lift Stay Request* [Docket No. 1838];

bb. *Stipulation and Agreed Order Regarding the Crawford Lift Stay Motion* [Docket No. 1839];

  cc. *Stipulated Order Granting Sonya Cypress, as Personal Representative of the State of Aaron Cypress, Ahlena Cypress, and Aaron Cypress, Natural Children of Aaron Cypress' Motion for Relief from the Automatic Stay* [Docket No. 1853];

  dd. *Stipulation and Agreed Order Regarding the Burris Movants Lift Stay Motion* [Docket No. 1893];

  ee. *Stipulation and Agreed Order Regarding the Johnson Lift Stay Motion* [Docket No. 1894];

  ff. *Order (I) Enforcing the Automatic Stay to Lift Stay Movants on a Final Basis, and (II) Granting Related Relief* [Docket No. 1895];

  gg. *Order Modifying and Enforcing the Automatic Stay in the Walker Action* [Docket No. 1910];

  hh. *Order Modifying and Enforcing the Automatic Stay in the Assevero Action* [Docket No. 1911];

  ii. *Order Partially Modifying the Automatic Stay in the Buchanan Action* [Docket No. 1958]; and

  jj. *Order Partially Modifying the Automatic Stay in the Strickland Action* [Docket No. 1991].

3. Nothing in this Order shall supersede or abrogate the findings in any prior Stipulation and Agreed Order interpreting whether particular non-debtors qualify as Non-Debtor Defendants and finding that the automatic stay does not apply to any such non-debtor.

4. Nothing in this Order shall prejudice the right of any creditor to seek relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

5. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry

6. The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

7. The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: May 01, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge